UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND and BOILERMAKER BLACKSMITH NATIONAL PENSION TRUST, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., et al.,<br><br>Defendants. | Case No.: No. 08-CV-8093 (LTS)<br><br>**ECF CASE**<br><br>JOINT MEMORANDUM OF LAW IN FURTHER SUPPORT OF APPOINTING PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI AND THE FUNDS AS CO-LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF CO-LEAD COUNSEL, AND IN OPPOSITION TO APPOINTMENT OF PENSION TRUST FUND FOR OPERATING ENGINEERS AS LEAD PLAINTIFF<br><br>Courtroom: 17C<br>Judge: Hon. Laura Taylor Swain |
| PENSION TRUST FUND FOR OPERATING ENGINEERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., et al.,<br><br>Defendants. | Case No.: 09-CV-6172 (LTS)<br><br>**ECF CASE** |

In accordance with their Stipulation and Proposed Order submitted to the Court on November 30, 2009, Plaintiffs Public Employees' Retirement System of Mississippi ("Mississippi PERS"), New Jersey Carpenters Health Fund ("New Jersey Carpenters") and the Boilermaker Blacksmith National Pension Trust ("Boilermakers," together with the New Jersey Carpenters, the "Funds") respectfully submit this joint memorandum of law in further support of their motions for consolidation, appointment of Lead Plaintiffs and approval of their selection of Lead Counsel, and in reply to the opposition submitted by the Pension Trust for Operating Engineers ("Operating Engineers") and their counsel, Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia").

I.  INTRODUCTION

On November 10, 2009, three movants timely filed a motion to be appointed as lead plaintiff in the above captioned actions (the "Actions") pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (i) Mississippi PERS, by its counsel Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"); (ii) the Funds, by their counsel Cohen Milstein Sellers & Toll, PLLC ("Cohen Milstein"); and (iii) the Policemen's Annuity and Benefit Fund for the City of Chicago ("Chicago PABF") by its counsel Scott+Scott LLP.

On November 30, 2009, Chicago PABF voluntarily withdrew its motion to be appointed Lead Plaintiff in the Actions. Also on November 30, 2009, Mississippi PERS and the Funds agreed to serve as co-lead plaintiffs in the Actions and submitted to the Court a Joint Stipulation and Proposed Order appointing Mississippi PERS and the Funds as Co-Lead Plaintiffs and approving their selection of Bernstein Litowitz and Cohen Milstein as Co-Lead Counsel. It is not contested that Mississippi PERS and the Funds have the largest financial interest in the relief

sought by the Class herein and that they have selected competent counsel to represent them in this action. *See LHB Ins. Brokerage, Inc. v. Citigroup Inc.,* No. 08 Civ. 3095(LTS), 2008 U.S. Dist. LEXIS 105554, at *9-10 (S.D.N.Y June 25, 2008) (the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class").

Despite offering absolutely no evidence that Mississippi PERS and the Funds are inadequate to protect the interests of the putative class, the Operating Engineers, a plaintiff in one of the Actions who failed to file a motion to be appointed lead plaintiff, nonetheless contends that it should be appointed as a "niche" lead plaintiff for investors who purchased just one of the certificate series at issue in the Actions. As set forth herein and in their initial moving papers, Mississippi PERS and the Funds are adequate representatives of all purchasers of Bear Stearns certificates at issue and furthermore satisfy the PSLRA's requirements for appointment as lead plaintiff – namely, that they have the largest financial interest and are otherwise typical and adequate to represent the class. The Operating Engineers are now asking the Court to disregard the PSLRA and the well-settled law of this jurisdiction by appointing them as a co-lead plaintiff merely because it purchased on one of the many offerings arising from a common registration statement.[1]

---

[1] In their opposition papers, the Operating Engineers purport to rely on their initial pleading as grounds for their appointment. That complaint, however, was filed on behalf of purchasers of certificates issued in connection with 19 separate offerings which took place between March 2006 and April 2007. *See* Supplemental Declaration of Christopher Lometti in Further Support ("Lometti Suppl. Decl.") Ex. A, at p. 1. Inexplicably, the Operating Engineers now claims that conflicts between investors of different certificates may arise.

II. ARGUMENT

A. The Lead Plaintiff Does Not Need Standing to Sue On Every Claim

Nothing in the PSLRA indicates that a lead plaintiff must have standing to sue on every available claim. *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004); *see also In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008) ("the Second Circuit has held there is no requirement that the court select as lead plaintiff only a movant with standing to assert every possible claim … nor does the presumptive lead plaintiff fail to satisfy the typicality prong if he or she cannot assert every possible claim") (citations omitted); *Weinberg v. Atlas Air Worldwide Holdings, Inc.* 216 F.R.D. 248, 253 (S.D.N.Y. 2003) ("The idea that there should be multiple Lead Plaintiffs with standing to sue on all possible causes of action has been rejected by the Southern District.") (citations omitted). As an overwhelming majority of courts have found, allowing appointment of niche lead plaintiffs would undermine the core and fundamental goals of the PSRLA, which were specifically designed to ensure that parties with significant holdings, whose interests are more strongly aligned with the class of shareholders, will oversee and exercise control over the litigation. *See, e.g., In re Oxford Health Plans, Inc., Sec. Litig.* 182 F.R.D. 42, 43-44 (S.D.N.Y.) (quoting H.R. Conf. Rep. No. 104-369); *see also In re Surebeam Corp. Sec. Litig.*, No. 03 Civ. 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *28-29 (S.D. Cal. Dec. 31, 2002) (collecting cases).

