UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

NEW JERSEY CARPENTERS HEALTH
FUND and BOILERMAKER BLACKSMITH
NATIONAL PENSION TRUST, *on behalf of
themselves and all others similarly situated*,

       Plaintiffs,

  -v-                                          No. 08 Civ. 8093 (LTS)

STRUCTURED ASSET MORTGAGE
INVESTMENTS II, INC. et al.,

       Defendants.

--------------------------------------------------------x
--------------------------------------------------------x

PENSION TRUST FOR OPERATING
ENGINEERS, *individually and on behalf
of all others similarly situated,*

       Plaintiff,

  -v-                                          No. 09 Civ. 6172 (LTS)

STRUCTURED ASSET MORTGAGE
INVESTMENTS II, INC. et al.,

       Defendants.

--------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER CONSOLIDATING BEAR STEARNS
MORTGAGE PASS-THROUGH CERTIFICATES ACTIONS, APPOINTING CO-LEAD
PLAINTIFFS AND APPROVING CO-LEAD COUNSEL**

       Plaintiff New Jersey Carpenters Health Fund ("NJ Carpenters Health Fund")

commenced the action New Jersey Carpenters Health Fund v. Structured Asset Mortgage Investments

II, Inc. et al. in the Supreme Court of the State of New York, County of New York, under Index No.

08-606246, asserting claims pursuant to the Securities Act of 1933 on behalf of purchasers of certain Bear Stearns Mortgage Pass-Through Loan Certificates (the "NJ Carpenters Health Fund Action"). (Case no. 08 Civ. 8093, docket entry no. 1.)  The action was removed to this Court on September 18, 2008, pursuant to 28 U.S.C. §§ 1332, 1441 and 1453.  The Court has subject matter jurisdiction of the claims pursuant to 28 U.S.C. §§ 1331, 1332.

NJ Carpenters Health Fund published notification of the pending action (the "2008 Notice of Pendency") on November 12, 2008, pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. 104-67, 109 Stat. 737, 15 U.S.C. § 77z-1(a)(3)(A)(i).  The Court has subject matter jurisdiction of the claims pursuant to 28 U.S.C. §§ 1331.  On January 26, 2009, the Court granted NJ Carpenters Health Fund's uncontested motion for appointment as lead plaintiff and approved its selection of Schoengold Sporn Laitman & Lometti, P.C. ("SPL&L"), as lead counsel ("Pretrial Order No. 1").  (Case no. 08 Civ. 8093, docket entry no. 16.)  On May 5, 2009, the Court granted NJ Carpenters Health Fund's motion to substitute Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") for SPL&L as lead counsel.  (Case no. 08 Civ. 8093, docket entry no. 31.)  On May 15, 2009, the NJ Carpenters Health Fund filed a 326-paragraph First Consolidated Amended Securities Class Action Complaint(the "NJ Carpenters Health Fund's Amended Complaint").  (Case no. 08 Civ. 8093, docket entry no. 32.)  The NJ Carpenters Health Fund's Amended Complaint, which included an additional named plaintiff, Boilermaker Blacksmith National Pension Trust, asserted claims on behalf of purchasers of 44 separate securities offerings. The 2008 Notice of Pendency, however, only had identified a single securities offering specifically.

On July 9, 2009, Pension Trust for Operating Engineers ("Operating Engineers Trust") commenced an action in this Court, Pension Trust for Operating Engineers v. Structured Asset Mortgage Investments II, Inc., Case No. 09 Civ. 6172, asserting claims pursuant to the

Securities Act of 1933 based on eleven of the securities offerings identified in the NJ Carpenters Health Fund's Amended Complaint (the "Operating Engineers Trust Action"). (Case no. 09 Civ. 6172, docket entry no. 1.) On July 27, 2009, the Operating Engineers Trust Action was transferred to the undersigned as related to the NJ Carpenters Health Fund Action. (Case no. 09 Civ. 6172, docket entry no. 5.) Following a joint conference with the parties in the NJ Carpenters Health Fund Action and the Operating Engineers Trust Action on August 13, 2009, the Court concluded that the 2008 Notice of Pendency was insufficient to provide potential plaintiffs with notice of the claims asserted in the NJ Carpenters Health Fund's Amended Complaint. The Court determined, therefore, that the process for selecting a lead plaintiff in the NJ Carpenters Health Fund Action would have to be reopened in light of the expansion of the claims in the NJ Carpenters Health Fund's Amended Complaint.

