```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                    :
IN RE BEAR STEARNS MORTGAGE                   :   Master File No.:
PASS-THROUGH CERTIFICATES LITIGATION          :
                                              :   08 CV 8093 (LTS)(KNF)
                                              :
This Document Relates To:                     :   JOINT CONFERENCE
                                              :   REPORT
            All Actions                       :
                                              :
                                              :
                                              :
------------------------------------------------------------------- x
```

In advance of the October 16, 2013 Pretrial Conference, the Parties to the above-captioned action respectfully submit this Joint Conference Report pursuant to the Court's April 3, 2012 Conference Order (the "Order") and its July 11, 2013 endorsed order. In accordance with Paragraph 4 of the Order, counsel for the Parties met and conferred telephonically on October 3 and October 7, 2013.

    a.    **A Concise Statement of the Nature of the Action.**  This is a putative class action arising from Defendants' issuance and sale of certain mortgage-backed securities. Plaintiffs assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 against Defendants for alleged material misstatements and omissions in the Offering Documents. Defendants deny that the Offering Documents contained misstatements or omissions, and deny that they are liable to Plaintiffs or the proposed class.

Filed on October 29, 2010, the Third Amended Complaint asserts claims based on fourteen (14) offerings. Defendants subsequently moved to dismiss the Third Amended Complaint and, on March 30, 2012, the Court issued an order granting in part and denying in part

1

the Defendants' motion.  *See In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 767-70, 775-79 (S.D.N.Y. 2012) ("March 30 Order").

On April 13, 2012, Defendants filed a motion requesting a stay of proceedings pending the outcome of the appeal in *Police & Fire Retirement System v. IndyMac MBS, Inc.*, No. 11-cv-2998 ("*IndyMac*").  ECF No. 173.  On May 16, 2012, the Court issued an order staying the action.  ECF No. 184.

On September 6, 2012, the Second Circuit decided *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*Goldman*").  On October 5, 2012, Plaintiffs filed a Motion for Leave to Amend in light of the decision in *Goldman*. ECF No. 186. That motion is fully briefed.

On June 27, 2013, the Second Circuit decided *IndyMac*, 721 F.3d 95 (2d Cir. 2013).  On July 11, 2013, the Court restored this case to the active calendar.  ECF No. 193.  On July 16, 2013, the Court issued an endorsed letter approving the schedule proposed by the Parties for additional briefing on the impact of *IndyMac* on the scope of the case.  ECF No. 194. Defendants filed a motion for reconsideration of the Court's March 30 Order in light of *IndyMac*. ECF No. 199.  That motion is fully briefed.  *See* ECF Nos. 198-204.

For the Court's convenience, the accompanying table sets forth the disputes over the status of offerings included in the case in light of the Second Circuit's decisions in *Goldman* and *IndyMac*.  *See* Exhibit A.  Plaintiffs' motion to amend and Defendants' motion for reconsideration are referred to herein as the "Pending Motions."

    b.    **Related Actions.**  The Parties are not aware of any related criminal or civil actions.

c. **The Court's Jurisdiction.** Plaintiffs assert claims under Sections 11, 12(a)(2), and 15 of the 1933 Act, 15 U.S.C. §§ 77k, 77l(a)(2) and 77o. The Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the 1933 Act, 15 U.S.C. § 77v, and 28 U.S.C. § 1331.

d. **Transfer of the Case to a Magistrate Judge.** The Parties do not consent to transfer of the case to a magistrate judge for all pretrial purposes.

e. **Initial Pretrial Conference Checklist.** Pursuant to Section I.A. of the Complex Case Management Report and Exhibit A thereto, the Parties' positions on the Initial Pretrial Conference Checklist are as follows:

1. **Document Preservation.** Each of the Parties represents that it has taken appropriate steps to preserve relevant evidence, including documents. The Parties intend to further discuss electronically-stored information ("ESI") and intend to develop an appropriate plan for the searching and production of relevant ESI. Defendants do not believe it will be necessary, or reasonable, to restore backup tapes.

2. **Initial Disclosures.**

    i. **Plaintiffs' Position.** Plaintiffs propose that the Parties exchange initial disclosures within twenty-one (21) days of the October 16, 2013 pretrial conference (*i.e.,* November 6, 2013).

    ii. **Defendants' Position.** Defendants propose that the Parties exchange initial disclosures within twenty-one (21) days of the Deadline for Amendments to Pleadings, Additional Parties (as hereinafter defined).

3. **Possibility of a Stay or Limitation of Discovery Pending a Dispositive Motion.** Defendants' motion for reconsideration of the Court's March 30 Order is pending. ECF No. 199.

