UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                      :

IN RE BEAR STEARNS MORTGAGE          :    Master File No.:
PASS-THROUGH CERTIFICATES LITIGATION   :
                                                      :    08 CV 8093 (LTS)(KNF)
                                                      :
**This Document Relates To:**                       :    **UPDATED JOINT**
                                                      :    **CONFERENCE REPORT**
                All Actions                            :
                                                      :
                                                      :
------------------------------------------------------------------- x

        In advance of the January 31, 2014 Pretrial Conference, the Parties to the above-captioned action respectfully submit this Updated Joint Conference Report. The Parties previously submitted a joint report on October 9, 2013, in advance of a conference that had been scheduled for October 16, 2013. The Court continued the conference to January 31, 2014. ECF No. 217.

        a.     **A Concise Statement of the Nature of the Action.**  This is a putative class action arising from Defendants' issuance and sale of certain mortgage-backed securities. Plaintiffs assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 against Defendants for alleged material misstatements and omissions in the Offering Documents. Defendants deny that the Offering Documents contained misstatements or omissions, and deny that they are liable to Plaintiffs or the proposed class.

        The Third Amended Complaint, which was filed on October 29, 2010, asserts claims based on fourteen (14) offerings. Defendants subsequently moved to dismiss the Third Amended Complaint and, on March 30, 2012, the Court issued an order granting in part and denying in part

the Defendants' motion. *See In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 767-70, 775-79 (S.D.N.Y. 2012) ("March 30 Order").

On April 13, 2012, Defendants filed a motion requesting a stay of proceedings pending the outcome of the appeal in *Police & Fire Retirement System v. IndyMac MBS, Inc.*, No. 11-cv-2998 ("*IndyMac*"). ECF No. 173. On May 16, 2012, the Court issued an order staying the action. ECF No. 184.

On September 6, 2012, the Second Circuit decided *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*Goldman*"). On October 5, 2012, Plaintiffs filed a Motion for Leave to Amend in light of the decision in *Goldman*. ECF No. 185. That motion is fully briefed.

On June 27, 2013, the Second Circuit decided *IndyMac*, 721 F.3d 95 (2d Cir. 2013). On July 11, 2013, the Court restored this case to the active calendar. ECF No. 193. On July 16, 2013, the Court issued an endorsed letter approving the schedule proposed by the Parties for additional briefing on the impact of *IndyMac* on the scope of the case. ECF No. 194. On July 23, 2013, Defendants filed a motion for reconsideration of the Court's March 30 Order in light of *IndyMac*. ECF No. 199. That motion is fully briefed. *See* ECF Nos. 198-204. Plaintiffs' motion to amend and Defendants' motion for reconsideration are referred to herein as the "Pending Motions."

On November 14, 2013, the Court instructed the Parties to provide a joint submission containing information regarding (1) the offerings that the Parties agree would survive notwithstanding the motion for reconsideration; and (2) the offerings whose inclusion in this action the Parties dispute. ECF No. 233. On December 2, 2013, the Parties filed the Joint Submission in Response to the Court's November 14, 2013 Order. ECF No. 235.

b. **Related Actions.** The Parties are not aware of any related criminal or civil actions.

c. **The Court's Jurisdiction.** Plaintiffs assert claims under Sections 11, 12(a)(2), and 15 of the 1933 Act, 15 U.S.C. §§ 77k, 77l(a)(2) and 77o. The Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the 1933 Act, 15 U.S.C. § 77v, and 28 U.S.C. § 1331.

d. **Transfer of the Case to a Magistrate Judge.** The Parties do not consent to transfer of the case to a magistrate judge for all pretrial purposes.

e. **Initial Pretrial Conference Checklist.** Pursuant to Section I.A. of the Complex Case Management Report and Exhibit A thereto, the Parties' positions on the Initial Pretrial Conference Checklist are as follows:

1. **Document Preservation.** Each of the Parties represents that it has taken appropriate steps to preserve relevant evidence, including documents. The Parties intend to further discuss electronically-stored information ("ESI") and intend to develop an appropriate plan for the searching and production of relevant ESI. Defendants do not believe it will be necessary, or reasonable, to restore backup tapes.

