

Richard A. Edlin
Tel 212.801.6528
Fax 212.805.5528
edlinr@gtlaw.com

February 13, 2013

**VIA ECF AND FACSIMILE**

Hon. Laura Taylor Swain
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*
       No. 08-Civ-8093(LTS)(KNF)

Dear Judge Swain:

    We represent defendants Bear, Stearns & Co., Inc. and J.P. Morgan Securities Inc. (now known together as J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC), Structured Asset Mortgage Investments II, Inc., and Bear Stearns Asset Backed Securities I, LLC in the above-captioned action. We write on behalf of all Defendants in response to David Stickney's February 11, 2014 letter on behalf of Plaintiffs requesting that the Court order discovery to commence. Defendants respectfully request that Plaintiffs' application be denied because discovery in this action is stayed automatically under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Plaintiffs have not demonstrated any reason for the Court to lift this stay. Further, commencing discovery before the Court has ruled on motions that will determine which securities are actually the subject of this action will be inefficient and will result in unduly burdensome, duplicative discovery.

    Despite Plaintiffs' assertions to the contrary, discovery is stayed in this action pursuant to the PSLRA. The automatic stay provision of the PSLRA states that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. 77z-1(b)(1). This automatic stay remains in effect where, as here, a motion for reconsideration of an order on a motion to dismiss is pending. ECF No. 199; *Powers v. Eichen*, 961 F. Supp. 233, 235-36 (S.D. Cal. 1997) (holding that discovery was stayed under the PSLRA pending a ruling on the defendants' motion for reconsideration of an order denying the defendants' motion to dismiss). *See also Sedona Corp. v. Ladenburg Thalmann*, No. 03 Civ. 3120 (LTS)(THK), 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) ("In this Court's view, there is no ambiguity in the plain language of the PSLRA's stay provision; the automatic stay applies while 'any motion to dismiss' is pending.").

Hon. Laura Taylor Swain
February 13, 2014
Page 2

That this case will go forward with respect to some offerings regardless of the outcome of Defendants' reconsideration motion is irrelevant to the application of the PSLRA stay. The court in *Powers* held that the PSLRA's automatic stay remains in effect where a motion for reconsideration of an order on a motion to dismiss is pending. 961 F. Supp. at 235-36. The court in that case did not hold, and nothing in the decision suggests, that the pending reconsideration motion would have resolved *all* claims against *all* parties. Similarly, in *Sedona*, Magistrate Judge Katz held that the PSLRA's automatic stay applied with respect to all defendants even though the pending motion to dismiss would not result in the dismissal of claims against all defendants. 2005 WL 2647945, at *3 (holding that "the stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants").

Plaintiffs cite two cases to support their contention that the PSLRA stay does not apply when the pending motion will not resolve all claims. (2/11/14 Ltr. at 3.) Neither case helps them. *In re Lernout & Hauspie Securities Litigation*, 214 F. Supp. 2d 100 (D. Mass. 2002), was discussed extensively, but not followed, by the court in *Sedona*. 2005 WL 2647945, at *2-3. *In re Global Crossing, Ltd. Securities Litigation*, 322 F. Supp. 2d 319 (S.D.N.Y. 2004), is simply inapposite. In that case, the court did not hold that the PSLRA's automatic stay did not apply but, rather, exercised its discretionary power to lift the automatic stay. *Id.* at 352. As the court noted in *Sedona*, the court in *Global Crossing* found that "the party seeking discovery was able to satisfy the statute's exception to the discovery stay by demonstrating that it would be unduly prejudiced if the stay was not partially lifted." *Sedona*, 2005 WL 2647945, at *3 (citing *Global Crossing*, 322 F. Supp. 2d at 352-53). Plaintiffs have not made any such showing here, nor could they. To the contrary, it is Defendants who will be unduly burdened if discovery commences before the Court determines the scope of the securities offerings that are actually the subject of this securities class action. In short, waiting for the Court to rule on the motions prejudices no one and all parties will be benefited by the clarity provided by the Court's decision.

With respect to Plaintiffs' discovery argument, there is no way around the fact that discovery will be inefficient and duplicative if phased in the way Plaintiffs suggest. Plaintiffs propose that the parties begin discovery now for the eight offerings that the parties agree are part of this action and that discovery proceed later for up to fourteen additional offerings, based on the outcome of the pending motions. (2/11/14 Ltr. at 2.) Defendants have three primary sources of electronic documents: email, databases, and share drives. Under Plaintiffs' proposal, each of these three sources inevitably will be searched twice (or more)—as opposed to just once—thereby compounding costs significantly. It is more efficient and cost effective to search each source once. Further, as Plaintiffs themselves note, witnesses "overlap across all offerings" (2/11/14 Ltr. at 2), which means that, under Plaintiffs proposal, an individual custodian's email files will be searched and reviewed multiple times—once using search terms related to the initial eight offerings and later using additional search terms related to the other offerings, depending upon the outcome of the pending motions. Thus, the very same email may be reviewed and produced twice or more.

Hon. Laura Taylor Swain
February 13, 2014
Page 3

    Plaintiffs' suggestion that the parties can agree on search terms and other discovery protocols before the pending motions are resolved (2/11/14 Ltr. at 2) is also misleading in its superficiality. There is no way to agree on search terms when the offerings at issue in this action have yet to be determined. The parties will not know the full body of documents potentially subject to search and review until the pending motions are resolved. Without such an understanding, the parties cannot test proposed search terms to understand if they will work efficiently.

    The fact that Defendants have produced documents in the past in connection with governmental investigations and other private securities litigation (2/11/14 Ltr. at 2) does not make production in this action less burdensome; it is simply not relevant. The investigations and actions to which Plaintiffs refer involved different allegations, offerings, and custodians, among other things. Documents produced in those other contexts are not germane to this action. In addition, Plaintiffs have not identified specific documents from Defendants' productions in other matters that they believe should be produced in this action, nor have they identified how such documents would be located among the millions of pages of documents produced by Defendants in other contexts.

    Defendants will be ready to commence discovery when the time for discovery arrives. Defendants have preserved, and will continue to preserve, relevant documents during the pendency of the stay. Defendants respectfully submit that discovery should await the Court's decision on the motions, both as a matter of law and of practicality. For these reasons, Defendants respectfully request that Plaintiffs' application for an order requiring discovery to commence be denied.

Respectfully,

*Richard A. Edlin* /emsa

Richard A. Edlin

cc:    All counsel of record (via ECF)