EXECUTION VERSION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE BEAR STEARNS MORTGAGE
PASS-THROUGH CERTIFICATES
LITIGATION

Case No. 1:08-cv-08093-LTS

---

## STIPULATION AND AGREEMENT OF SETTLEMENT

EXECUTION VERSION

This stipulation and agreement of settlement (the "Stipulation" or the "Settlement") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this Settlement is entered into by the Court-appointed Lead Plaintiffs, the Public Employees' Retirement System of Mississippi ("MissPERS") and the New Jersey Carpenters Health Fund ("New Jersey Carpenters"; with MissPERS, "Lead Plaintiffs"), and Plaintiffs Boilermaker Blacksmith National Pension Trust ("Boilermaker Pension Trust"), Police and Fire Retirement System of the City of Detroit ("Detroit P&F"), the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employee Retirement Fund (collectively, "OPERS"), Iowa Public Employees' Retirement System ("IPERS"), and San Antonio Fire and Police Pension Fund ("San Antonio F&P") (collectively, with Lead Plaintiffs, "Plaintiffs"), on behalf of the proposed Class as defined below, and Defendants Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC), Structured Asset Mortgage Investments II, Inc., Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, and Thomas F. Marano (collectively "Defendants"; with Plaintiffs, the "Settling Parties").

The Settlement is intended by the Settling Parties to fully and finally compromise, resolve, discharge and settle the Class Members' Released Claims against the Released Parties, subject to the terms and conditions set forth below and final approval of the Court.

WHEREAS:

A.      All terms with initial capitalization shall have the meanings ascribed to them in paragraph 1 below.

B.      On August 20, 2008, a class action complaint (the "Initial Complaint") was filed against Defendants and certain other defendants in the Supreme Court of the State of New York, County of New York, Index No. 08-602426, on behalf of all persons or entities who purchased certain certificates pursuant or traceable to an offering of mortgage loan pass-through

1

EXECUTION VERSION

certificates, issued by Bear Stearns Mortgage Funding Trust 2006-AR1, asserting certain claims under the Securities Act of 1933 (the "Securities Act").

C.      On September 18, 2008, the defendants removed the Action to the United States District Court, Southern District of New York, Case No. 08-cv-8093.

D.      On May 15, 2009, New Jersey Carpenters and Boilermaker Pension Trust filed the First Consolidated Amended Securities Class Action Complaint (the "First Amended Complaint"), alleging Securities Act claims against Defendants and others, on behalf of a class of persons or entities that purchased or otherwise acquired beneficial interests in certain residential mortgage-backed securities ("RMBS") pursuant and/or traceable to two specified registration statements. On July 9, 2009, Pension Trust Fund for Operating Engineers filed a class action complaint in a related action in the United States District Court, Southern District of New York, Case No. 09-cv-6172 (the "Operating Engineers Complaint"), alleging Securities Act claims against Defendants and others on behalf of a class of purchasers of certificates in 11 of the same offerings as in the First Amended Complaint, as well as additional offerings (the "Operating Engineers Action").  The Court consolidated the Operating Engineers Action into Case No. 08-cv-8093, re-designating the consolidated action as *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*.

E.      On December 23, 2009, the Court appointed MissPERS and New Jersey Carpenters as Co-Lead Plaintiffs and appointed their choice of counsel, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), as Co-Lead Counsel.

F.      On February 19, 2010, Lead Plaintiffs MissPERS and New Jersey Carpenters, and Plaintiff Boilermaker Pension Trust, filed the Consolidated Class Action Complaint (the "First Consolidated Complaint"), alleging Securities Act claims against Defendants and others on behalf of a class of persons or entities that purchased or otherwise acquired beneficial interests in certain RMBS pursuant and/or traceable to two specified registration statements.  Defendants filed motions to dismiss the First Consolidated Complaint on April 21 and April 27, 2010.

2

EXECUTION VERSION

Plaintiffs filed their oppositions to the motions on June 15, 2010, and Defendants filed replies in further support of their motions to dismiss on July 21, 2010.

G.      After the close of briefing, the Court, on September 28, 2010, granted Plaintiffs leave to amend the complaint, and denied without prejudice the motions to dismiss.

H.      On October 29, 2010, Lead Plaintiffs, Plaintiffs Boilermaker Pension Trust, Detroit P&F, OPERS, IPERS, San Antonio F&P, and additional plaintiff, the City of Fort Lauderdale Police & Fire Retirement System, filed the Third Amended Class Action Complaint ("Third Complaint" or the "Complaint") alleging Securities Act claims against Defendants and other defendants on behalf of a class of all persons or entities who purchased or otherwise acquired beneficial interests in certain certificates issued pursuant and/or traceable to two specified registration statements.  On December 3, 2010, Defendants filed a motion to dismiss the Third Complaint.  Plaintiffs filed their opposition to the motion on January 26, 2011. Defendants filed their reply on February 24, 2011.