In support of their misguided argument, Operating Engineers baldly asserts, "conflicts between investors of different [c]ertificates *may* arise…" (Operating Engineers Br. at 1) (emphasis added). However, conclusory assertions of a potential conflict, without specific support in evidence, are insufficient to rebut the statutory presumption in favor of the "most adequate plaintiff," which, in this case, is afforded to Mississippi PERS and the Funds. *See*

*Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004), *citing Sofran v. LaBranche & Co. Inc.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not merely speculations). Furthermore, should an actual conflict arise, subclasses or separate representatives would be appropriately appointed, if necessary, at a later stage of the litigation. *See Atlas Air*, 216 F.R.D at 254; *see also In re Elan Corp. Sec. Litig.*, No. 02 Civ. 865 (WK)(FM), 2002 U.S. Dist. LEXIS 23162, at *12 (S.D.N.Y. Dec. 3, 2002) (rejecting appointment of niche lead plaintiff and explaining "[w]hether subclasses are necessary … will, of course, be addressed in greater detail at the class certification stage.").

    B.    Mississippi PERS and the Funds Have Standing to
           Pursue Claims Related to All Offerings at Issue

Mississippi PERS and the Funds have standing to assert claims related to all of the offerings at issue in the filed actions, including the Mortgage Pass-Through Certificates of Structured Asset Mortgage Investments II, Series 2006-AR7 offering. Operating Engineers offer no support to the contrary. The complaints in the Actions allege violations of Sections 11, 12 and 15 of the Securities Act on behalf of purchasers of the Bear Stearns certificates in a series of 52 separate offerings that took place between May 2006 and September 2007, pursuant and traceable to two separate registration statements. Where claims arise out of common alleged misstatements and omissions, as they do here, it is only required that at least one named plaintiff purchased pursuant to each allegedly misleading registration statement to meet the standing requirements. *In re Dreyfus Aggressive Growth Mut. Fund Litig.*, Civ. No. 98-4318 (HB), 2000 U.S. Dist. LEXIS 13469, at *14-15 (S.D.N.Y. Sept. 19 2000) (permitting purchasers on one offering to represent purchasers on a different offering for purposes of asserting Section 11 claims where there were common misstatements and omissions); *see also, In re Dynex Capital, Inc. Sec. Litig.*, Civ. No. 05-1897 (HB), 2009 WL 3380621 (S.D.N.Y. Oct. 19, 2009) (where plaintiff

purchased only Series 12 Bonds, it "adequately alleged…standing to proceed on behalf of purchasers of both the Series 12 and Series 13 Bonds because it alleged that Defendants made the exact same misrepresentations with respect to both series of bonds and that the bond collateral suffered from the same defects.")

Moreover, Section 11 of the Securities Act, by its terms, confers standing on any person acquiring a security where "any part of the *registration statement*, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. § 77k (emphasis added). It is undisputed that Mississippi PERS and the Funds purchased certificates pursuant and traceable to both registration statements at issue, and therefore have standing to bring all claims alleged in the Actions.[2]

## II.     CONCLUSION

Mississippi PERS and the Funds, through their choice of highly experienced counsel, will adequately represent the interests of *all* class members. Therefore, and for the reasons stated above, Mississippi PERS and the Funds respectfully submit that the Court should reject Operating Engineers' motion to be appointed as a niche lead plaintiff and enter the previously submitted Proposed Order appointing Mississippi PERS and the Funds as Co-Lead Plaintiff and their respective choices of counsel, Bernstein Litowitz and Cohen Milstein, as Co-Lead Counsel in the consolidated action.

---

[2]    Consolidation of the Actions has not been disputed.

Dated: December 10, 2009

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

  /s/ *Christopher Lometti*
    Christopher Lometti

JOEL P. LAITMAN
CHRISTOPHER LOMETTI
DANIEL B. REHNS
KENNETH M. REHNS
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Tel: (212) 838-7797
Fax: (212) 838-7745
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
drehns@cohenmilstein.com
krehns@cohenmilstein.com

STEVEN J. TOLL
S. DOUGLAS BUNCH
1100 New York Avenue, NW, Suite 500 West
Washington, D.C. 2005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dbunch@cohenmilstein.com

*Counsel for Proposed Co-Lead Plaintiff New Jersey Carpenters and Boilermakers, and Proposed Co-Lead Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
BRUCE BERNSTEIN
1285 Avenue of Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444
bruce@blbglaw.com

DAVID R. STICKNEY
TIMOTHY A. DeLANGE
MATTHEW P. JUBENVILLE
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com
timothyd@blbglaw.com
matthewj@blbglaw.com

*Counsel for Proposed Co-Lead Plaintiff Public Employees' Retirement System of Mississippi and Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

  I, Daniel B. Rehns, counsel for the Plaintiff, hereby certify that on December 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of all counsel of record.

                 /s/ *Daniel B. Rehns*
                   Daniel B. Rehns