On September 11, 2009, plaintiffs in the above-captioned actions issued a joint notice of the pendency of the actions, pursuant to 15 U.S.C. § 77z-1(a)(3)(A). The notice of pendency directed any member of the purported class seeking to serve as lead plaintiff to move for such designation by November 10, 2009. Three parties are before the Court seeking consolidation of the above-captioned actions, selection as lead plaintiff, and approval of their selection of lead counsel: jointly, the NJ Carpenters Health Fund and Boilermaker Blacksmith National Pension Trust (collectively, the "Funds") (Case No. 08 Civ. 8093, docket entry no. 74); Public Employees' Retirement System of Mississippi ("Mississippi PERS") (Case No. 08 Civ. 8093, docket entry no. 77; Case No. 09 Civ. 6172, docket entry no. 21); and Operating Engineers Trust (Case No. 08 Civ. 8093, docket entry no. 80). The Policemen's Annuity and Benefit Fund of the City of Chicago ("Chicago PABF") also moved to be appointed lead plaintiff (Case No. 08 Civ. 8093, docket entry no. 71) but subsequently withdrew its motion (Case No. 08 Civ. 8093, docket entry no. 74). Following

Chicago PABF's withdrawal, the Funds and Mississippi PERS submitted a Stipulation and Proposed Order in which they propose to serve as co-lead plaintiffs and request that the Court designate their previously-selected counsel as co-lead counsel (the "Co-Lead Counsel Proposal"). The Funds and Mississippi PERS also oppose the Operating Engineers Trust's motion. (Docket entry no. 86.) The Court has considered thoroughly all of the parties' submissions.

The PSLRA provides that the member of the putative class that has either filed the complaint or made a motion in response to the PSLRA notice, has the largest financial interest in the relief sought by the class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, is entitled to a rebuttable presumption that it is the most adequate plaintiff to serve as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii). Operating Engineers Trust does not argue it is the presumptive lead plaintiff but, rather, argues that it is the only plaintiff that purchased the mortgage pass-through certificates of a particular issuer, Structured Asset Mortgage Investments II, Series 2006-AR7, and therefore must be appointed as a co-lead plaintiff to protect the interests of the investors in the certificates of that particular issuer. It is well established that the PSLRA lead plaintiff need not have standing to assert every claim that is being raised in the litigation as long as a member of the putative class has such standing, Hevesi v. Citigroup, Inc., 366 F.3d 70, 82 (2d Cir. 2004), and Operating Engineers Trust has not offered any argumentation as to how its interests might in any way diverge from the interests of those who invested in the seemingly similar offerings of the 51 other issuers involved in this litigation. See Bernstein Decl., Ex. B. Accordingly, Operating Engineers Trust has not demonstrated that it is in the best interest of the class at this point to select it as a co-lead plaintiff.

The Court's preference is that one law firm serve as class counsel to best serve the interests of the class and promote judicial efficiency, unless there are persuasive reasons for

multiple firms to serve as class counsel in a particular case.  Case law of this circuit establishes that it is within the district court's discretionary authority in managing a putative class action to enforce such a preference if the court deems it appropriate to do so.  See In re Agent Orange Product Liability Litig., 818 F.2d 179, 187 (2d Cir. 1987) (stating "[t]he selection of lead counsel for the plaintiff class is left to the discretion of the district court guided by the best interests of [the class], not the entrepreneurial initiative of the named plaintiffs' counsel.")  In this instance, however, the Court concludes that there are persuasive reasons to grant the Co-Lead Counsel Proposal.

        Mississippi PERS appears to have the largest financial interest in the relief sought by the putative class, in light of the parties' respective proffers that Mississippi PERS expended approximately $36.19 million on the securities at issue (Bernstein Decl., Ex. B) and the Funds expended approximately $4.38 million (Lometti Decl., Exs. E & F).  Mississippi PERS thus has the greatest financial incentive to exercise its role as lead plaintiff responsibly, as envisaged by the PSLRA.  Hevesi, 366 F.3d at 82 ("PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case.").  Mississippi PERS also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

        The Funds' extensive experience with this litigation, however, indicates that their designation as a co-lead plaintiff would further judicial efficiency and be in the best interests of the putative class.  The considerable efforts undertaken by the Funds to date on behalf of the putative class include, inter alia, the drafting and filing of the NJ Carpenters Health Fund's Amended Complaint.[1]  Accordingly, the Court approves the Co-Lead Counsel proposal and it is hereby

---

[1] The Court notes, for the purposes of this Memorandum Opinion and Order, that the NJ Carpenters Health Fund's Amended Complaint appears to be the product of extensive research and analysis.  The Court therefore credits the Funds with that effort.  However, this Memorandum Opinion and Order shall not be construed to

ordered that:

A.      CASE CONSOLIDATION AND APPOINTMENT OF CO-LEAD PLAINTIFFS

1.      Pursuant to Fed. R. Civ. P. 42(a) and the PSLRA, the above-captioned actions are consolidated into Civil Action No. 08 Civ. 8093 (LTS) for all purposes including, but not limited to, discovery, pretrial proceedings and trial.  The consolidated action shall be referred to collectively as <u>In re Bear Stearns Mortgage Pass-Through Certificates Litigation</u>, Master File No. 08 Civ. 8093 (LTS)(KNF) (the "Bear Stearns Mortgage Pass-Through Certificates Litigation").

2.      The provisions of Pretrial Order No. 1 selecting lead plaintiff and designating lead counsel are hereby terminated.

3.      Pursuant to the PSLRA, NJ Carpenters Health Fund and Mississippi PERS are appointed Co-Lead Plaintiffs in the Bear Stearns Mortgage Pass-Through Certificates Litigation for the proposed class of persons and entities who acquired Bear Stearns mortgage pass-through certificates as alleged.