4. **Proposed Discovery.**

    i. The Parties agree that it will be necessary for each side to exceed the ten (10) depositions per side limit under Federal Rules of Civil Procedure 30(a)(2)(A)(i). The Parties shall meet and confer to determine an appropriate number of depositions per side for this action and preliminarily agree to twenty-five (25) depositions per side without additional agreement or leave of court.

    ii. In lieu of Exhibit B to the Complex Case Management Report (as defined in the Order), the Parties will meet and confer regarding the identification of custodians, search terms, and applicable date ranges for the production of ESI.

    iii. The Parties do not anticipate limitations on the scope of discovery at this time but will meet and confer on this issue, if necessary, after the Parties have exchanged discovery requests.

    iv. **Defendants' Position.** Defendants believe that discovery in this action should commence after the resolution of the Pending Motions.

    v. **Plaintiffs' Position.** Plaintiffs oppose Defendants' request to stay discovery. Rather, discovery should proceed at least for the eight (8) offerings for which there is no dispute, as well as into areas that overlap

with the fourteen (14) additional offerings that are subject to the Pending Motions.

5. **Schedule.** The Parties propose that the Court enter the following pretrial schedule:

| ACTION | PLAINTIFFS' SCHEDULE | DEFENDANTS' SCHEDULE[1] |
|---|---|---|
| Exchange of Initial Disclosures | November 6, 2013 | 21 days after the Deadline for Amendments to Pleadings, Additional Parties |
| Further Case Management Conference | December 13, 2013 | To be set by the Court |
| Deadline for Amendments to Pleadings, Additional Parties | January 31, 2014 | 21 days after resolution of the Pending Motions |
| Class Certification Motion | April 11, 2014 | 180 days after resolution of the Pending Motions |
| Opposition to Motion for Class Certification (including any expert report submitted in opposition to class certification) | July 11, 2014 | 90 days after Class Certification Motion |
| Class Certification Reply | September 5, 2014 | 60 days after Opposition to Motion for Class Certification |
| Substantial Completion of Document Productions | September 12, 2014 | 365 days after discovery commences |
| Fact Discovery Cut-Off | December 12, 2014 | 150 days after Substantial Completion of Document Productions |
| The Party With The Burden of Proof Exchanges Expert Reports | January 9, 2015 | 75 days after Fact Discovery Cut-Off |
| Parties Exchange Rebuttal Expert Reports | February 13, 2015 | 45 days after the Party with the Burden of Proof Exchanges Expert Reports |
| Expert Discovery Cut-Off | March 6, 2015 | 60 days after Parties Exchange Rebuttal Expert Reports |
| Summary Judgment Motions | March 27, 2015 | 45 days after Expert Discovery Cut-Off |

---

[1] The dates in Defendants' proposed schedule are tied to resolution of the Pending Motions.

| ACTION | PLAINTIFFS' SCHEDULE | DEFENDANTS' SCHEDULE[1] |
|---|---|---|
| Summary Judgment Oppositions | May 8, 2015 | 60 days after Summary Judgment Motions |
| Summary Judgment Replies | June 5, 2015 | 45 days after Summary Judgment Oppositions |
| Parties Exchange Witness Lists | 14 days prior to Final Joint Trial Report | 45 days prior to Trial |
| Final Joint Trial Report | 10 days prior to the Pretrial Conference | 60 days prior to Trial |
| Pretrial Conference | 14 days prior to Trial | 14 days prior to Trial |
| Trial | August 3, 2015, or as set by the Court | 60 days after filing the Joint Trial Report |

6. **Motion Practice.**

   i. As summarized above, there are two Pending Motions that will affect the scope of this case: (1) Plaintiffs' Motion to Amend the Complaint in light of *Goldman*, and (2) Defendants' Motion for Partial Reconsideration of the Court's March 30 Order. Both motions are fully briefed.

   ii. In addition, Plaintiffs anticipate that they will move, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), to certify the proposed class. Defendants plan to oppose Plaintiffs' motion for class certification.

   iii. Plaintiffs and Defendants anticipate filing motions for summary judgment and/or summary adjudication, but will finally determine the grounds for such motions following the close of fact discovery.

7. **Expert Witnesses and Expert Discovery.** The Parties agree that expert testimony will be necessary, including expert testimony related to the issue of class certification. The Parties will not waive expert depositions.

   8.  **Damages.** The Securities Act sets forth the measure of damages for the Section 11 and 12(a) claims at issue here.  15 U.S.C. § 77k(e), (g), § 77l.  Defendants dispute the existence and amount of any alleged loss or damages.

  f.  **Settlement Discussions or Mediation.** There have been no settlement discussions to date.

  **Plaintiffs' Position.**  Plaintiffs and their counsel are experienced in private mediation and agree to remain in communication regarding the possibility of resolving the case.

  **Defendants' Position.**  Defendants agree to communicate periodically with Plaintiffs to discuss whether the opportunity exists for productive settlement discussions or mediation. Defendants believe that settlement discussions would not be productive until the Court issues decisions on the Pending Motions, clarifying the scope of this case.

  g.  **Trial.**  Plaintiffs estimate that a trial may last between fifteen (15) and twenty (20) trial days.  Defendants believe that this will be a complicated and lengthy trial, and are unable to estimate the length of trial at this time.