2. **Initial Disclosures.**

    i. **Plaintiffs' Position.** Plaintiffs propose that the Parties exchange initial disclosures within twenty-one (21) days of the January 31, 2014 Pretrial Conference (*i.e.,* February 21, 2014).

  ii. **Defendants' Position.** Defendants propose that the Parties exchange initial disclosures within twenty-one (21) days of the Deadline for Amendments to Pleadings, Additional Parties (as hereinafter defined).

3. **Possibility of a Stay or Limitation of Discovery Pending a Dispositive Motion.** It is Defendants' position that discovery in this action should commence after the resolution of the Pending Motions.

4. **Proposed Discovery.**

  i. The Parties agree that it will be necessary for each side to exceed the ten (10) depositions per side limit under Federal Rules of Civil Procedure 30(a)(2)(A)(i). The Parties shall meet and confer to determine an appropriate number of depositions per side for this action and preliminarily agree to twenty-five (25) depositions per side without additional agreement or leave of court.

  ii. In lieu of Exhibit B to the Complex Case Management Report (as defined in the Order), the Parties will meet and confer regarding the identification of custodians, search terms, and applicable date ranges for the production of ESI.

  iii. The Parties do not anticipate limitations on the scope of discovery at this time but will meet and confer on this issue, if necessary, after the Parties have exchanged discovery requests.

  iv. **Defendants' Position.** Defendants believe that discovery in this action should commence after the resolution of the Pending Motions. Discovery in this action is stayed pursuant to the automatic stay provision of the

Private Securities Litigation Reform Act of 1995 ("PSLRA"). The automatic stay provision of the PSLRA states that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. 77z-1(b)(1). It is Defendants' position that this automatic stay remains in effect where, as here, a motion for reconsideration of an order on a motion to dismiss is pending. *Powers v. Eichen*, 961 F. Supp. 233, 235-36 (S.D. Cal. 1997). *See also Sedona Corp. v. Ladenburg Thalmann*, No. 03 Civ. 3120 (LTS)(THK), 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) ("In this Court's view, there is no ambiguity in the plain language of the PSLRA's stay provision; the automatic stay applies while 'any motion to dismiss' is pending."). Defendants believe this is consistent with the Court's prior orders and approach to this case. Defendants believe this is consistent with the Court's prior orders and approach to this case. Commencing discovery prior to knowing whether certain transactions are in the case would be tantamount to providing Plaintiffs with pre-trial discovery into matters for which they have no claim, which Defendants submit frustrates the entire purpose of the PSLRA's stay.

As communicated to Plaintiffs at a meet and confer on December 11, 2013, Defendants also believe that commencing discovery prior to resolution of the Pending Motions—even discovery purportedly "limited" to the eight deals that the parties do not dispute are included in this action while discovery on the additional fourteen deals that are subject

5

to the Pending Motions is delayed—would be inefficient because it still would result in duplicative discovery of individuals, custodians, and data resources, and inevitably create additional and substantial expense. Further, as Defendants also communicated in the December 11 meet and confer, the parties cannot agree on a discovery protocol without understanding the scope of the deals in this action, and documents produced to Plaintiffs in connection with other matters are not relevant to the claims in this action.

v. **Plaintiffs' Position.** The PSLRA discovery stay in this case was lifted long ago when the Court denied Defendants' motion to dismiss. *See* 15 U.S.C. § 77z-1(b)(1) (staying discovery only during the pendency of a motion to dismiss). A later motion for reconsideration does not renew the PSLRA stay, particularly when, as here, the Parties agree that discovery as to at least eight of the Offerings is going forward regardless of the outcome of Defendants' motion for reconsideration. ECF No. 204, Exhibit A; *In re Global Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004) (allowing discovery to proceed, even though motions to dismiss were pending, where substantial portion of case was "clearly going forward" against certain defendants); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002) (same).