I.      On March 30, 2012, the Court entered its Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Third Complaint.  On April 13, 2012, Defendants requested certification for interlocutory review of the Court's motion to dismiss ruling, and to stay the Action pending the outcome of the interlocutory appeal motion, or in the alternative, stay the Action pending the outcome of the appeal before the Second Circuit in *Police and Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc.*, No. 11-2998-cv (2d. Cir.) ("*IndyMac*").  Plaintiffs opposed Defendants' motion on April 27, 2012, and Defendants filed their reply on May 4, 2012.

J.      Defendants filed their Answer to the Third Complaint on May 14, 2012.

K.      On May 16, 2012, the Court stayed the Action pending the outcome of the Second Circuit appeal in *IndyMac* concerning the application of the *American Pipe* tolling doctrine to the statute of repose in the Securities Act.

L.      Following the Second Circuit's decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*NECA-IBEW*"), Plaintiffs moved for

EXECUTION VERSION

leave to file an amended complaint in accordance with *NECA-IBEW* and to lift the stay of proceedings. Defendants filed their opposition on November 5, 2012, and Plaintiffs filed their reply on November 21, 2012.

      M.      Following the Second Circuit's decision in *IndyMac,* 721 F.3d 95 (2d Cir. 2013), the Court restored the case to the Court's active calendar by order entered July 11, 2013.

      N.      On July 23, 2013, Plaintiffs filed a supplemental brief in further support of their motion for leave to amend, and Defendants filed a motion for reconsideration of the Court's dismissal order in light of *IndyMac*.

      O.      On August 2, 2013, Plaintiffs filed an additional supplemental brief in support of their motion for leave to amend, and in opposition to Defendants' motion for reconsideration. The same day, Defendants filed their reply in support of their motion for reconsideration, and in further opposition to Plaintiffs' motion for leave to amend.

      P.      On December 2, 2013, the parties filed a Joint Response to the Court's November 14, 2013 Order, identifying the 22 offerings remaining at issue in the case, including the 8 offerings for which there is no dispute as to standing and timeliness and that would proceed regardless of the outcome of pending motions, and the 14 disputed offerings. These are the 22 offerings which are the subject of this Settlement.

      Q.      On November 1, 2013, Plaintiffs served Defendants with document requests and sought to begin the meet-and-confer process. Defendants objected to the requests on the ground that discovery was stayed under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") as a result of the pendency of Defendants' motion for reconsideration. The parties exchanged letters related to the dispute on November 8, November 13, November 25, and December 4, 2013.

      R.      On February 11, 2014, Plaintiffs submitted a letter to the Court requesting that narrow discovery be allowed to proceed prior to the Court's pretrial conference. Defendants filed a response on February 13, 2014, opposing Plaintiffs' request that discovery be allowed to commence. The Court denied Plaintiffs' request on February 18, 2014.

EXECUTION VERSION

S.     On May 20, 2014, Plaintiffs submitted a letter to the Court stating their unopposed request for leave to serve document-preservation subpoenas on non-parties.  The Court approved Plaintiffs' request on May 22, 2014.

T.     On August 4, 2014, the parties informed the Court that, while discovery was stayed by the Court's February 18, 2014 Order, the parties had agreed to the informal production of documents and information in connection with an upcoming mediation before a private mediator.  The Court instructed the parties to inform the Court on or before October 1, 2014, regarding the status of settlement discussions.

U.     On August 19, 2014, the Court entered the parties' Confidentiality Stipulation and Order Relating to Exchange of Mediation Material Containing Non-Party Borrower Information.

V.     On October 1, 2014, the parties informed the Court that settlement discussions were ongoing, the exchange of documents was underway, and the parties had scheduled an in-person mediation session before the Honorable Daniel Weinstein (Ret.) for October 30, 2014. The Court ordered the parties to provide the Court with a further update on or before January 9, 2015.

W.     On November 17, 2014, after a mediation process conducted by the Honorable Daniel Weinstein (Ret.) as Mediator and additional extensive arm's-length negotiations, and following a Mediator's Recommendation, the Settling Parties executed a confidential Term Sheet to Settle Class Action reflecting an agreement in principle to settle the Action for a Settlement Fund of $500 million and a Cost Fund up to $5 million, for a total of $505 million, subject to satisfaction of certain conditions and negotiation of this Stipulation.

X.     On January 8, 2015, the parties informed the Court that they had reached an agreement in principle to settle the Action, subject to satisfaction of certain conditions and negotiation of a stipulation of settlement.

Y.     Lead Counsel have conducted extensive investigations relating to the claims and the underlying events and transactions alleged in the Action.  Lead Counsel have analyzed evidence, including a substantial volume of documents produced by Defendants, and have

EXECUTION VERSION

researched the applicable law with respect to the claims of Plaintiffs and the Class, as well as Defendants' potential defenses and other litigation issues, including those related to class certification.