4.      The motion filed in the above-captioned actions by the Operating Engineers Trust is hereby denied.

5.      The motions filed individually in the above-captioned actions by the Funds and Mississippi PERS are hereby dismissed in light of the subsequent submission of the Co-Lead Counsel Proposal.

B.      APPOINTMENT OF CO-LEAD COUNSEL

1.      The Funds and Mississippi PERS' choice of lead counsel is approved.  Accordingly, the law firms of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Cohen Milstein are appointed Plaintiffs' Co-Lead Counsel for the consolidated Bear Stearns Mortgage Pass-Through Certificates Litigation.

---

express any opinion of the Court as to the merits of the Funds' pleading or the claims asserted therein.

2.	Co-Lead Counsel shall manage the prosecution of this action, shall avoid duplicative or unproductive activities, and are hereby vested by the Court with responsibilities and duties that include, without limitation, the following:

    (1) preparation of all pleadings;

    (2) direction and coordination of the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court;

    (3) the initiation and direction of discovery;

    (4) the coordination of all communications with the defendants and the Court on behalf of the proposed class;

    (5) preparation of the case for trial;

    (6) trying of the actions, if required; and

    (7) engagement in settlement negotiations.

3.	Defendants shall be entitled to rely on any agreements reached with either of the law firms designated herein as Co-Lead Counsel to the extent that such law firm represents to Defendants that, for any particular agreement, it has authority to speak for the other Co-Lead Counsel in the consolidated Bear Stearns Mortgage Pass-Through Certificates Litigation.

C.	MASTER DOCKET AND SEPARATE ACTION DOCKETS

1.	A Master Docket is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them for pretrial purposes. Entries in said Master Docket shall be applicable to the consolidated Bear Stearns Mortgage Pass-Through Certificates Litigation, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this

Order.

2. (a) When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically or manually file such pleading pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing.

(b) When a pleading or motion is electronically filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically file such pleading or motion in the Master File only. Docket entries shall not be made to each separate action.

(c) When a pleading or motion is manually filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall submit to this Court the original pleading or motion for the Master File. No copies shall be submitted for each separate action. Upon receiving the original pleading or motion, the Clerk shall docket it to the Master File only. Docket entries shall not be made to each separate action.

D. MASTER FILE AND SEPARATE ACTION FILES

1. A Master File is hereby established for the consolidated proceedings in the consolidated Bear Stearns Mortgage Pass-Through Certificates Litigation. The Master File shall be Civil Action No. 08 Civ. 8093 (LTS)(KNF). The original of this Order shall be docketed by the Clerk of Court in the Master File herein established.

2. The Clerk shall maintain a separate file for each of the consolidated Bear Stearns Mortgage Pass-Through Certificates actions, and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by Section C of this Order. The Clerk shall docket a copy of this Order in each such separate file. Once the Clerk has docketed this Order, counsel of record in each of the consolidated Bear Stearns Mortgage Pass-Through Certificates actions will receive a Notice of Electronic Filing.

E.    NEWLY FILED OR TRANSFERRED ACTIONS; APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1.  When an action that relates to the same subject matter as the consolidated Bear Stearns Mortgage Pass-Through Certificates Litigation is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with these actions in the same manner as the above-captioned cases (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

    (a)    Docket a copy of this Order in the file for newly filed or transferred actions; and

    (b)    Make an appropriate entry in the Master Docket.

2.  The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

3.  This Order shall apply to each action in which it is docketed pursuant to paragraph E.1 above, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk notifies counsel for that party of this Order and the Court exempts the action from all or any portion of this Order.  The provisions of this Order shall apply to such action pending the Court's ruling on the application.

4.  Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case.  If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to any such

complaint.

F.  CAPTIONS

1.  Every pleading or motion filed in the consolidated Bear Stearns Mortgage Pass-Through Certificates Litigation, and in any separate action included therein, shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x
IN RE BEAR STEARNS              :
MORTGAGE PASS-THROUGH           :
CERTIFICATES LITIGATION         :        MASTER FILE
                                :        08 Civ. 8093 (LTS)(KNF)
                                :
This Document Relates To:       :
                                :
                                :
                                :
_____ x
```

2.  When a pleading or motion is intended to be applicable to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading or motion is intended to apply to fewer than all of such actions, the docket number for each individual action to which it is intended to apply and the name of the plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption.

G.  DISCOVERY AND FURTHER PROCEEDINGS

1.  All discovery taken in the consolidated Bear Stearns Mortgage Pass-Through Certificates Litigation will apply to any subsequently filed and consolidated action and the parties will not be required to repeat discovery already undertaken in the consolidated Bear Stearns Mortgage

Pass-Through Certificates Litigation.

2. Further proceedings in these consolidated actions will be conducted in accordance with applicable orders, federal and local court procedural rules and the Individual Practices Rules of the undersigned, including Rule 2.B. thereof.

This Order resolves docket entry nos. 71, 74, 77 in Case No. 08 Civ. 8093 and docket entry no. 21 in Case No. 09 Civ. 6172.

SO ORDERED.

Dated: New York, New York
       December 23, 2009

LAURA TAYLOR SWAIN
United States District Judge