Dated: October 9, 2013      **BERNSTEIN LITOWITZ BERGER**
                 **& GROSSMANN LLP**

              By:  */s/ David R. Stickney*
                 David R. Stickney

              David R. Stickney
              Timothy A. DeLange
              Richard D. Gluck
              Matthew P. Jubenville
              L. Reza Wrathall
              12481 High Bluff Drive, Suite 300
              San Diego, California 92130
              Tel:  (858) 793-0070
              Fax:  (858) 793-0323
              *davids@blbglaw.com*
              *timothyd@blbglaw.com*
              *rich.gluck@blbglaw.com*
              *matthewj@blbglaw.com*
              *laurence.wrathall@blbglaw.com*

-and-

Hannah Ross
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444
*hannah@blbglaw.com*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: _____Joel P. Laitman /mpj_____
        Joel P. Laitman

Joel P. Laitman
Christopher Lometti
Richard Speirs
Daniel B. Rehns
Kenneth M. Rehns
88 Pine Street, 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
rspeirs@cohenmilstein.com
drehns@cohenmilstein.com
krehns@cohenmilstein.com

-and-

Daniel S. Sommers
Julie Goldsmith Reiser
S. Douglas Bunch
1100 New York Avenue, NW, Suite 500 West
Washington, D.C. 2005
Tel: (202) 408-4600
Fax: (202) 408-4699
dsommers@cohenmilstein.com
jreiser@cohenmilstein.com
dbunch@cohenmilstein.com

*Counsel for Plaintiffs and Co-Lead Counsel for the Proposed Class*

**KOHN, SWIFT &GRAF, P.C.**

Denis F. Sheils
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107

Tel: (215) 238-1700
Fax: (215) 238-1968
dsheils@kohnswift.com

*Counsel for Plaintiff the Police and Fire Retirement System of the City of Detroit*

**GREENBERG TRAURIG, LLP**

By: _____Richard A. Edlin /mpj_____
       Richard A. Edlin

edlinr@gtlaw.com
Eric N. Whitney
whitneye@gtlaw.com
Anastasia A. Angelova
angelovaa@gtlaw.com
Misty L. Archambault
archambaultm@gtlaw.com
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

**SULLIVAN & CROMWELL LLP**

By: _____Sharon L. Nelles /mpj_____
       Sharon L. Nelles

nelless@sullcrom.com
David A. Castleman
castlemand@sullcrom.com
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
Fax: (212) 558-3588

*Attorneys for Defendants Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc., EMC Mortgage Corporation, Structured Asset Mortgage Investments II, Inc., Bear Stearns Asset Backed Securities I, LLC and Joseph T. Jurkowski, Jr.*

**MORRISON & FOERSTER LLP**

By: _____
  Joel C. Haims

JHaims@mofo.com
Ruti Smithline
RSmithline@mofo.com
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

*Attorneys for Thomas F. Marano
and Michael B. Nierenberg*


**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: _____
  Dani R. James

djames@kramerlevin.com
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9363
Fax: (212) 715-8000

*Attorneys for Jeffrey L. Verschleiser*


**GREENBERG TRAURIG, LLP**

By: _____
  Richard A. Edlin

edlinr@gtlaw.com
Ronald D. Lefton
leftonr@gtlaw.com
Candace Camarata
camaratac@gtlaw.com
200 Park Avenue
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 805-5528

*Attorneys for Jeffery Mayer*


**ALLEN & OVERY**

By: _____
  Pamela Chepiga

pamela.chepiga@allenovery.com
Allie Cheatham
allie.cheatham@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6399

*Attorneys for Samuel L. Molinaro, Jr.*

# Exhibit A
## In re: Bear Stearns Mortgage Pass-Through Litigation
## Status of Offerings Remaining in Action and in Dispute

| Offering | Status |
| --- | --- |
| BSMF 2006-AR1 | Remains in action.[1] |
| SAMI 2006-AR5 | Remains in action. |
| SAMI 2006-AR6 | Remains in action. |
| BSARM 2007-3 | Remains in action. |
| SAMI 2006-AR7 | Remains in action. |
| BSMF 2006-AR4 | Remains in action. |
| BSMF 2006-AR5 | Remains in action. |
| BSARM 2007-1 (Groups 1, 3, 5 only) | Remains in action. |
| BALTA 2006-6 | Disputed. |
| BALTA 2006-8 | Disputed. |
| BALTA 2007-1 | Disputed. |
| BSARM 2006-4 | Disputed. |
| SAMI 2007-AR1 (Group 1 only) | Disputed. |
| SAMI 2007-AR2 (Group 1 only) | Disputed. |
| SAMI 2006-AR4 | Disputed. |
| BSMF 2006-AR2 | Disputed. |
| SAMI 2006-AR8 | Disputed. |
| BSMF 2006-AR3 | Disputed. |
| BSMF 2007-AR1 | Disputed. |
| BSMF 2007-AR3 | Disputed. |
| BALTA 2006-5 | Disputed. |
| BALTA 2006-7 | Disputed. |

---

[1] Subject to Defendants' reservation of their argument that all plaintiffs were on inquiry notice of their claims more than one year before they sued, or any other applicable defense. *See* Defendants' Mem. in Support of Reconsideration in Light of *Indymac*, ECF No. 201, July 23, 2013, at 6 n.3.