In light of the foregoing, on November 1, 2013, Plaintiffs propounded document requests for discovery that is inevitable regardless of the outcome of Defendants' motion for reconsideration. In response,

Defendants objected to all discovery on the grounds that their motion for reconsideration automatically stays discovery. Plaintiffs proposed conferring on scope of discovery and also on issues surrounding electronic discovery in order to productively use the time before the January 31, 2014 Pretrial Conference. Specifically, Plaintiffs proposed that (1) the Parties begin negotiating a protocol for production of electronic discovery; and (2) Defendants allow Plaintiffs to access certain highly relevant documents that have already been produced to Plaintiffs in connection with other matters, including transcripts of testimony and due-diligence materials. Commencing discovery in this manner would promote efficient case management, reduce costs and delay, and productively use the time between now and the resolution of the Pending Motions.

5. **Schedule.** The Parties propose that the Court enter the following pretrial schedule:

| ACTION | PLAINTIFFS' SCHEDULE | DEFENDANTS' SCHEDULE[1] |
|---|---|---|
| Exchange of Initial Disclosures | February 21, 2014 | 21 days after the Deadline for Amendments to Pleadings, Additional Parties |
| Further Case Management Conference | February 28, 2014 | To be set by the Court |
| Deadline for Amendments to Pleadings, Additional Parties | May 16, 2014 | 21 days after resolution of the Pending Motions |
| Class Certification Motion | July 25, 2014 | 180 days after resolution of the Pending Motions |
| Opposition to Motion for Class Certification (including any expert report submitted in opposition to class certification) | October 24, 2014 | 90 days after Class Certification Motion |

---

[1] The dates in Defendants' proposed schedule are tied to resolution of the Pending Motions.

| ACTION | PLAINTIFFS' SCHEDULE | DEFENDANTS' SCHEDULE[1] |
|---|---|---|
| Class Certification Reply | December 19, 2014 | 60 days after Opposition to Motion for Class Certification |
| Substantial Completion of Document Productions | January 9, 2015 | 365 days after discovery commences |
| Fact Discovery Cut-Off | March 20, 2015 | 150 days after Substantial Completion of Document Productions |
| The Party With The Burden of Proof Exchanges Expert Reports | April 17, 2015 | 75 days after Fact Discovery Cut-Off |
| Parties Exchange Rebuttal Expert Reports | May 15, 2015 | 45 days after the Party With The Burden of Proof Exchanges Expert Reports |
| Expert Discovery Cut-Off | June 5, 2015 | 60 days after Parties Exchange Rebuttal Expert Reports |
| Summary Judgment Motions | June 26, 2015 | 45 days after Expert Discovery Cut-Off |
| Summary Judgment Oppositions | August 7, 2015 | 60 days after Summary Judgment Motions |
| Summary Judgment Replies | September 4, 2015 | 45 days after Summary Judgment Oppositions |
| Parties Exchange Witness Lists | 14 days prior to Final Joint Trial Report | 45 days prior to Trial |
| Final Joint Trial Report | 10 days prior to the Pretrial Conference | 60 days prior to Trial |
| Pretrial Conference | 14 days prior to Trial | 14 days prior to Trial |
| Trial | November 2, 2015 | 60 days after filing the Joint Trial Report |

6. **Motion Practice.**

   i. As summarized above, there are two Pending Motions that will affect the scope of this case: (1) Plaintiffs' Motion for Leave to Amend the Complaint in light of *Goldman*, and (2) Defendants' Motion for Partial Reconsideration of the Court's March 30 Order. Both motions are fully briefed.

8

      ii.      In addition, Plaintiffs anticipate that they will move, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), to certify the proposed class. Defendants plan to oppose Plaintiffs' motion for class certification.

      iii.      Plaintiffs and Defendants anticipate filing motions for summary judgment and/or summary adjudication, but will finally determine the grounds for such motions following the close of fact discovery.

7. **Expert Witnesses and Expert Discovery.** The Parties agree that expert testimony will be necessary, including expert testimony related to the issue of class certification. The Parties will not waive expert depositions.

8. **Damages.** The Securities Act sets forth the measure of damages for the Section 11 and 12(a) claims at issue here. 15 U.S.C. § 77k(e), (g), § 77l. Defendants dispute the existence and amount of any alleged loss or damages.

    f.    **Settlement Discussions or Mediation.** There have been no settlement discussions to date.