Z.     This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  This Stipulation shall not be construed or deemed to be a concession by Plaintiffs of any infirmity in the claims asserted in the Action.

AA.     Based upon their investigation, Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Plaintiffs and the Members of the Class will receive from resolution of the Action as against the Defendants, (ii) the attendant risks of litigation, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs as to any lack of merit of the Action whatsoever, and without any admission or concession of Defendants as to any liability or wrongdoing or lack of merit in the defenses whatsoever, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the PSLRA and other conditions set forth herein, in consideration of the benefits flowing to the Settling Parties, that the Action and all of the Class Members' Released Claims as against the Released Parties and all Released Parties' Claims shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

EXECUTION VERSION

## **DEFINITIONS**

1.      As used in this Stipulation, the following terms shall have the meanings specified below.

(a)      "Action" means the consolidated securities class action styled *In re Bear Stearns Mortgage Pass-Through Certificates Litigation,* Civil Action No. 08-cv-8093 (LTS) (KNF) (S.D.N.Y.).

(b)      "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator (in accordance with the requirements established by the Court) that is approved for payment from the Net Settlement Fund.

(c)      "Certificates" means certificates from the following 22 offerings: BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates backed by groups 1, 3 and 5 only), BSARM 2007-3, BSMF 2006-AR1, BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), and SAMI 2007-AR2 (certificates backed by group 1 only).

(d)      "Undisputed Certificates" means those Certificates listed (by CUSIP) on Table A-1 to the Plan of Allocation, which will be available on the Settlement website.

(e)      "Disputed Certificates" means those Certificates listed (by CUSIP) on Table A-2 to the Plan of Allocation, which will be available on the Settlement website.

(f)      "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

(g)      "Claim Form" or "Proof of Claim Form" means the Proof of Claim Form and Release (substantially in the form attached hereto as Exhibit A-2) that a Claimant or Class Member must complete if that Claimant or Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

EXECUTION VERSION

(h)　"Claimant" means a Person that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(i)　"Claims Administrator" means The Garden City Group, Inc., or other claims administrator selected by Lead Counsel subject to Court approval.

(j)　"Class" means all Persons who:  (i) prior to July 9, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates backed by groups 1, 3 and 5 only), or BSARM 2007-3, and were damaged thereby; (ii) prior to August 20, 2008, purchased or otherwise acquired offered RMBS pursuant or traceable to offering BSMF 2006-AR1, and were damaged thereby; or (iii) prior to May 15, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), or SAMI 2007-AR2 (certificates backed by group 1 only), and were damaged thereby.  Excluded from the Class are: (1) Defendants and the other Released Parties and any entity in which any Defendant has or had a controlling interest, except that affiliates and entities in which a Defendant has or had a controlling interest, other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles), are excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they have held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Class; and (2) Persons that have separately asserted or pursued their claims against Defendants asserting claims arising from securities covered by the Class, including by filing individual actions or privately entering into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 hereto, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under

EXECUTION VERSION

seal in any public filing of this Stipulation.  The Notice shall provide that anyone with questions as to whether or not they are excluded may call the Claims Administrator.  Also excluded from the Class are any Persons who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

(k)      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(l)      "Class Member" or "Member of the Class" means a Person that is a Member of the Class and that does not exclude himself, herself or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

(m)      "Class Representatives" means Plaintiffs.

(n)      "Complaint" means the Third Amended Class Action Complaint filed in this Action on October 29, 2010.

(o)      "Cost Fund" means a non-interest bearing escrow account for payment of Plaintiffs' Counsel's Litigation Costs, as approved by the Court, and Notice and Administration Expenses, into which the Cost Fund Amount shall be deposited, and shall be maintained in an account at JPMorgan Chase Bank, N.A.

(p)      "Cost Fund Amount" means a fund provided by Defendants in an amount up to five million dollars (US$5,000,000.00) for payment of Plaintiffs' Counsel's Litigation Costs, as approved by the Court, and Notice and Administration Expenses.

(q)      "Cost Fund Escrow Agreement" means the agreement entered into with Lead Counsel and Institutional Defendants setting forth the terms under which the Cost Fund shall be maintained in an account at JPMorgan Chase Bank, N.A.

(r)      "Court" means the United States District Court for the Southern District of New York.

(s)      "Defendants" means Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC),

EXECUTION VERSION

Structured Asset Mortgage Investments II, Inc., Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, and Thomas F. Marano.   Plaintiffs represent and warrant that the Former Defendants are not parties to the claims arising from the 22 offerings covered by this Settlement and Plaintiffs are not bringing claims against them arising from those 22 offerings.

(t)   "Defendants' Counsel" means Institutional Defendants' Counsel, and the law firms of Morrison & Foerster LLP and Kramer Levin Naftalis & Frankel LLP.

(u)   "Effective Date" means the first day following the day on which the Settlement contemplated by this Stipulation shall become effective as set forth in paragraph 35 below.