    **Plaintiffs' Position.** Plaintiffs and their counsel are experienced in private mediation and agree to remain in communication regarding the possibility of resolving the case.

    **Defendants' Position.** Defendants agree to communicate periodically with Plaintiffs to discuss whether the opportunity exists for productive settlement discussions or mediation. Defendants believe that settlement discussions would not be productive until the Court issues decisions on the Pending Motions, clarifying the scope of this case.

g.      **Trial.**  Plaintiffs estimate that a trial may last between fifteen (15) and twenty (20) days.  Defendants believe that this will be a complicated and lengthy trial, and are unable to estimate the length of trial at this time.

Dated: January 24, 2014                    **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: /s/ David R. Stickney
David R. Stickney

David R. Stickney
Timothy A. DeLange
Richard D. Gluck
Matthew P. Jubenville
L. Reza Wrathall
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323
*davids@blbglaw.com*
*timothyd@blbglaw.com*
*rich.gluck@blbglaw.com*
*matthewj@blbglaw.com*
*laurence.wrathall@blbglaw.com*

-and-

John Rizio-Hamilton
Jeroen van Kwawegen
Katherine Stefanou
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444
*johnr@blbglaw.com*
*jeroen@blbglaw.com*
*katherine.stefanou@blbglaw.com*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: Joel P. Laitman /mpj
Joel P. Laitman

Joel P. Laitman
Christopher Lometti
Richard Speirs

10

Daniel B. Rehns
Kenneth M. Rehns
88 Pine Street, 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
rspeirs@cohenmilstein.com
drehns@cohenmilstein.com
krehns@cohenmilstein.com

-and-

Daniel S. Sommers
Julie Goldsmith Reiser
S. Douglas Bunch
1100 New York Avenue, NW, Suite 500 West
Washington, D.C. 2005
Tel: (202) 408-4600
Fax: (202) 408-4699
dsommers@cohenmilstein.com
jreiser@cohenmilstein.com
dbunch@cohenmilstein.com

*Counsel for Plaintiffs and Co-Lead
Counsel for the Proposed Class*

**KOHN, SWIFT &GRAF, P.C.**

Denis F. Sheils
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Tel: (215) 238-1700
Fax: (215) 238-1968
*dsheils@kohnswift.com*

*Counsel for Plaintiff the Police and
Fire Retirement System of the City of Detroit*

**GREENBERG TRAURIG, LLP**

By: _____
           Richard A. Edlin

edlinr@gtlaw.com
Eric N. Whitney
whitneye@gtlaw.com
Anastasia A. Angelova
angelovaa@gtlaw.com
Misty L. Archambault
archambaultm@gtlaw.com

11

MetLife Building
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

**SULLIVAN & CROMWELL LLP**

By: _____
      Sharon L. Nelles

nelless@sullcrom.com
David A. Castleman
castlemand@sullcrom.com
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
Fax: (212) 558-3588

*Attorneys for Defendants Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc., EMC Mortgage Corporation, Structured Asset Mortgage Investments II, Inc., Bear Stearns Asset Backed Securities I, LLC and Joseph T. Jurkowski, Jr.*

**MORRISON & FOERSTER LLP**

By: _____
      Joel C. Haims

JHaims@mofo.com
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

*Attorneys for Thomas F. Marano and Michael B. Nierenberg*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: _____
      Dani R. James

djames@kramerlevin.com

12

Jade A. Burns
jburns@kramerlevin.com
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9363
Fax: (212) 715-8000

*Attorneys for Jeffrey L. Verschleiser*

**GREENBERG TRAURIG, LLP**

By: _____
       Richard A. Edlin

edlinr@gtlaw.com
Ronald D. Lefton
leftonr@gtlaw.com
200 Park Avenue
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 805-5528

*Attorneys for Jeffery Mayer*

**ALLEN & OVERY**

By: _____
       Pamela Chepiga

pamela.chepiga@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6399

*Attorneys for Samuel L. Molinaro, Jr.*

13