(v)   "Escrow Agent" means a financial services company designated by Lead Counsel to hold the Settlement Fund in escrow.

(w)   "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Settlement Fund.

(x)   "Final" when referring to an order or judgment means the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the Settling Parties elect to terminate this Settlement, the date that such Alternative Judgment is no longer subject to appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired *provided, however*, that any disputes or appeals relating solely to amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Order and Final Judgment becomes Final.

EXECUTION VERSION

(y)    "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(z)    "Former Defendants" means Bear Stearns Asset Backed Securities I, LLC, Joseph T. Jurkowski, Jr., and Samuel Molinaro, Jr.

(aa)    "Institutional Defendants" means Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC), and Structured Asset Mortgage Investments II, Inc.

(bb)    "Institutional Defendants' Counsel" means the law firms of Greenberg Traurig LLP and Sullivan & Cromwell LLP.

(cc)    "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which any Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, general partner, managing member, or other similar capacity; provided, however, that any Claim submitted by an Investment Vehicle shall be pro-rated in accordance with the amount owned by the Defendants and their affiliates.

(dd)    "Lead Counsel" or "Co-Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC.

(ee)    "Lead Plaintiffs" or "Co-Lead Plaintiffs" means the Public Employees' Retirement System of Mississippi and the New Jersey Carpenters Health Fund.

(ff)    "Litigation Costs" means Plaintiffs' Counsel's documented, out-of-pocket litigation expenses which, for the avoidance of doubt, does not include attorneys' fees, for which Lead Counsel intend to apply to the Court for payment out of the Cost Fund.  Lead Counsel may also apply to the Court for reimbursement from the Settlement Fund for the expenses of Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4).

(gg)    "Net Settlement Fund" means the Settlement Fund less:  (i) any attorneys' fees awarded by the Court; (ii) any required Taxes and Tax Expenses; (iii) any reimbursement of

11

EXECUTION VERSION

expenses to Plaintiffs as awarded by the Court; (iv) any Notice and Administration Costs paid from the Settlement Fund in the event that the Cost Fund is depleted; and (v) any Litigation Costs awarded by the Court and paid from the Settlement Fund in the event that the Cost Fund is depleted.

(hh)    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Costs (substantially in the form attached hereto as Exhibit A-1), which is to be sent to Members of the Class.

(ii)    "Notice and Administration Costs" means the actual documented, reasonable costs of notice and administration of the Settlement that are incurred by the Claims Administrator in connection with, among other duties, (i) providing notice to the Class; (ii) administering the Claims process; and (iii) distributing the Net Settlement Fund.

(jj)    "Offerings" means the following 22 Offerings:  BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates backed by groups 1, 3 and 5 only), BSARM 2007-3, BSMF 2006-AR1, BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), and SAMI 2007-AR2 (certificates backed by group 1 only).

(kk)    "Undisputed Offerings" means BSMF 2006-AR1, SAMI 2006-AR5, SAMI 2006-AR6, BSARM 2007-3, SAMI 2006-AR7, BSMF 2006-AR4, BSMF 2006-AR5, and BSARM 2007-1 (certificates backed by groups 1, 3 and 5 only).

(ll)    "Disputed Offerings" means BALTA 2006-6, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, SAMI 2007-AR1 (certificates backed by group 1 only), SAMI 2007-AR2 (certificates backed by group 1 only), SAMI 2006-AR4, BSMF 2006-AR2, SAMI 2006-AR8, BSMF 2006-AR3, BSMF 2007-AR1, BSMF 2007-AR3, BALTA 2006-5, and BALTA 2006-7.

EXECUTION VERSION

(mm)  "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to paragraph 33 of this Stipulation substantially in the form of Exhibit B attached hereto.

(nn)  "Person" and "Persons" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

(oo)  "Plaintiffs' Counsel" means Lead Counsel and any other legal counsel who represented or contributed to the representation of Lead Plaintiffs or other plaintiffs in the Action.

(pp)  "Plan of Allocation" means the proposed plan for allocating the Net Settlement Fund to Authorized Claimants as attached to the Notice, or such other plan of allocation as the Court shall approve.

(qq)  "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Class.

(rr)  "Publication Notice" or "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(ss)  "Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that relate to the purchase, other acquisition, or sale of the Certificates sold in the Offerings and that Lead Plaintiffs or any other Member of the Class (a) asserted in the Action, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, or representations or omissions involved, set forth, or referred to in the Action.  "Released Claims" shall not include derivative claims, including contractual claims, belonging to the issuing trusts.  Nothing herein shall be construed to suggest or imply that any derivative claims exist or have merit.

EXECUTION VERSION

(tt)  "Released Parties" means:  (a) the Defendants; (b) the Defendants' current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their respective capacities as such; and (c) the Former Defendants.

(uu)  "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, except for claims relating to the enforcement of the Settlement, against Plaintiffs, Plaintiffs' Counsel, or any other Class Member.

(vv)  "Settlement" means this Stipulation and the settlement contained herein.

(ww)  "Settlement Amount" means the total principal amount of five hundred million dollars (US$500,000,000.00) in cash.

(xx)  "Settlement Fund" means an escrow account maintained by the Escrow Agent and controlled by Lead Counsel into which the Settlement Amount shall be deposited, plus interest or income earned thereon.

(yy)  "Settling Parties" means (i) Defendants and (ii) Plaintiffs on behalf of the Class.

(zz)  "Stipulation" means this Stipulation and Agreement of Settlement.

(aaa)  "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(bbb)  "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Amount, including any interest or penalties thereon.

(ccc)  "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected

14

EXECUTION VERSION

his, her or its settlement with and release of the Released Parties (or Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

EXECUTION VERSION

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Class as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) appointment of Plaintiffs as Class Representatives; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## SCOPE AND EFFECT OF SETTLEMENT

3.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against Defendants and any and all of the Class Members' Released Claims as against all Released Parties.

4.      Upon the Effective Date of this Settlement, Plaintiffs and all Class Members, whether or not such Person submits a Proof of Claim Form, shall be deemed to have released, dismissed, and forever discharged the respective Class Member's Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

5.      Upon the Effective Date of this Settlement, Defendants and each of the other Released Parties shall be deemed to have released, dismissed, and forever discharged all the Released Parties' Claims against Plaintiffs, Plaintiffs' Counsel, and any other Class Member.

## THE SETTLEMENT CONSIDERATION

6.      On or before fifteen (15) business days following the date of the entry of the Preliminary Approval Order, the Institutional Defendants, in full and complete settlement of the Class Members' Released Claims against the Released Parties, shall pay or shall cause to be paid (i) the Settlement Amount into the Settlement Fund established by Lead Counsel pursuant to the Escrow Agreement for the benefit of the Class, in accordance with the payee's Form W-9 and wiring instructions on letterhead, to be provided by Lead Counsel within two (2) business days of entry of the Preliminary Approval Order, and (ii) the Cost Fund Amount into the Cost Fund, a non-interest bearing escrow account at JPMorgan Chase Bank, N.A., pursuant to the Cost Fund

EXECUTION VERSION

Escrow Agreement.  The Settlement Fund shall be invested or held as provided in paragraph 8 hereof.

## USE OF SETTLEMENT AND COST FUNDS

7.        The Settlement Fund shall be used to pay:  (i) any attorneys' fees awarded by the Court; (ii) any required Taxes and Tax Expenses; (iii) any reimbursement of expenses to Plaintiffs as awarded by the Court; (iv) in the event that the Cost Fund is depleted, any Notice and Administration Costs; and (v) in the event the Cost Fund is depleted, any Litigation Costs awarded by the Court.  The balance remaining in the Settlement Fund, *i.e.,* the Net Settlement Fund, shall be distributed to Authorized Claimants as provided below.  Plaintiffs' Counsel's Litigation Costs and the Notice and Administration Costs shall be paid from the Cost Fund as approved by the Court.  In the event that the Cost Fund is depleted, any additional amounts approved by the Court may be paid from the Settlement Fund.  In the event that, after payment of all Court-approved Litigation Costs and Notice and Administration Costs, there remain funds in the Cost Fund, the remaining amount in the Cost Fund shall be returned to the Institutional Defendants within fifteen (15) business days after the full distribution of the Net Settlement Fund.  In no event shall Defendants bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Amount and the Cost Fund Amount.

8.        The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein.  Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the escrowed Settlement Fund prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Settlement Fund exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United

EXECUTION VERSION

States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

9.       After payment of the Settlement Amount into the Settlement Fund, the Settling Parties agree to treat the Settlement Amount as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Amount within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Amount.  Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Amount shall be paid out of the Settlement Amount as provided by paragraph 10 below.  Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Amount of any Taxes and Tax Expenses owed with respect to the Settlement Amount.  Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Amount within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

10.      All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund.  The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses.  Lead Counsel, or their agents, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions

18

EXECUTION VERSION

and payments therefrom, including, without limitation, the tax returns described in Treasury Regulation § 1.468B-2(k), and to the extent applicable, Treasury Regulation § 1.468B-2(l).  Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph.  Lead Counsel, or their agents, shall also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses.  The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this Stipulation.  The Released Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents, as described herein.

11.    This is not a claims-made settlement.    As of the Effective Date, neither Defendants nor any other Person who paid any portion of the Settlement Fund on any of their behalves, shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of claims submitted, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If any portion of the Settlement Fund remains following distribution pursuant to paragraph 8 and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Class, then such remaining funds, after payment of any further Court-approved fees, costs or expenses, shall be distributed to a nonsectarian non-profit charitable organization selected by Lead Plaintiffs in consultation with the Institutional Defendants and approved by the Court, or as otherwise directed by the Court.

12.    The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the

EXECUTION VERSION

Settlement, and shall have no liability whatsoever to any Person, including, but not limited to, the Class Members, in connection with any such administration.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those Members of the Class who may be identified through reasonable effort, including through the cooperation of Defendants and/or their agents.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.  Defendants agree to cooperate reasonably with Lead Counsel in identifying the names and addresses of potential Class Members, including by providing or causing to be provided to Lead Counsel and/or the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) lists in the Institutional Defendants' possession sufficient to identify potential Class Members, in electronic form within five (5) business days after the entry of the Preliminary Approval Order.  To the extent such lists have already been produced to Lead Plaintiffs, they need not be provided again.

13.    Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Cost Fund (or, if depleted, the Settlement Fund), without further approval from Defendants or order of the Court, all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing and paying the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or to any other Person who paid any portion of the Settlement Fund or the Cost Fund.

14.    The finality of the Settlement shall not be conditioned upon any ruling by the Court concerning the Plan of Allocation or any award of attorneys' fees or Litigation Costs.  Any

EXECUTION VERSION

order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims.  Unless otherwise ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

## ATTORNEYS' FEES AND LITIGATION COSTS

15.    Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for a collective award from the Settlement Fund of attorneys' fees, plus interest.  Lead Counsel also will apply to the Court for payment from the Cost Fund (or, if depleted, the Settlement Fund) for reimbursement of Plaintiffs' Counsel's Litigation Costs.  Lead Counsel may also apply for reimbursement from the Settlement Fund for the expenses of Plaintiffs (including lost wages) in accordance with 15 U.S.C. § 77z-1(a)(4).

16.    The Court-awarded attorneys' fees shall be paid to Lead Counsel from the Settlement Fund.  The Court-approved Litigation Costs shall be paid first from the Cost Fund and, if for any reason the Cost Fund is depleted or if otherwise ordered by the Court, then from the Settlement Fund.  Attorneys' fees and Litigation Costs that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely-filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to repay all such amounts with interest at the same net rate as is earned by the escrowed Settlement Fund if the Settlement is terminated for any reason, or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Costs is reduced or reversed. Lead Counsel shall make the appropriate refund or repayment no later than fifteen (15) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice

EXECUTION VERSION

of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Costs.

17.     Lead Counsel shall allocate the attorneys' fees and expenses amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

18.     Defendants shall have no responsibility for, and no liability with respect to, the allocation of the fees and expenses that Lead Counsel may make to other Plaintiffs' Counsel in connection with this Action or any other person who may assert some claim thereto.

19.     The procedure for and amounts of any award of attorneys' fees and Litigation Costs, and the allowance or disallowance by the Court thereof, shall not be a condition of the Settlement.  Lead Counsel shall request that their application for an award of attorneys' fees and Litigation Costs be considered by the Court separately from the Court's consideration of the fairness and adequacy of the Settlement.  Any order or proceeding relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims or the Released Parties' Claims.  The finality of the Settlement shall not be conditioned on any ruling by the Court concerning Lead Counsel's application for attorneys' fees and Litigation Costs.

## CLAIMS ADMINISTRATOR

20.     The Claims Administrator, subject to the supervision, direction and approval of Lead Counsel and the Court, shall administer and calculate the Claims submitted by Class Members, oversee distribution of the Net Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith.  Defendants and the other Released Parties shall have no liability, obligation or responsibility for the Notice, administration or processing of Claims or of the Settlement or disbursement of the Net Settlement Fund, including without limitation, determinations as to the validity of any Proof of Claim Form, the amounts of Claims, distributions of the Settlement Fund, or any loss incurred by the Escrow Agent or the

EXECUTION VERSION

Claims Administrator.  Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21.     The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation, as proposed by Plaintiffs and approved by the Court, or according to such other plan of allocation as the Court approves.  The proposed Plan of Allocation is appended to the Notice attached hereto as Exhibit A-1.

22.     The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendants and Plaintiffs, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation proposed in the appendix to the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  Neither Defendants nor any other Released Party shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund, nor shall Defendants object to the Plan of Allocation proposed by Plaintiffs.

23.     Any Class Member who does not timely submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.

24.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.  Neither Defendants nor any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  Neither

EXECUTION VERSION

Defendants nor any other Released Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.

25.    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by order of the Court.  Any Class Member who fails to submit a Claim Form by such date shall be, absent a court order, forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by court order, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.  A Claim Form shall be deemed to be submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.

26.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided for in the Order and Final Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

27.    Lead Counsel will apply to the Court, with reasonable notice to Defendants, for a Class Distribution Order, *inter alia*:  (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; and (ii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

EXECUTION VERSION

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Class Members.  All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in this Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Released Claims.

29.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## REQUESTS FOR EXCLUSION

30.     A Class Member requesting exclusion from the Class shall be requested to provide certain information to the Claims Administrator as set forth in the Notice.  Unless otherwise ordered by the Court, any Class Member who does not submit a timely written request for exclusion as provided by the Notice shall be bound by the Settlement.  Plaintiffs shall request that the deadline for submitting requests for exclusion be twenty-one (21) calendar days prior to the Final Approval Hearing.

31.     The Claims Administrator shall scan and send electronic copies of all requests for exclusion in .pdf format (or such other format as shall be agreed) to Defendants' Counsel and to Lead Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request.  As part of the motion papers in support of final approval of the Settlement, Lead Counsel will cause to be provided a list of all Persons who have requested exclusion from the Class.

EXECUTION VERSION

### TERMS OF PRELIMINARY APPROVAL ORDER
### IN CONNECTION WITH SETTLEMENT PROCEEDINGS

32.     Plaintiffs, by and through Lead Counsel, shall submit the Stipulation together with its Exhibits to the Court and shall move for entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A.

### TERMS OF ORDER AND FINAL JUDGMENT

33.     The Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B.

### SUPPLEMENTAL AGREEMENT

34.     Simultaneously herewith, Plaintiffs and Institutional Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at the unanimous discretion of Institutional Defendants if potential Class Members who meet certain criteria exclude themselves from the Class.  The Supplemental Agreement shall not be filed with the Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, in camera, if so requested by the Court or as otherwise ordered by the Court.  The parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them. In the event of a withdrawal from this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.  In the event the Settlement and this Stipulation are terminated, the provisions of paragraphs 13 and 36 - 39 shall survive termination.  Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by Institutional Defendants to exercise their option to withdraw from the Settlement pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

35.     The Effective Date of Settlement shall be the day following the latest date when all of the following shall have occurred:

EXECUTION VERSION

(a)      entry of the Preliminary Approval Order;

(b)      approval by the Court of the Settlement following notice to the Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and

(c)      entry by the Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired, or, in the event that the Court enters an Alternative Judgment and none of the Settling Parties elects to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

36.      Defendants and Plaintiffs each shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other within thirty (30) days of the date on which: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court refuses to approve this Settlement or any material part of it; (c) the Court declines to enter the Order and Final Judgment in any material respect; (d) the Order and Final Judgment is vacated, modified or reversed in any material respect; (e) an Alternative Judgment is vacated, modified or reversed in any material respect; or (f) the Effective Date of Settlement otherwise does not occur.    Institutional Defendants may also terminate the Settlement and this Stipulation pursuant to paragraph 34.  The foregoing list is not intended to limit or impair the parties' rights under the law of contracts with respect to any breach of this Stipulation.  In the event the Settlement and this Stipulation are terminated, the provisions of paragraphs 13 and 36-39 shall survive termination.

37.      Except as otherwise provided herein, in the event the Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, the parties to this Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action

EXECUTION VERSION

as of November 17, 2014, and except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact, or terms of this Settlement.

38.     Except as otherwise provided herein, in the event this Stipulation is terminated or if the requirements set forth in paragraph 35 for determining the Effective Date fail to be satisfied for any reason, then within fifteen (15) business days after written notice is sent by Lead Counsel or Defendants' Counsel, the balance of the Settlement Fund and the Cost Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to Defendants, including interest accrued thereon, in the proportion to which the Settlement Fund was paid.

## NO ADMISSION OF WRONGDOING

39.     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including Exhibits, the Plan of Allocation methodology, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received against Defendants, other Released Parties, Plaintiffs or the other members of the Class as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or other Released Parties or by Plaintiffs or the other Members of the Class with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants or other Released Parties;

(b)     shall not be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party, or against

28

EXECUTION VERSION

Plaintiffs or any of the other Members of the Class as evidence of any infirmity in the claims of Plaintiffs and the other Members of the Class;

(c)    shall not be offered or received against the Released Parties, Plaintiffs or the other Members of the Class as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Settlement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against the Released Parties, Plaintiffs' Counsel or Plaintiffs or the other Members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or the other Members of the Class or any of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

## **MISCELLANEOUS PROVISIONS**

40.    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit hereto, the terms of this Stipulation shall prevail.

41.    Institutional Defendants shall be responsible for timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), including by mailing out the CAFA notice within ten (10) calendar days of the filing of this

EXECUTION VERSION

Stipulation with the Court.  Institutional Defendants shall promptly inform Lead Counsel that such timely mailing has occurred.

42.     The Institutional Defendants each warrant that, as to the payments made by or on behalf them, at the time of such payment that Institutional Defendants made or caused to be made pursuant to paragraph 6 above, they were not insolvent, nor will the payment required to be made by or on their behalf render them insolvent, within the meaning of and/or for the purposes of the United States Code (Bankruptcy), including Sections 101 and 547 thereof.  This representation is made by Institutional Defendants and not by Defendants' Counsel.

43.     If a case is commenced in respect of any Defendant (or any Person contributing funds to the Settlement on behalf of Defendants) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Order and Final Judgment entered in favor of Defendants and the other Released Parties pursuant to this Stipulation, which releases and judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to November 17, 2014, and any cash amounts in the Settlement Fund shall be returned as provided in paragraph 36 above.

44.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of all Settling Parties or their successors-in-interest.

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

EXECUTION VERSION

46.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Class Members' Released Claims.  Accordingly, Plaintiffs, Lead Counsel, Defendants, and Defendants' Counsel agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.  The parties to this Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

47.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its Exhibits and the Supplemental Agreement constitute the entire agreement among these parties, and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits and Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via electronic mail.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     The Settling Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation.

51.     Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of Plaintiffs or Defendants, as the case may be, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

31

EXECUTION VERSION

52.     This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the Settling Parties, including any and all Released Parties and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate, or reorganize.

53.     Notices required by this Stipulation shall be submitted by any form of overnight mail, electronic mail, facsimile, or in person to each of the signatories below.

54.     The administration, consummation, and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and Litigation Costs, and enforcing the terms of this Stipulation and the Settlement.

55.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

56.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed by their duly authorized attorneys as of February 2, 2015.

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

By: _____
DAVID R. STICKNEY

32

EXECUTION VERSION

David R. Stickney
Niki L. Mendoza
Richard D. Gluck
Matthew P. Jubenville
L. Reza Wrathall
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
    -and-
Max W. Berger
James A. Harrod
Katherine Stefanou
1285 Avenue of the Americas, 38th Floor
New York, NY 10019


COHEN MILSTEIN SELLERS & TOLL PLLC

By: _____
     DANIEL S. SOMMERS

Daniel S. Sommers
S. Douglas Bunch
1100 New York Avenue, NW, Suite 500 East
Washington, D.C. 20005
    -and-
Joel P. Laitman
Christopher Lometti
Richard Speirs
Daniel B. Rehns
88 Pine Street, 14th Floor
New York, NY 10005

*Counsel for Lead Plaintiffs and Co-Lead Counsel
for the Class*

EXECUTION VERSION

GREENBERG TRAURIG, LLP

By: _Richard A Edlin / AAA_
          RICHARD A. EDLIN

Richard A. Edlin
Anastasia A. Angelova
MetLife Building
200 Park Avenue
New York, NY  10166

  - and -

SULLIVAN & CROMWELL LLP
Robert A. Sacks
1888 Century Park East
Los Angeles, CA  90067

*Counsel for Defendants Bear, Stearns & Co. Inc.,
J.P. Morgan Securities Inc. (n/k/a J.P. Morgan
Securities LLC), EMC Mortgage Corporation
(n/k/a/ EMC Mortgage LLC), and Structured Asset
Mortgage Investments II, Inc.*

MORRISON & FOERSTER LLP

By:_____
   JOEL C. HAIMS

Joel C. Haims
250 W. 55th Street
New York, NY 10019-9601

*Counsel for Defendants Thomas F. Marano and
Michael B. Nierenberg*

34

EXECUTION VERSION

GREENBERG TRAURIG, LLP

By: _____
          RICHARD A. EDLIN

Richard A. Edlin
Anastasia A. Angelova
MetLife Building
200 Park Avenue
New York, NY 10166

- and -

SULLIVAN & CROMWELL LLP
Robert A. Sacks
1888 Century Park East
Los Angeles, CA 90067

*Counsel for Defendants Bear, Stearns & Co. Inc.,
J.P. Morgan Securities Inc. (n/k/a J.P. Morgan
Securities LLC), EMC Mortgage Corporation
(n/k/a/ EMC Mortgage LLC), and Structured Asset
Mortgage Investments II, Inc.*

MORRISON & FOERSTER LLP

By: _____
          JOEL C. HAIMS

Joel C. Haims
250 W. 55th Street
New York, NY 10019-9601

*Counsel for Defendants Thomas F. Marano and
Michael B. Nierenberg*

34

EXECUTION VERSION

KRAMER LEVIN NAFTALIS
    & FRANKEL LLP

By: _____
    DANI R. JAMES

Dani R. James
Jade A. Burns
1177 Avenue of the Americas
New York, NY 10036

*Counsel for Defendant Jeffrey L. Verschleiser*


GREENBERG TRAURIG LLP

By: _____
    RONALD D. LEFTON

Ronald D. Lefton
MetLife Building
200 Park Avenue
New York, NY 10166

*Counsel for Defendant Jeffrey Mayer*

35

EXECUTION VERSION

KRAMER LEVIN NAFTALIS
& FRANKEL LLP

By:_____
    DANI R. JAMES

Dani R. James
Jade A. Burns
1177 Avenue of the Americas
New York, NY 10036

*Counsel for Defendant Jeffrey L. Verschleiser*

GREENBERG TRAURIG LLP
By: _____
    RONALD D. LEFTON

Ronald D. Lefton
MetLife Building
200 Park Avenue
New York, NY 10166

*Counsel for Defendant Jeffrey Mayer*

35

APPENDIX 1

REDACTED FOR FILING