EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE BEAR STEARNS MORTGAGE
PASS-THROUGH CERTIFICATES
LITIGATION

Case No. 1:08-cv-08093-LTS

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS:

A.      Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the

New Jersey Carpenters Health Fund ("Lead Plaintiffs"), and Plaintiffs Boilermaker Blacksmith

National Pension Trust, Police and Fire Retirement System of the City of Detroit, the State of

Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee

Retirement Board on behalf of the Oregon Public Employee Retirement Fund, Iowa Public

Employees' Retirement System, and San Antonio Fire and Police Pension Fund (collectively,

with Lead Plaintiffs, "Plaintiffs"), on behalf of the proposed Class, and Defendants Bear,

Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC

Mortgage Corporation (n/k/a EMC Mortgage LLC), Structured Asset Mortgage Investments II,

Inc., Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, and Thomas F. Marano

(collectively "Defendants"; with Plaintiffs, the "Settling Parties") have entered into a settlement

of the Action, the terms of which are set forth in the Stipulation and Agreement of Settlement

(the "Stipulation" or the "Settlement"), which is subject to review under Rule 23 of the Federal

Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and

conditions of the proposed settlement of the Action; and

1

B.      Plaintiffs have moved the Court, and Defendants have not opposed, for an Order: (1) certifying a class in this Action for settlement purposes; (2) approving the form, content and method of notice to be sent to the Class; and (3) scheduling a hearing for final approval of the Settlement; and

C.      The Court having read and considered the Stipulation and Exhibits thereto, including the proposed (i) Notice; (ii) Proof of Claim Form; (iii) Summary Notice; and (iv) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2.      The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Class, pending a final hearing on the Settlement.

3.      Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, or in the form of Order and Final Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

**CLASS CERTIFICATION**

4.      The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

All Persons who:  (i) prior to July 9, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates

backed by groups 1, 3 and 5 only), or BSARM 2007-3, and were damaged thereby; (ii) prior to August 20, 2008, purchased or otherwise acquired offered RMBS pursuant or traceable to offering BSMF 2006-AR1, and were damaged thereby; or (iii) prior to May 15, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), or SAMI 2007-AR2 (certificates backed by group 1 only), and were damaged thereby.  Excluded from the Class are (1) Defendants and the other Released Parties and any entity in which any Defendant has or had a controlling interest, except that affiliates and entities in which a Defendant has or had a controlling interest, other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles), are excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they have held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Class; and (2) Persons that have separately asserted or pursued their claims against Defendants asserting claims arising from securities covered by the Class, including by filing individual actions or privately entering into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 to the Stipulation, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under seal in any public filing.  The Notice shall provide that anyone with questions as to whether or not

they are excluded may call the Claims Administrator.  Also excluded from the Class are

any Persons who exclude themselves by filing a valid request for exclusion in accordance

with the requirements set forth in the Notice.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

of the Settlement only, Lead Plaintiffs the Public Employees' Retirement System of Mississippi

and the New Jersey Carpenters Health Fund, and Plaintiffs Boilermaker Blacksmith National

Pension Trust, Police and Fire Retirement System of the City of Detroit, the State of Oregon, by

and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on

behalf of the Oregon Public Employee Retirement Fund, Iowa Public Employees' Retirement

System, and San Antonio Fire and Police Pension Fund are appointed as the Class

Representatives, and Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers &

Toll PLLC are appointed as Class Counsel for the Class.

6.      The Court approves the appointment of The Garden City Group, Inc. ("GCG") as

the Claims Administrator to supervise and administer the notice procedure, as well as the

processing of claims as more fully set forth below:

a.      No later than ten (10) business days after entry of this Order, the Claims

Administrator shall cause a copy of the Notice and Proof of Claim Form (the "Claim

Form"), annexed as Exhibits A-1 and A-2, respectively, to the Stipulation, to be mailed

by first-class mail, postage prepaid, to those Members of the Class who may be identified

through reasonable effort, including through the cooperation of Defendants and/or their

agents (the "Notice Date");

b.      A summary notice (the "Summary Notice" or "Publication Notice"), annexed as

Exhibit A-3 to the Stipulation, shall be published once in the national edition of

*Investor's Business Daily*, *The Wall Street Journal*, and over the PR Newswire no later than five (5) business days after the Notice Date; and

c.      The Notice, the Summary Notice and the Claim Form shall also be placed on a website maintained by GCG, www.BearStearnsCertificateSettlement.com, on or before the Notice Date.

7.      The Court approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in Paragraph 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

8.      No later than thirty-five (35) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of the Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

9.      Nominees who purchased Certificates for beneficial owners who are Class Members are directed to:  (a) request within seven (7) calendar days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within

seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

10.     Defendants shall be responsible for timely service of any notice as described in the Class Action Fairness Act, 28 U.S.C. § 1715.

**HEARING:  RIGHT TO BE HEARD**

11.     The Court will hold a settlement hearing (the "Final Approval Hearing") on _____, 2015, at ____, in the courtroom of the Honorable Laura Taylor Swain at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, Courtroom 12D, for the following purposes:

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)     to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered;

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved;

(e)     to confirm certification of the proposed Class for settlement purposes; and

(f)     to rule upon such other matters as the Court may deem appropriate.

12.     The Court expressly reserves the right to adjourn the Final Approval Hearing, or any adjournment thereof; however, notice of any adjournment will be provided to Class Members via the Settlement website.  The Court further reserves the right to approve the Stipulation and/or the Plan of Allocation with modification approved by the parties to the Stipulation without further notice to Class Members at or after the Final Approval Hearing.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice at or after the Final Approval Hearing, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and litigation expenses.

13.     Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses shall be filed with the Court no later than thirty-five (35) calendar days prior to the Final Approval Hearing.  Reply papers shall be filed no later than fourteen (14) calendar days prior to the Final Approval Hearing.  Lead Counsel must file a compilation of all opt-out notices and objections received or filed, providing a courtesy copy to the Court's Chambers, no later than fourteen (14) calendar days before the Final Approval Hearing.

14.    Any Member of the Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to certification of the Class, the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and expenses. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or certification of the Class or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and expenses, unless that Class Member or person (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later twenty-one (21) calendar days prior to the Final Approval Hearing:

Lead Counsel for the Class

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
David R. Stickney
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, CA 92130-3582
-and-
COHEN MILSTEIN SELLERS & TOLL PLLC
Daniel S. Sommers
S. Douglas Bunch
1100 New York Avenue, NW, Suite 500 West
Washington, D.C. 20005

<u>Representative Counsel for Defendants</u>

GREENBERG TRAURIG, LLP
Richard A. Edlin
Anastasia A. Angelova
MetLife Building
200 Park Avenue
New York, NY  10166

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court

for the Southern District of New York.  Any objection must include:  (a) the case caption and the

full name, address, and phone number of the objecting Class Member; (b) a list and

documentation of all of the Class Member's transactions involving the Certificates included in

the Class definition, including brokerage confirmation receipts or other competent documentary

evidence of such transactions, including the amount and date of each purchase or sale and the

price paid and/or received, and documentation of any exchange transactions; (c) a written

statement of all grounds for the objection accompanied by any legal support for the objection;

(d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list

of all persons who will be called to testify in support of the objection; (f) a statement of whether

the objector intends to appear at the Final Approval Hearing; and (g) the objector's signature,

even if represented by counsel.  If the objector intends to appear at the Final Approval Hearing

through counsel, the objection must also state the identity of all attorneys who will appear on his,

her or its behalf at the Final Approval Hearing.  Any Class Member who does not make his, her

or its objection in the manner provided for herein shall be deemed to have waived such objection

and shall forever be foreclosed from making any objection to the fairness or adequacy of the

Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead

Counsel for an award of attorneys' fees and expenses.  By objecting to the Settlement, the Plan

of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and

expenses, or otherwise requesting to be heard at the Final Approval Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement.

15.     If the Settlement is approved, all Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the proposed settlement of the class action captioned *In re Bear Stearns Mortgage Pass-Through Certificates Litigation,* Civil Action No. 08-cv-08093-LTS (S.D.N.Y.), and must be signed by such person.  Such persons requesting exclusion are also directed to provide the following information:  (i) identity and original face value of Certificates purchased or otherwise acquired pursuant or traceable to the Offerings; (ii) prices or other consideration paid or received for such Certificates; and (iii) whether the Certificates were exchanged or sold, and if so, when, and, if applicable, the sale amount.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Any Person or entity that requests to be and is excluded from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

**CLAIMS PROCESS**

17.     In order to be potentially eligible to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member must take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form attached as Exhibit A-2 to the Stipulation, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than 120 calendar days from the Notice Date. Such deadline may be further extended by Court order.  A Claim Form shall be deemed to be submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions in the Notice.

(b)     The Claim Form submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim Form, the Claims Administrator shall determine, based upon the Class definition and the Plan of Allocation of the Net Settlement Fund, whether such claim is valid, deficient or rejected, subject to the supervision of Lead Counsel and the approval of the Court.   For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)     As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

18.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any Person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of the Court.

19.     None of the Defendants, nor any other Released Party, shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

20.     Only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21.     All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

22.     As set forth in the Stipulation, notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Cost Fund (or, if depleted, the Settlement Fund), without further approval from Defendants or order of the Court, all reasonable Notice and Administration Costs actually incurred.   Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing and paying the submitted claims, and the reasonable fees, if any, of the Escrow Agent.   In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or to any other Person who paid any portion of the Settlement Fund.

23.     Unless otherwise provided in the Stipulation or ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

24.     In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any Person or entity, the parties to the Stipulation shall be restored to their respective positions in the Action immediately before November 17, 2014, and, except as otherwise expressly provided, the parties

shall proceed in all respects as if the Stipulation and any related orders had not been entered, and the balance of the Settlement Fund and the Cost Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded as set forth in the Stipulation.

25.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:          New York, New York
                _____, 2015


                                        _____
                                        LAURA TAYLOR SWAIN
                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE BEAR STEARNS MORTGAGE
PASS-THROUGH CERTIFICATES
LITIGATION

Case No. 1:08-cv-08093-LTS

<u>EXHIBIT A-1</u>

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT,
FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES
<u>AND REIMBURSEMENT OF LITIGATION COSTS</u>**
*<u>A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.</u>*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if** (i) prior to July 9, 2009, you purchased or otherwise acquired offered residential mortgage-backed securities ("RMBS") pursuant or traceable to offerings BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates backed by groups 1, 3 and 5 only), or BSARM 2007-3, and were damaged thereby; (ii) prior to August 20, 2008, you purchased or otherwise acquired offered RMBS pursuant or traceable to offering BSMF 2006-AR1, and were damaged thereby; or (iii) prior to May 15, 2009, you purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), or SAMI 2007-AR2 (certificates backed by group 1 only), and were damaged thereby (the "Class"). CERTAIN PERSONS, SUCH AS PERSONS THAT HAVE SEPARATELY ASSERTED AND/OR PURSUED THEIR CLAIMS AGAINST DEFENDANTS, ARE EXCLUDED FROM THE DEFINITION OF THE CLASS.  The excluded Persons are specified below in ¶39. [1]

---

[1] All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation").  "Certificates" means certificates from the following 22 offerings:  BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates backed by groups 1, 3 and 5 only), BSARM 2007-3, BSMF 2006-AR1, BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), and SAMI 2007-AR2 (certificates backed by group 1 only). The CUSIP numbers for the Certificates are set forth in Tables A-1 and A-2 to the Plan of Allocation, which is available on the Settlement website: www.BearStearnsCertificateSettlement.com.

1

NOTICE OF SETTLEMENT: **Please also be advised that Lead Plaintiffs the Public Employees' Retirement System of Mississippi and the New Jersey Carpenters Health Fund (the "Lead Plaintiffs"), and Plaintiffs Boilermaker Blacksmith National Pension Trust ("Boilermaker Pension Trust"), Police and Fire Retirement System of the City of Detroit ("Detroit P&F"), the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employee Retirement Fund (collectively, "OPERS"), Iowa Public Employees' Retirement System ("IPERS"), and San Antonio Fire and Police Pension Fund ("San Antonio F&P") (collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of the Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $500 million in cash and payment of up to $5 million in litigation and administrative expenses that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

1.  **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants:  Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC), Structured Asset Mortgage Investments II, Inc., Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, and Thomas F. Marano ("Defendants") (collectively, with Plaintiffs, the "Settling Parties").  The proposed Settlement, if approved by the Court, will apply to the Class as described above.  Certain persons and entities are expressly excluded from the definition of the Class, including but not limited to those who have brought their own individual claims against Defendants, as set forth in ¶39 below.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (855) 382-6452.

2.  **Statement of the Class's Recovery:**  Subject to Court approval, and as described more fully in ¶¶50-54 below, Plaintiffs, on behalf of the Class, have agreed to settle all Released Claims (as defined in ¶51 below) against Defendants and other Released Parties (as defined in ¶52 below) in exchange for $500 million in cash (the "Settlement Amount"), plus interest or income earned thereon, and payment of up to $5 million in litigation and administrative expenses (the "Cost Fund Amount").  The Net Settlement Fund (the Settlement Fund less attorneys' fees and expenses approved by the Court that are paid out of the Settlement Fund) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to Members of the Class.  The Plan of Allocation is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial.  It is solely a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is attached to this Notice as Appendix A, and may be modified by the Court without further notice.

3.  **Statement of Average Distribution Per $1,000 in Original Value:**  The Settlement Amount consists of $500 million plus interest or income earned.  Based on the total original face value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates) purchased or acquired by

potential Class Members, and assuming all potential Class Members elect to participate, the estimated average distribution is $18.89 per $1,000 in original face value offered.   Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims (as defined in the Plan of Allocation appended hereto as Appendix A) represented by valid and acceptable Claim Forms as explained in the Plan of Allocation; when their Certificates were purchased or acquired and the price at the time of purchase; any principal amounts received; whether the Certificates were sold, and if so, when they were sold and for how much; if held on the applicable dates of suit identified in the Plan of Allocation for each of the Certificates, the price of the Certificates on that date; and whether the Court had sustained claims for purchasers of the Certificates.   In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs that are paid out of the Settlement Fund, as approved by the Court.

4.      **Statement of the Parties' Position on Damages:**   Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Plaintiffs and/or the Class, and that Plaintiffs or other Members of the Class suffered any injury.   Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of damages per Certificate that would be recoverable if Plaintiffs were to prevail on each of the claims.   The issues on which the parties disagree include, but are not limited to, whether:  (1) the statements made or facts allegedly omitted were material, false or misleading; (2) Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) all or part of the damages allegedly suffered by Members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.      **Statement of Attorneys' Fees and Expenses Sought:**   Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 17% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.   In addition, Lead Counsel also will apply for the reimbursement of expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action in an amount not to exceed $3 million.   Lead Counsel may also apply for reimbursement of the costs and expenses of Plaintiffs (including lost wages) in accordance with 15 U.S.C. § 77z-1(a)(4).   Based on the total original face value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates) purchased or acquired by potential Class Members, and assuming all purchasers of the initially offered Certificates elect to participate, if the Court approves Lead Counsel's fee and expense application, the estimated average cost is $3.33 per $1,000 of original face value offered.   The actual cost may be more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims (as defined in the Plan of Allocation attached hereto as Appendix A) represented by valid and acceptable Claim Forms as explained in the Plan of Allocation; when their Certificates were purchased or acquired and the price at the time of purchase; any principal amounts received; whether the Certificates were sold, and if so, when they were sold and for how much; if held on the applicable dates of suit identified in the Plan of Allocation for each of the Certificates, the price of the Certificates on that date; and whether the Court had sustained claims for purchasers of the Certificates.

The Court will determine the amount of any awarded fees and litigation expenses.   The Settlement provides that, in addition to the $500 million Settlement Fund, Defendants will pay

up to $5 million for payment of Plaintiffs' Counsel's litigation expenses, as approved by the Court, and notice and administration expenses.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Class are being represented by Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC (collectively, "Lead Counsel").  Any questions regarding the Settlement should be directed to David R. Stickney, Esq. at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130, (866) 648-2524, blbg@blbglaw.com or to Daniel S. Sommers, Esq. at Cohen Milstein Sellers & Toll PLLC, 1100 New York Avenue NW, Suite 500 East, Washington, D.C. 20005, (888) 240-0775, lawinfo@cohenmilstein.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **DO NOTHING.** | Get no payment.  Remain a Class Member.  Give up your rights. |
| **REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2015.** | This is the only way to be potentially eligible to receive a payment.  If you wish to obtain a payment as a Member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), which is included with this Notice, postmarked no later than _____, 2015. |
| **EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | Receive no payment pursuant to this Settlement.  This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Parties concerning the claims that were, or could have been, asserted in this case.  Should you elect to exclude yourself from the Class, you should understand that Defendants will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including without limitation the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| **COMMENT ON THE SETTLEMENT (INCLUDING OBJECTION) SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | Write to the Court about your view on the Settlement, or why you don't think the Settlement is fair to the Class.<br><br>If you do not opt out, you may comment on or object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.  You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |

| **GO TO THE HEARING ON _____, 2015 AT _:___ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
|---|---|

---

### WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                    Page

What Is This Case About?  What Has Happened So Far?                           Page

How Do I Know If I Am Affected By The Settlement?                             Page

What Are The Plaintiffs' Reasons For The Settlement?                          Page

What Might Happen If There Were No Settlement?                                Page

How Much Will My Payment Be?                                                  Page

What Rights Am I Giving Up By Agreeing To The Settlement?                     Page

What Payment Are The Attorneys For The Class Seeking?  How Will
    The Lawyers Be Paid?                                  Page

How Do I Participate In The Settlement?  What Do I Need To Do?                Page

What If I Do Not Want To Be A Part Of The Settlement?  How Do
    I Exclude Myself?                                     Page

When And Where Will The Court Decide Whether To Approve
    The Settlement? Do I Have To Come To The Hearing?  May I
    Speak At The Hearing If I Don't Like The Settlement?  Page

What If I Bought Certificates On Someone Else's Behalf?                       Page

Can I See The Court File?  Whom Should I Contact If I Have Questions?         Page

---

### WHY DID I GET THIS NOTICE?

7.     The purpose of this Notice is to inform you about (a) this litigation, (b) the certification of the Class, (c) the terms of the proposed Settlement, and (d) your rights in connection with a hearing to be held before the United States District Court, Southern District of New York (the "Court"), on _____, 2015 at____ _ m. to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Settlement Fund in the event the Settlement is approved by the Court.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to

sue on behalf of all people with similar claims, commonly known as the class or the class members.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)  In the Action, the Court has directed that Lead Plaintiffs and Lead Counsel shall have primary responsibility for prosecuting all class claims against Defendants on behalf of investors in the mortgage-backed securities described above.

9.      The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*, Case No. 08-cv-08093-LTS (the "Action").  The Judge presiding over this case is the Honorable Laura Taylor Swain, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the primary plaintiffs are referred to as the Lead Plaintiffs, on behalf of themselves and the Class, and Defendants are Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC), Structured Asset Mortgage Investments II, Inc., Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, and Thomas F. Marano.

10.      This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Final Approval Hearing").

11.      The Final Approval Hearing will be held on _____, 2015, at _____ _.m., before the Honorable Laura Taylor Swain, at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, Courtroom 12D, for the following purposes:

(a)      to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)      to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered;

(c)      to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)      to determine whether the application by Lead Counsel for an award of attorneys' fees and expenses incurred should be approved;

(e)     to confirm certification of the proposed Class for settlement purposes; and

(f)     to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  This process takes time.  Please be patient.

---

| WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR? |
| --- |

---

13.     On August 20, 2008, a class action complaint (the "Initial Complaint") was filed against Defendants and certain other defendants in the Supreme Court of the State of New York, County of New York, Index No. 08-602426, on behalf of all persons or entities who purchased certain certificates pursuant or traceable to an offering of mortgage loan pass-through certificates, issued by Bear Stearns Mortgage Funding Trust 2006-AR1, asserting certain claims under the Securities Act of 1933 (the "Securities Act").

14.     On September 18, 2008, the defendants removed the Action to the United States District Court, Southern District of New York, Case No. 08-cv-8093.

15.     On May 15, 2009, New Jersey Carpenters and Boilermaker Pension Trust filed the First Consolidated Amended Securities Class Action Complaint (the "First Amended Complaint"), alleging Securities Act claims against Defendants and others, on behalf of a class of persons or entities that purchased or otherwise acquired beneficial interests in certain residential mortgage-backed securities ("RMBS") pursuant and/or traceable to two specified registration statements. On July 9, 2009, Pension Trust Fund for Operating Engineers filed a class action complaint in a related action in the United States District Court, Southern District of New York, Case No. 09-cv-6172 (the "Operating Engineers Complaint"), alleging Securities Act claims against Defendants and others on behalf of a class of purchasers of certificates in 11 of the same offerings as in the First Amended Complaint, as well as additional offerings (the "Operating Engineers Action").  The Court consolidated the Operating Engineers Action into Case No. 08-cv-8093, re-designating the consolidated action as *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*.

16.     On December 23, 2009, the Court appointed MissPERS and New Jersey Carpenters as Co-Lead Plaintiffs and appointed their choice of counsel, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), as Co-Lead Counsel.

17.     On February 19, 2010, Lead Plaintiffs MissPERS and New Jersey Carpenters, and Plaintiff Boilermaker Pension Trust, filed the Consolidated Class Action Complaint (the "First Consolidated Complaint"), alleging Securities Act claims against Defendants and others on behalf of a class of persons or entities that purchased or otherwise acquired beneficial interests in certain RMBS pursuant and/or traceable to two specified registration statements.  Defendants

filed motions to dismiss the First Consolidated Complaint on April 21 and April 27, 2010. Plaintiffs filed their oppositions to the motions on June 15, 2010, and Defendants filed replies in further support of their motions to dismiss on July 21, 2010.

18.    After the close of briefing, the Court, on September 28, 2010, granted Plaintiffs leave to amend the complaint, and denied without prejudice the motions to dismiss.

19.    On October 29, 2010, Lead Plaintiffs, Plaintiffs Boilermaker Pension Trust, Detroit P&F, OPERS, IPERS, San Antonio F&P, and additional plaintiff, the City of Fort Lauderdale Police & Fire Retirement System, filed the Third Amended Class Action Complaint ("Third Complaint" or the "Complaint") alleging Securities Act claims against Defendants and other defendants on behalf of a class of all persons or entities who purchased or otherwise acquired beneficial interests in certain certificates issued pursuant and/or traceable to two specified registration statements.  On December 3, 2010, Defendants filed a motion to dismiss the Third Complaint.  Plaintiffs filed their opposition to the motion on January 26, 2011. Defendants filed their reply on February 24, 2011.

20.    On March 30, 2012, the Court entered its Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Third Complaint.  On April 13, 2012, Defendants requested certification for interlocutory review of the Court's motion to dismiss ruling, and to stay the Action pending the outcome of the interlocutory appeal motion, or in the alternative, stay the Action pending the outcome of the appeal before the Second Circuit in *Police and Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc.*, No. 11-cv-2998 (2d Cir.) ("*IndyMac*").  Plaintiffs opposed Defendants' motion on April 27, 2012, and Defendants filed their reply on May 4, 2012.

21.    Defendants filed their Answer to the Third Complaint on May 14, 2012.

22.    On May 16, 2012, the Court stayed the Action pending the outcome of the Second Circuit appeal in *IndyMac* concerning the application of the *American Pipe* tolling doctrine to the statute of repose in the Securities Act.

23.    Following the Second Circuit's decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*NECA-IBEW*"), Plaintiffs moved for leave to file an amended complaint in accordance with *NECA-IBEW* and to lift the stay of proceedings.  Defendants filed their opposition on November 5, 2012, and Plaintiffs filed their reply on November 21, 2012.

24.    Following the Second Circuit's decision in *IndyMac*, 721 F.3d 95 (2d Cir. 2013), the Court restored the case to the Court's active calendar by order entered July 11, 2013.

25.    On July 23, 2013, Plaintiffs filed a supplemental brief in further support of their motion for leave to amend, and Defendants filed a motion for reconsideration of the Court's dismissal order in light of *IndyMac*.

26.    On August 2, 2013, Plaintiffs filed an additional supplemental brief in support of their motion for leave to amend, and in opposition to Defendants' motion for reconsideration.

The same day, Defendants filed their reply in support of their motion for reconsideration, and in further opposition to Plaintiffs' motion for leave to amend.

27.    On December 2, 2013, the parties filed a Joint Response to the Court's November 14, 2013 Order, identifying the 22 offerings remaining at issue in the case, including the 8 offerings for which there is no dispute as to standing and timeliness and that would proceed regardless of the outcome of pending motions, and the 14 disputed offerings.  These are the 22 offerings which are the subject of this Settlement.

28.    On November 1, 2013, Plaintiffs served Defendants with document requests and sought to begin the meet-and-confer process.  Defendants objected to the requests on the ground that discovery was stayed under the Private Securities Litigation Reform Act of 1995 as a result of the pendency of Defendants' motion for reconsideration.  The parties exchanged letters related to the dispute on November 8, November 13, November 25, and December 4, 2013.

29.    On February 11, 2014, Plaintiffs submitted a letter to the Court requesting that narrow discovery be allowed to proceed prior to the Court's pretrial conference.  Defendants filed a response on February 13, 2014, opposing Plaintiffs' request that discovery be allowed to commence.  The Court denied Plaintiffs' request on February 18, 2014.

30.    On May 20, 2014, Plaintiffs submitted a letter to the Court stating their undisputed request for leave to serve document-preservation subpoenas on non-parties.  The Court approved Plaintiffs' request on May 22, 2014.

31.    On August 4, 2014, the parties informed the Court that, while discovery was stayed by the Court's February 18, 2014 Order, the parties had agreed to the informal production of documents and information in connection with an upcoming mediation before a private mediator.  The Court instructed the parties to inform the Court on or before October 1, 2014, regarding the status of settlement discussions.

32.    On August 19, 2014, the Court entered the parties' Confidentiality Stipulation and Order Relating to Exchange of Mediation Material Containing Non-Party Borrower Information.

33.    On October 1, 2014, the parties informed the Court that settlement discussions were ongoing, the exchange of documents was underway, and the parties had scheduled an in-person mediation session before the Honorable Daniel Weinstein (Ret.) for October 30, 2014. The Court ordered the parties to provide the Court with a further update on or before January 9, 2015.

34.    On November 17, 2014, after a mediation process conducted by the Honorable Daniel Weinstein (Ret.) as Mediator and additional extensive arm's-length negotiations, and following a Mediator's Recommendation, the Settling Parties executed a confidential Term Sheet to Settle Class Action reflecting an agreement in principle to settle the Action for a Settlement Fund of $500 million and a Cost Fund up to $5 million, for a total of $505 million, subject to satisfaction of certain conditions and negotiation of the Stipulation.   The conditions and negotiation of a Stipulation and Agreement of Settlement (the "Stipulation") were subsequently satisfied, and the parties thereafter executed the Stipulation and filed it with the Court.

35.     On January 8, 2015, the parties informed the Court that they had reached an agreement in principle to settle the Action, subject to satisfaction of certain conditions and negotiation of a stipulation of settlement.

36.     Lead Counsel have conducted extensive investigations relating to the claims and the underlying events and transactions alleged in the Action.  Lead Counsel have analyzed evidence, including a substantial volume of documents produced by Defendants, and have researched the applicable law with respect to the claims of Plaintiffs and the Class, as well as Defendants' potential defenses and other litigation issues, including those related to class certification.

37.     Lead Plaintiffs and Lead Counsel agree that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

38.     On _____, 2015, the Court preliminarily approved the Settlement, certified the Class for purposes of the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| --- |

39.     If you are a Member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all Persons who (i) prior to July 9, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates backed by groups 1, 3 and 5 only), or BSARM 2007-3, and were damaged thereby; (ii) prior to August 20, 2008, purchased or otherwise acquired offered RMBS pursuant or traceable to offering BSMF 2006-AR1, and were damaged thereby; or (iii) prior to May 15, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), or SAMI 2007-AR2 (certificates backed by group 1 only), and were damaged thereby.  Excluded from the Class are: (1) Defendants and the other Released Parties and any entity in which any Defendant has or had a controlling interest, except that affiliates and entities in which a Defendant has or had a controlling interest, other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles), are excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they have held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Class; and (2) Persons that have separately asserted or pursued their claims against Defendants asserting claims arising from securities covered by the Class, including by filing individual actions or privately entering into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 to the Stipulation (which appendix is confidential). **The Class also does not include those Persons who validly**

10

request exclusion from the Class pursuant to this Notice (see "What If I Do Not Want To Participate In The Class And The Settlement?  How Do I Exclude Myself?," below). Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at (855) 382-6452.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN _____, 2015.

| WHAT ARE THE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

40.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability, obtaining class certification and establishing damages.  Plaintiffs and Lead Counsel have considered the uncertain outcome and risk in complex lawsuits like this one.

41.    In light of the amount of the Settlement and the immediacy of recovery to the Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $500 million and up to $5 million for litigation and administrative expenses, as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

42.    Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Class have suffered any damage, or that Plaintiffs or the Class were harmed by the conduct alleged in the Action.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this.  Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

43.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims, neither Plaintiffs nor the Class would recover anything from

Defendants. Defendants may have asserted the defense that the claims of Class Members were untimely under applicable statutes of limitations and statutes of repose. Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

---

### HOW MUCH WILL MY PAYMENT BE?

44. Defendants have agreed to pay $500 million in cash (the "Settlement Amount") and up to $5 million in cash to pay for Court-awarded Litigation Costs and Notice and Administration Expenses (the "Cost Fund Amount"). At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement. Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proof of Claim Forms (the "Plan of Allocation"). The Plan of Allocation proposed by Plaintiffs is attached hereto as Appendix A, and additional information is available on the website created for this Settlement, www.BearStearnsCertificateSettlement.com.

45. Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No Person shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Plaintiffs, Plaintiffs' Counsel, Class Members, the Claims Administrator, Defendants and the other Released Parties (defined below), or any person designated by Lead Counsel. All Members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Class Member's Released Claims.

46. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Class.

47. The Plan of Allocation appended hereto is the proposed plan submitted by Plaintiffs and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Class.

48. Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Proof of Claim.

49. Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

---

### WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

50.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiffs and all other Class Members shall have released, dismissed and forever discharged their Released Claims (as defined in ¶51 below), including Unknown Claims (as defined in ¶53 below) against each and all of the Released Parties (as defined in ¶52 below).

51.     "Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that relate to the purchase, other acquisition, or sale of the Certificates sold in the Offerings and that Lead Plaintiffs or any other Member of the Class (a) asserted in the Action, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, or representations or omissions involved, set forth, or referred to in the Action.   "Released Claims" shall not include derivative claims, including contractual claims, belonging to the issuing trusts.  Nothing in the Stipulation shall be construed to suggest or imply that any derivative claims exist or have merit.

52.     "Released Parties" means:  (a) the Defendants; (b) the Defendants' current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their respective capacities as such, and (c) the Former Defendants Bear Stearns Asset Backed Securities I, LLC, Joseph T. Jurkowski, Jr., and Samuel Molinaro, Jr.

53.     "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.   With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or Unknown,

13

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

54.    The Judgment also will provide that Defendants and each of the other Released Parties shall have released, dismissed and forever discharged all Released Parties' Claims against Plaintiffs, Plaintiffs' Counsel, and any other Class Member.  "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, except for claims relating to the enforcement of the Settlement, against Plaintiffs, Plaintiffs' Counsel, or any other Class Member.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID? |
| --- |

55.    Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intend to apply to the Court for an award of attorneys' fees to Lead Counsel from the Settlement Fund in an amount not to exceed 17% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intends to apply for the reimbursement of litigation expenses to Plaintiffs' Counsel in an amount not to exceed $3 million.  Lead Counsel may also apply for reimbursement of the reasonable costs and expenses of Plaintiffs directly related to their representation of the Class.  The Court will determine the amount of any awarded fees and litigation expenses.  The Settlement provides that, in addition to the $500 million Settlement Amount, Defendants will pay up to $5 million for payment of Plaintiffs' Counsel's litigation expenses, as approved by the Court, and notice and administration expenses.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
| --- |

56.    If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you.  The website is

www.BearStearnsCertificateSettlement.com.  You may also request a Claim Form by calling toll-free (855) 382-6452. Copies of the Claim Form can also be downloaded from Lead Counsel's websites at www.blbglaw.com and www.cohenmilstein.com.  Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement.  Please retain all records of your ownership of, or transactions in the Certificates, as they may be needed to document your Claim.

57.    As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

58.    If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below.  If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Parties (as defined in ¶52 above) with respect to any of the Released Claims (as defined in ¶51 above).

59.    If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.  If you exclude yourself from the Class, you are not entitled to submit an objection.

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

60.    Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to In re Bear Stearns Mortgage Pass-Through Certificates Litigation, c/o GCG, P.O. Box 10148, Dublin, OH 43017-3148.  The exclusion request must be *received* no later than _____, 2015.  Each request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*, Case No. 08-cv-08093-LTS (S.D.N.Y.), and must be signed by such person.   Such persons requesting exclusion are also directed to provide the following information:  (i) identity and original face value of Certificates purchased or otherwise acquired pursuant or traceable to the Offerings; (ii) prices or other consideration paid or received for such Certificates, and (iii) whether the Certificates were exchanged or sold, and if so, when, and, if

applicable, the sale amount.  Any request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

61.     If a Person requests to be excluded from the Class, that Person will not receive any benefit provided for in the Stipulation.

---

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

62.     If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, or the application for attorneys' fees and reimbursement of expenses, you do not need to attend the Final Approval Hearing.  You can object to or participate in the Settlement without attending the Final Approval Hearing.

63.     The Final Approval Hearing will be held on _____, 2015, at _:__ _.m., before the Honorable Laura Taylor Swain, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, Courtroom 12D.  The Court reserves the right to approve the Settlement or the Plan of Allocation at or after the Final Approval Hearing without further notice to the Members of the Class.

64.     Any Class Member who does not request exclusion such that it is *received* no later than ___, 2015, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses.   Objections or oppositions must be in writing.  You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before ____, 2015.  You must also serve the papers on Lead Counsel for the Class and representative counsel for the Defendants at the addresses set forth below so that the papers are *received* on or before _____, 2015.

| **Clerk's Office** | **Lead Counsel for the Class** | **Representative Counsel For Defendants** |
|---|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 500 Pearl Street New York, NY 10007 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP David R. Stickney, Esq. Niki L. Mendoza, Esq. 12481 High Bluff Drive, #300 San Diego, CA 92130 -and- COHEN MILSTEIN SELLERS & TOLLS PLLC Daniel S. Sommers, Esq. 1100 New York Avenue, NW, Suite 500 East Washington, D.C. 20005 | GREENBERG TRAURIG, LLP Richard A. Edlin, Esq. Anastasia A. Angelova, Esq. MetLife Building 200 Park Avenue New York, NY 10166 |

65.     Any objection must include:  (a) the case caption and the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions involving the Certificates included in the Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received, and documentation of any exchange transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; and (g) the objector's signature, even if represented by counsel. Persons who intend to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and expenses, and desire to present evidence at the Final Approval Hearing must include in their written objections the exhibits they intend to introduce into evidence at the Final Approval Hearing.

66.     You may not object to the Settlement or any aspect of it, if you excluded yourself from the Class.

67.     You may file a written objection without having to appear at the Final Approval Hearing.  You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

68.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing.  If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before ____, 2015.

69.     The Final Approval Hearing may be adjourned by the Court without further written notice to the Class other than a posting of the adjournment on the Settlement website.  If

17

you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

> **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

---

### WHAT IF I BOUGHT CERTIFICATES ON SOMEONE ELSE'S BEHALF?

---

70.     If you purchased or otherwise acquired the Certificates included in the Class definition for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such Certificates, postmarked no later than seven (7) days after you receive this Notice, or (ii) provide to In re Bear Stearns Mortgage Pass-Through Certificates Litigation, c/o GCG, P.O. Box 10148, Dublin, OH 43017-3148, the names and addresses of such persons no later than seven (7) days after you receive this Notice.  If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice may also be obtained by calling toll-free (855) 382-6452, and may be downloaded from the Settlement website, www.BearStearnsCertificateSettlement.com or from Lead Counsel's websites, www.blbglaw.com or www.cohenmilstein.com.

---

### CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

---

71.     This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Action is available at www.BearStearnsCertificateSettlement.com, including, among other documents, copies of the Stipulation, Proof of Claim Form, and the Complaint.  All inquiries concerning this Notice or the Claim Form should be directed to:

In re Bear Stearns Mortgage Pass-Through Certificates Litigation
c/o GCG
P.O. Box 10148
Dublin, OH 43017-3148
Toll-free number: (855) 382-6452

**OR**

David R. Stickney, Esq.
Niki L. Mendoza, Esq.
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Toll-free number (866) 648-2524
blbg@blbglaw.com
-or-
Daniel S. Sommers, Esq.
COHEN MILSTEIN
SELLERS & TOLLS PLLC
1100 New York Avenue, NW, Suite 500 East
Washington, D.C. 20005
Toll-free number (888) 240-0775
lawinfo@cohenmilstein.com

**Lead Counsel**

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE
CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____, 2015                    By Order of the Clerk of Court
                                            United States District Court
                                            for the Southern District of New York

## APPENDIX A TO THE NOTICE

## THE PROPOSED PLAN OF ALLOCATION:

### I.   GENERAL PROVISIONS

1.      The Net Settlement Fund will be distributed to eligible Class Members who timely submit valid Proof of Claim Forms under the Plan of Allocation described below, or as otherwise ordered by the Court ("Claimants").

2.      Your share of the Net Settlement Fund will depend on several considerations, including (a) the aggregate value of the Recognized Claims (defined below) (represented by valid and acceptable Claim Forms) that Class Members submit to the Claims Administrator, relative to the Net Settlement Fund; (b) when your Certificates were purchased or acquired and the price on the date of purchase; (c) any principal payments received; (d) whether your Certificates were sold, and if so, when they were sold and for how much; (e) if held on the applicable dates of suit identified for each of the Certificates, as set forth in Tables A-1 and A-2[1] (the "Date of Suit"), the price of the Certificates on that date; and/or (f) whether the Court had sustained claims for purchasers of the Certificates.

3.      To determine the amount that a Claimant may recover under the Plan of Allocation, Lead Counsel conferred with a valuation consultant. The proposed Plan of Allocation is generally based upon the statutory measure of damages for claims based on material misrepresentations in the relevant offering documents.  For each Claimant, a "Recognized Claim" will be calculated. The calculation of a "Recognized Claim" is not an estimate of the amount that will be paid to Claimants pursuant to the Settlement, which would depend on the total amount of all Recognized Claims submitted by Claimants. The Recognized Claim formula provides the basis for proportionately allocating the Net Settlement Fund among the Claimants. Each Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim, subject to the $10.00 minimum threshold mentioned below.

4.      Class Members are required to include in their Proofs of Claim, and to submit the required documentation for, all transactions and holdings in any of the Certificates that they have purchased, held, and are currently holding as of submission of the Proof of Claim.  Proofs of Claim submitted by Class Members that do not include all transactions in the Certificates will be considered deficient and may be ineligible for a recovery in this Settlement.

### II.   CALCULATION OF RECOGNIZED LOSS OR RECOGNIZED GAIN AMOUNTS

5.      A "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated for each Certificate purchased or acquired for which adequate documentation is provided (each an "Eligible Certificate"). The calculation of the Recognized Loss Amount or Recognized Gain Amount will depend on several considerations, including: (a) when such Certificates were purchased or acquired and the price on the date of purchase; (b) any principal payments received; (c) whether your Certificates were sold, and if so, when they were sold and for how much; (d) if held on the Date of Suit, the price of the Certificates on that date; and/or (e) whether the Court had sustained claims for purchasers of the Certificates.

---

[1] Tables A-1, A-2, B and C (described below) are incorporated by reference into this proposed Plan of Allocation, and are available on the settlement website (www.BearStearnsCertificateSettlement.com) or by calling the Claims Administrator toll-free at (855) 382-6452.

6.      The calculations under this proposed Plan of Allocation use various financial parameters for each Certificate, including:

(a) the price of each Certificate, if any, on the applicable Date of Suit. *See* Tables A-1 and A-2 available on the settlement website (www.BearStearnsCertificateSettlement.com) or by calling the Claims Administrator toll-free at (855) 382-6452;

(b) the portion of original face amount remaining on each Certificate as of various dates between the Certificate's initial offering and the most recent monthly distribution. This portion is commonly referred to as the Certificate's "Factor"[2] and reflects all principal payments received and write-downs incurred;

(c) the portion of original face amount remaining on each Certificate as of various dates between the Certificate's initial offering and the most recent monthly distribution reflecting only principal payments received. This portion is referred to as the Write-Down Free Factor ("WFF"). Tables B and C, which provide, respectively, a complete list of all Factors and WFFs for all Certificates for each relevant date, are also available at www.BearStearnsCertificateSettlement.com or by calling the Claims Administrator toll-free at (855) 382-6452.[3]

7.      For each calculation of a Recognized Loss Amount or Recognized Gain Amount, the purchase price used for the calculation may not exceed the price at which the Certificate was offered to the public, which prices are set forth in Tables A-1 and A-2. Thus, if the actual purchase price exceeds the price at which the Certificate was offered to the public, the price at which it was offered to the public will be used as the purchase price.

8.      If a Claimant has more than one purchase/acquisition or sale of the same Certificate, those transactions will be matched on a first-in-first-out (FIFO) basis.  Recognized Gain Amounts on the purchases or acquisitions of the same Certificate will be netted against (used to offset) Recognized Loss Amounts resulting from other purchases or acquisitions of the same Certificate, but will not be used to offset Net Recognized Losses (described further below in paragraph 15 of this Plan) resulting from purchases or acquisitions of different Certificates.

9.      Notwithstanding any of the other provisions in this proposed Plan of Allocation, for all purchases or acquisitions of Certificates that occurred on or after the applicable Date of Suit, the Recognized Gain Amount or Recognized Loss Amount is zero.

---

[2] The Certificates entitle borrowers to principal and interest payments derived from the underlying mortgages. Following a Certificate's offering, the outstanding principal balance may generally be reduced by various methods, including (1) borrowers making principal payments; (2) borrowers prepaying in whole or in part; (3) borrowers discontinuing payments; and/or (4) recognized losses the loans incur.  A Certificate's Factor is taken into consideration when allocating the proceeds of the Settlement because it reflects any reductions in outstanding principal balance and directly impacts the remaining value realizable at sale.

[3] The Factors reflected in Table B and the WFFs reflected in Table C are presented based on two distinct chronological systems that are appropriate to the distinct purposes for which those tables are used. The Factors in Table B are used with prices to derive the amount of funds expended or realized in market transactions. Those Factors reflect convention used in the market, *i.e.*, the previous month's factor is used up until the current month's distribution date.  The WFFs in Table C are used to attribute the receipt of monthly distributions during the holding period of a Certificate to the correct Claimant. Thus, the time periods associated with the WFFs are derived from the Certificate-specific record date convention, which determines the legal beneficiary of a monthly distribution.

10.     **Certificates Sold Prior To Date Of Suit**: For each Certificate sold prior to the Date of Suit, the Recognized Loss Amount or Recognized Gain Amount is calculated as follows:

   a.     Step 1: Determine the Original Principal Amount

**Original Principal Amount = Original Face Amount of Certificates Purchased x Factor on Date of Purchase x (Purchase Price/100)**

The original face amount of the Certificates you purchased and the purchase price can be determined from your records.  The "Purchase Price" to be used in this formula is the lesser of (i) the actual price paid, or (ii) the price at which the Certificate was offered to the public.  The value of the Factor on the date of your purchase or sale can be found in Table B.

   b.     Step 2: Determine the Principal Payments Received

**Principal Payments Received = Original Face Amount of Certificates Purchased x (WFF on Date of Purchase – WFF on Date of Sale)**

The original face amount of the Certificates you purchased can be determined from your records. The WFF on the date of your purchase and the WFF on the date of your sale can be found in Table C.

   c.     Step 3: Determine the Amount Received on Sale

**Amount Received on Sale = Original Face Amount of Certificates Purchased x Factor on Date of Sale x (Sale Price/100)**

The original face amount of the Certificates you purchased and the sale price can be determined from your records. The Factor on the date of your sale can be found in Table B.

   d.     Step 4: Calculate Recognized Loss Amount or Recognized Gain Amount Using the Results of Steps 1-3

**Recognized Loss Amount or Recognized Gain Amount = Original Principal Amount - Principal Payments Received - Amount Received on Sale**

If this calculation results in a positive number, the result is a "Recognized Loss Amount."  If this calculation results in a negative number, it is a "Recognized Gain Amount."

        Example 1:[4] Investor A purchased $100,000.00 original face amount of Certificate 07387QAB6 (BALTA 2006-8 I-A-2) on April 5, 2007.  The purchase price was $95.00.  On May 4, 2009, Investor A sold its remaining interest in the Certificate. The sales price was $23.00.

        (1)     Step 1: Investor A uses Table B to determine that the Factor at the purchase date (April 5, 2007) is 0.932915.  Therefore, Original Principal Amount = $100,000.00 x 0.932915 x (95.00/100) = $88,626.93.

_____

[4] The examples contained herein are for illustration purposes only and investors should not rely on the Certificate prices used (other than prices contained in Tables A-1 and A-2).

(2)     Step 2: Investor A uses Table C to determine that the WFFs at the date of purchase and sale are 0.932915 and 0.571677, respectively.   Therefore, Principal Payments Received = $100,000.00 x (0.932915 − 0.571677) = $36,123.80.

(3)     Step 3: Investor A uses Table B to determine that the Factor at May 4, 2009 was 0.571677.   Therefore, Amount Received on Sale = $100,000.00 x 0.571677 x (23.00/100) = $13,148.57.

(4)     Step 4: Investor A uses the results of Steps 1-3 to calculate its Recognized Loss Amount or Recognized Gain Amount:   Original Principal Amount less Principal Payments Received less Amount Received on Sale = $88,626.93 - $36,123.80 - $13,148.57 = $39,354.56.

Investor A's Recognized Loss Amount is $39,354.56.

Note that if a sale did not result in a complete disposition of an investor's ownership in a particular Certificate (*i.e.*, only a portion of the holdings of a Certificate was sold), a Recognized Loss Amount or Recognized Gain Amount, if any, related to the remaining portion of the Certificate will be calculated separately.

11.     **Certificates Not Sold**: For each Certificate not sold (*i.e.*, still held by the Claimant as of the submission of the Proof of Claim), the Recognized Loss Amount or Recognized Gain Amount is calculated using the same steps set forth directly above, except that the calculation proceeds as if the Certificate was sold on the Date of Suit.

Example 2: Investor B purchased $100,000.00 original face amount of Certificate 07401LAB9 (BSMF 2006-AR1 I-A-2) on July 28, 2006.   The purchase price was $100.00.   Investor B continues to hold this Certificate.

(1)     Step 1: Investor B uses Table B to determine that the Factor at the purchase date (July 28, 2006) is 1.000000.   Therefore, Original Principal Amount = $100,000.00 x 1.000000 x (100.00/100) = $100,000.00.

(2)     Step 2: Investor B uses Table A-1 and Table C to determine that the WFFs at the date of purchase and Date of Suit (August 20, 2008) are 1.000000 and 0.873605, respectively.   Therefore, Principal Payments Received = $100,000.00 x (1.000000 − 0.873605) = $12,639.50.

(3)     Step 3: Investor B uses Table A-1 to determine that the price at the Date of Suit was $46.1271.   Investor B then uses Table B to determine that the Factor at Date of Suit (August 20, 2008) was 0.873605.   Therefore, Amount Received on Sale = $100,000.00 x 0.873605 x (46.1271/100) = $40,296.87.

(4)     Step 4: Investor B uses the results of Step 1-3 to calculate its Recognized Loss Amount or Recognized Gain Amount:   Original Principal Amount less Principal Payments Received less Amount Received on Sale = $100,000.00 - $12,639.50 - $40,296.87 = $47,063.63.

Investor B's Recognized Loss Amount is $47,063.63.

4

12.    **Certificates Sold On Or After Date Of Suit**: For each Certificate that was sold on or after the Date of Suit, the Recognized Loss Amount or Recognized Gain Amount is calculated using steps similar to those set forth above in Example 2. For Certificates sold on or after the Date of Suit, the Recognized Loss Amount or Recognized Gain Amount shall be calculated using the greater of the sum of Principal Payments Received and Amount Received on Sale (Steps 2 and 3) as of (i) the Date of Suit for that Certificate (see Table A-1 or A-2); or (ii) the Date of Actual Sale.

> Example 3: Investor C purchased $100,000.00 original face amount of Certificate 86360QAP0 (SAMI 2006-AR4 V-A-3) on September 28, 2006. The purchase price was $98.00. On January 3, 2012, Investor C sold its remaining interest in the Certificate. The sales price was $25.00.

(1)    Step 1: Investor C uses Table B to determine that the Factor at the purchase date (September 28, 2006) is 0.997414. Therefore, Original Principal Amount = $100,000.00 x 0.997414 x (98.00/100) = $97,746.57.

(2)    Steps 2 and 3: Investor C conducts independent summations of Principal Payments Received and Amount Received on Sale at both (1) the Date of Suit; and (2) the Date of Actual Sale. Investor C shall use the greater of the sums in Step 4.

(a)    Date of Suit

Investor C first uses Table C to determine that the WFFs at the date of purchase and Date of Suit (May 15, 2009) are 0.997298 and 0.745275, respectively. Therefore, Principal Payments Received as of the Date of Suit = $100,000.00 x (0.997298 − 0.745275) = $25,202.30.

Investor C then uses Table A-2 to determine that the price at the Date of Suit was $17.4719. Investor C uses Table B to determine that the Factor at the Date of Suit was 0.747440. Therefore, Amount Received on Sale at Date of Suit = $100,000.00 x 0.747440 x (17.4719/100) = $13,059.20

The sum of Steps 2 and 3 for the Date of Suit is $25,202.30 + $13,059.20 = $38,261.50.

(b)    Date of Actual Sale

Investor C first uses Table C to determine that the WFFs at the date of purchase and Date of Actual Sale are 0.997298 and 0.605292, respectively. Therefore, Principal Payments Received as of the Date of Actual Sale = $100,000.00 x (0.997298 − 0.605292) = $39,200.60.

Investor C then uses the actual sales price of $25.00. Investor C uses Table B to determine that the Factor at the Date of Actual Sale was 0.327870. Therefore, Amount Received on Sale at Date of Actual Sale = $100,000.00 x 0.327870 x (25.00/100) = $8,196.75.

The sum of Steps 2 and 3 for the Date of Actual Sale is $39,200.60 + $8,196.75 = $47,397.35.

Investor C shall use $47,397.35 (rather than $38,261.50) in Step 4.

(3)     Step 4: Investor C uses the results of Steps 1-3 to calculate its Recognized Loss Amount or Recognized Gain Amount.

Original Principal Amount less the greater of the sums from Steps 2 and 3 above (i.e., Principal Payments Received + Amount Received on Sale) = $97,746.57 - $47,397.35 = $50,349.22.

Investor C's Recognized Loss Amount is $50,349.22.

13.     **Exchangeable Certificates**: Certain of the Offerings included classes of Certificates that could be exchanged into and from certain other classes of Certificates that were not sold as of the date of such Offerings (typically referred to as "Exchangeable Certificates") based on predefined certificate exchange relationships described in the relevant offering documents.[5]   For purposes of determining the Recognized Loss Amount or Recognized Gain Amount for an Eligible Certificate that was exchanged by a Claimant, the exchange transaction will not be treated as a separate purchase or sale for which a distinct Recognized Loss Amount or Recognized Gain Amount would be claimed, but will instead be treated as a component of the Recognized Loss Amount or Recognized Gain Amount that is attributable to the Claimant's original acquisition of the Eligible Certificate. Thus, each leg (pre-exchange and post-exchange) of a Claimant's ownership resulting from the acquisition of an Eligible Certificate will have a Recognized Loss Amount or Recognized Gain Amount that reflects the financial parameters, such as Factor, WFF and price, of that specific component of the total ownership period, and those components will be aggregated to calculate the Recognized Loss Amount or Recognized Gain Amount for the original Eligible Certificate.   The exchange transaction will be assumed, both for purposes of calculating the Original Principal Amount of the Certificate exchanged to and the Amount Received from Sale of the Certificate exchanged from, to occur at a price of $0.00.

The calculation of Recognized Gain Amount or Recognized Loss Amount for Exchangeable Certificates will otherwise be the same as for any other Certificate, as described above.  Summary examples of the Recognized Loss Amount or Recognized Gain Amount calculations for Certificates involved in exchange transactions, using the same methodologies set forth above, can be found at www.BearStearnsCertificateSettlement.com.

14.     **Disputed Certificates**: Claims associated with the Disputed Offerings[6] were subject to additional legal challenges.   Accordingly, the Net Recognized Loss for the Disputed Certificates (identified by CUSIP in the attached Table A-2) will be discounted by 50%, to reflect the reduced likelihood of success of those claims.

---

[5]  These Certificates were sold in the following Offerings: BALTA 2006-6 and BALTA 2006-7.

[6]  As set forth in the Stipulation, "Disputed Offerings" means BALTA 2006-6, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, SAMI 2007-AR1, SAMI 2007-AR2, SAMI 2006-AR4, BSMF 2006-AR2, SAMI 2006-AR8, BSMF 2006-AR3, BSMF 2007-AR1, BSMF 2007-AR3, BALTA 2006-5, and BALTA 2006-7.

### III.     CALCULATION OF THE CLAIMANT'S RECOGNIZED
###          CLAIM AND DISTRIBUTION AMOUNT

15.     For each Certificate, a Claimant's Net Recognized Loss will be calculated by totaling all of the Claimant's Recognized Loss Amounts for a Certificate and subtracting from that total all Recognized Gain Amounts for the same Certificate.  If this calculation results in a positive number, that figure will be the Claimant's Net Recognized Loss for that Certificate.  If the calculation results in a negative number, the Claimant's Net Recognized Loss for that Certificate will be zero and the Claimant will not receive any recovery from the Net Settlement Fund as a result of its purchases or acquisitions of that Certificate.

16.     A Claimant's "Recognized Claim" is the sum of all of the Claimant's Net Recognized Losses, discounted, where appropriate, as described in paragraph 14 of this Plan, for all of the Certificates.

17.     The Net Settlement Fund will be distributed to Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Claimant, which shall be the Claimant's Recognized Claim divided by the total Recognized Claims of all Claimants, multiplied by the total amount in the Net Settlement Fund. If any Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Claimant.  The Recognized Claims of any Claimants whose Distribution Amounts would be less than $10.00 are then excluded and the total Recognized Claims of all other Claimants are totaled to determine the *pro rata* Distribution Amounts for the Authorized Claimants who will receive $10.00 or more.

**TABLE A-1**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 1. | Bear Stearns ARM Trust 2007-1 IA1 | 073880AA4 | 7/9/2009 | $100.0000 | $58.0030 |
| 2. | Bear Stearns ARM Trust 2007-1 IA2 | 073880AC0 | 7/9/2009 | $100.0000 | $24.2658 |
| 3. | Bear Stearns ARM Trust 2007-1 IX1 | 073880AB2 | 7/9/2009 | $0.1570 | $0.1617 |
| 4. | Bear Stearns ARM Trust 2007-1 B1 | 073880AT3 | 7/9/2009 | $100.0000 | $3.3522 |
| 5. | Bear Stearns ARM Trust 2007-1 B2 | 073880AU0 | 7/9/2009 | $100.0000 | $1.7651 |
| 6. | Bear Stearns ARM Trust 2007-1 B3 | 073880AV8 | 7/9/2009 | $100.0000 | $1.0297 |
| 7. | Bear Stearns ARM Trust 2007-1 B4 | 073880AW6 | 7/9/2009 | $100.0000 | $0.6322 |
| 8. | Bear Stearns ARM Trust 2007-1 IIIA1 | 073880AG1 | 7/9/2009 | $100.0000 | $57.6319 |
| 9. | Bear Stearns ARM Trust 2007-1 IIIA2 | 073880AJ5 | 7/9/2009 | $100.0000 | $29.9636 |
| 10. | Bear Stearns ARM Trust 2007-1 IIIX1 | 073880AH9 | 7/9/2009 | $0.1400 | $0.2119 |
| 11. | Bear Stearns ARM Trust 2007-1 VA1 | 073880AM8 | 7/9/2009 | $49.7760 | $49.7760 |
| 12. | Bear Stearns ARM Trust 2007-1 VA2 | 073880AP1 | 7/9/2009 | $100.0000 | $24.9747 |
| 13. | Bear Stearns ARM Trust 2007-1 VX1 | 073880AN6 | 7/9/2009 | $0.6500 | $1.0925 |
| 14. | Bear Stearns ARM Trust 2007-3 IA1 | 073881AA2 | 7/9/2009 | $100.0000 | $58.1868 |
| 15. | Bear Stearns ARM Trust 2007-3 IX1 | 073881AB0 | 7/9/2009 | $0.5000 | $0.4815 |
| 16. | Bear Stearns ARM Trust 2007-3 IA2 | 073881AC8 | 7/9/2009 | $100.0000 | $24.3736 |
| 17. | Bear Stearns ARM Trust 2007-3 IIA1 | 073881AD6 | 7/9/2009 | $100.0000 | $58.4320 |
| 18. | Bear Stearns ARM Trust 2007-3 IIX1 | 073881AE4 | 7/9/2009 | $0.5000 | $0.6078 |
| 19. | Bear Stearns ARM Trust 2007-3 IIA2 | 073881AF1 | 7/9/2009 | $100.0000 | $24.6318 |
| 20. | Bear Stearns ARM Trust 2007-3 IIIA1 | 073881AG9 | 7/9/2009 | $100.0000 | $63.7102 |
| 21. | Bear Stearns ARM Trust 2007-3 IIIX1 | 073881AH7 | 7/9/2009 | $0.0300 | $0.0425 |
| 22. | Bear Stearns ARM Trust 2007-3 IIIA2 | 073881AJ3 | 7/9/2009 | $100.0000 | $24.6837 |
| 23. | Bear Stearns ARM Trust 2007-3 B1 | 073881AN4 | 7/9/2009 | $100.0000 | $6.2967 |
| 24. | Bear Stearns ARM Trust 2007-3 B2 | 073881AP9 | 7/9/2009 | $100.0000 | $4.6820 |
| 25. | Bear Stearns ARM Trust 2007-3 B3 | 073881AQ7 | 7/9/2009 | $100.0000 | $3.3682 |
| 26. | Bear Stearns ARM Trust 2007-3 B4 | 073881AR5 | 7/9/2009 | $100.0000 | $1.6270 |
| 27. | Bear Stearns Mortgage Funding Trust 2006-AR1 IX | 07401AD5 | 8/20/2008 | $0.6750 | $0.7754 |
| 28. | Bear Stearns Mortgage Funding Trust 2006-AR1 IA1 | 07401AAA1 | 8/20/2008 | $100.0000 | $62.5635 |
| 29. | Bear Stearns Mortgage Funding Trust 2006-AR1 IA2 | 07401AAB9 | 8/20/2008 | $100.0000 | $46.1271 |
| 30. | Bear Stearns Mortgage Funding Trust 2006-AR1 IA3 | 07401AAC7 | 8/20/2008 | $100.0000 | $34.5724 |
| 31. | Bear Stearns Mortgage Funding Trust 2006-AR1 IB1 | 07401AAE3 | 8/20/2008 | $100.0000 | $3.1311 |
| 32. | Bear Stearns Mortgage Funding Trust 2006-AR1 IB2 | 07401AAF0 | 8/20/2008 | $100.0000 | $2.8212 |
| 33. | Bear Stearns Mortgage Funding Trust 2006-AR1 IB3 | 07401AAG8 | 8/20/2008 | $100.0000 | $2.5771 |
| 34. | Bear Stearns Mortgage Funding Trust 2006-AR1 IB4 | 07401AAH6 | 8/20/2008 | $100.0000 | $2.3812 |
| 35. | Bear Stearns Mortgage Funding Trust 2006-AR1 IB5 | 07401AAJ2 | 8/20/2008 | $100.0000 | $2.0876 |
| 36. | Bear Stearns Mortgage Funding Trust 2006-AR1 IB6 | 07401AAK9 | 8/20/2008 | $100.0000 | $2.0101 |
| 37. | Bear Stearns Mortgage Funding Trust 2006-AR1 IB7 | 07401AAL7 | 8/20/2008 | $100.0000 | $1.5027 |
| 38. | Bear Stearns Mortgage Funding Trust 2006-AR1 IIA1 | 07401AAQ6 | 8/20/2008 | $100.0000 | $62.4472 |
| 39. | Bear Stearns Mortgage Funding Trust 2006-AR1 IIA2 | 07401AAR4 | 8/20/2008 | $100.0000 | $47.0024 |
| 40. | Bear Stearns Mortgage Funding Trust 2006-AR1 IIA3 | 07401ABA0 | 8/20/2008 | $100.0000 | $36.2621 |
| 41. | Bear Stearns Mortgage Funding Trust 2006-AR1 IIB1 | 07401AAS2 | 8/20/2008 | $100.0000 | $3.1692 |
| 42. | Bear Stearns Mortgage Funding Trust 2006-AR1 IIB2 | 07401AAT0 | 8/20/2008 | $100.0000 | $2.9592 |
| 43. | Bear Stearns Mortgage Funding Trust 2006-AR1 IIB3 | 07401AAU7 | 8/20/2008 | $100.0000 | $3.1731 |
| 44. | Bear Stearns Mortgage Funding Trust 2006-AR1 IIB4 | 07401AAV5 | 8/20/2008 | $100.0000 | $3.1772 |
| 45. | Bear Stearns Mortgage Funding Trust 2006-AR4 A1 | 07401AJA6 | 5/15/2009 | $100.0000 | $38.8038 |
| 46. | Bear Stearns Mortgage Funding Trust 2006-AR4 A2 | 07401AJB4 | 5/15/2009 | $100.0000 | $31.5373 |
| 47. | Bear Stearns Mortgage Funding Trust 2006-AR4 B1 | 07401AJC2 | 5/15/2009 | $100.0000 | $2.1508 |
| 48. | Bear Stearns Mortgage Funding Trust 2006-AR4 B2 | 07401AJD0 | 5/15/2009 | $100.0000 | $1.3815 |
| 49. | Bear Stearns Mortgage Funding Trust 2006-AR4 B3 | 07401AJE8 | 5/15/2009 | $100.0000 | $0.1011 |
| 50. | Bear Stearns Mortgage Funding Trust 2006-AR4 B4 | 07401AJF5 | 5/15/2009 | $100.0000 | $0.0000 |
| 51. | Bear Stearns Mortgage Funding Trust 2006-AR5 IA1 | 07401ANAA7 | 5/15/2009 | $100.0000 | $37.6952 |
| 52. | Bear Stearns Mortgage Funding Trust 2006-AR5 IA2 | 07401ANAB5 | 5/15/2009 | $100.0000 | $18.4960 |
| 53. | Bear Stearns Mortgage Funding Trust 2006-AR5 IA3 | 07401ANAC3 | 5/15/2009 | $100.0000 | $12.7758 |
| 54. | Bear Stearns Mortgage Funding Trust 2006-AR5 IX | 07401ANAD1 | 5/15/2009 | $1.5000 | $1.5216 |
| 55. | Bear Stearns Mortgage Funding Trust 2006-AR5 IB1 | 07401ANAE9 | 5/15/2009 | $100.0000 | $0.4250 |
| 56. | Bear Stearns Mortgage Funding Trust 2006-AR5 IB2 | 07401ANAF6 | 5/15/2009 | $100.0000 | $0.2538 |
| 57. | Bear Stearns Mortgage Funding Trust 2006-AR5 IB3 | 07401ANAG4 | 5/15/2009 | $100.0000 | $0.1401 |
| 58. | Bear Stearns Mortgage Funding Trust 2006-AR5 IB4 | 07401ANAH2 | 5/15/2009 | $100.0000 | $0.0571 |
| 59. | Bear Stearns Mortgage Funding Trust 2006-AR5 IB5 | 07401ANAJ8 | 5/15/2009 | $100.0000 | $0.0000 |
| 60. | Bear Stearns Mortgage Funding Trust 2006-AR5 IB6 | 07401ANAK5 | 5/15/2009 | $100.0000 | $0.0000 |
| 61. | Bear Stearns Mortgage Funding Trust 2006-AR5 IB7 | 07401ANAL3 | 5/15/2009 | $100.0000 | $0.0000 |
| 62. | Bear Stearns Mortgage Funding Trust 2006-AR5 IB8 | 07401ANAM1 | 5/15/2009 | $100.0000 | $0.0000 |
| 63. | Bear Stearns Mortgage Funding Trust 2006-AR5 IB9 | 07401ANAN9 | 5/15/2009 | $100.0000 | $0.0000 |
| 64. | Bear Stearns Mortgage Funding Trust 2006-AR5 IIA1 | 07401ANAP4 | 5/15/2009 | $100.0000 | $38.6863 |
| 65. | Bear Stearns Mortgage Funding Trust 2006-AR5 IIA2 | 07401ANAQ2 | 5/15/2009 | $100.0000 | $19.6068 |
| 66. | Bear Stearns Mortgage Funding Trust 2006-AR5 IIA3 | 07401ANAR0 | 5/15/2009 | $100.0000 | $11.9763 |
| 67. | Bear Stearns Mortgage Funding Trust 2006-AR5 IIB1 | 07401ANAS8 | 5/15/2009 | $100.0000 | $0.4124 |
| 68. | Bear Stearns Mortgage Funding Trust 2006-AR5 IIB2 | 07401ANAT6 | 5/15/2009 | $100.0000 | $0.1434 |
| 69. | Bear Stearns Mortgage Funding Trust 2006-AR5 IIB3 | 07401ANAU3 | 5/15/2009 | $100.0000 | $0.0000 |
| 70. | Bear Stearns Mortgage Funding Trust 2006-AR5 IIB4 | 07401ANAV1 | 5/15/2009 | $100.0000 | $0.0000 |

**TABLE A-1**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 71. | Structured Asset Mortgage Investments II Trust 2006-AR5 1A1 | 86360JAA9 | 5/15/2009 | $100.0000 | $36.6131 |
| 72. | Structured Asset Mortgage Investments II Trust 2006-AR5 1A2 | 86360JAB7 | 5/15/2009 | $100.0000 | $21.5691 |
| 73. | Structured Asset Mortgage Investments II Trust 2006-AR5 1A3 | 86360JAC5 | 5/15/2009 | $100.0000 | $16.0683 |
| 74. | Structured Asset Mortgage Investments II Trust 2006-AR5 1X | 86360JAD3 | 5/15/2009 | $1.7219 | $2.0172 |
| 75. | Structured Asset Mortgage Investments II Trust 2006-AR5 2A1 | 86360JAE1 | 5/15/2009 | $100.0000 | $36.1139 |
| 76. | Structured Asset Mortgage Investments II Trust 2006-AR5 2A2 | 86360JAF8 | 5/15/2009 | $100.0000 | $21.1205 |
| 77. | Structured Asset Mortgage Investments II Trust 2006-AR5 2A3 | 86360JAG6 | 5/15/2009 | $100.0000 | $14.9079 |
| 78. | Structured Asset Mortgage Investments II Trust 2006-AR5 2X | 86360JAH4 | 5/15/2009 | $1.8258 | $2.4830 |
| 79. | Structured Asset Mortgage Investments II Trust 2006-AR5 3A1 | 86360JAJ0 | 5/15/2009 | $100.0000 | $35.8784 |
| 80. | Structured Asset Mortgage Investments II Trust 2006-AR5 3A2 | 86360JAK7 | 5/15/2009 | $100.0000 | $20.4959 |
| 81. | Structured Asset Mortgage Investments II Trust 2006-AR5 3A3 | 86360JAL5 | 5/15/2009 | $100.0000 | $16.1612 |
| 82. | Structured Asset Mortgage Investments II Trust 2006-AR5 3X | 86360JAM3 | 5/15/2009 | $2.0689 | $3.0943 |
| 83. | Structured Asset Mortgage Investments II Trust 2006-AR5 4A1 | 86360JAN1 | 5/15/2009 | $100.0000 | $36.0062 |
| 84. | Structured Asset Mortgage Investments II Trust 2006-AR5 4A2 | 86360JAP6 | 5/15/2009 | $100.0000 | $20.9087 |
| 85. | Structured Asset Mortgage Investments II Trust 2006-AR5 4A3 | 86360JAQ4 | 5/15/2009 | $100.0000 | $14.5295 |
| 86. | Structured Asset Mortgage Investments II Trust 2006-AR5 4X | 86360JAR2 | 5/15/2009 | $3.0228 | $3.5577 |
| 87. | Structured Asset Mortgage Investments II Trust 2006-AR5 B1 | 86360JAT8 | 5/15/2009 | $100.0000 | $5.3012 |
| 88. | Structured Asset Mortgage Investments II Trust 2006-AR5 B2 | 86360JAU5 | 5/15/2009 | $100.0000 | $3.9938 |
| 89. | Structured Asset Mortgage Investments II Trust 2006-AR5 B3 | 86360JAV3 | 5/15/2009 | $100.0000 | $3.6585 |
| 90. | Structured Asset Mortgage Investments II Trust 2006-AR5 B4 | 86360JAW1 | 5/15/2009 | $100.0000 | $2.9156 |
| 91. | Structured Asset Mortgage Investments II Trust 2006-AR5 B5 | 86360JAX9 | 5/15/2009 | $100.0000 | $2.6794 |
| 92. | Structured Asset Mortgage Investments II Trust 2006-AR5 B6 | 86360JAY7 | 5/15/2009 | $100.0000 | $2.4957 |
| 93. | Structured Asset Mortgage Investments II Trust 2006-AR5 B7 | 86360JBB6 | 5/15/2009 | $100.0000 | $2.6291 |
| 94. | Structured Asset Mortgage Investments II Trust 2006-AR5 B8 | 86360JBC4 | 5/15/2009 | $100.0000 | $0.8718 |
| 95. | Structured Asset Mortgage Investments II Trust 2006-AR5 MX | 86360JAS0 | 5/15/2009 | $1.8745 | $1.3654 |
| 96. | Structured Asset Mortgage Investments II Trust 2006-AR6 IIX | 86360JAJ5 | 5/15/2009 | $1.7396 | $2.0663 |
| 97. | Structured Asset Mortgage Investments II Trust 2006-AR6 IA1 | 86360JUAA4 | 5/15/2009 | $100.0000 | $39.6460 |
| 98. | Structured Asset Mortgage Investments II Trust 2006-AR6 IA2 | 86360JUAB2 | 5/15/2009 | $100.0000 | $20.5455 |
| 99. | Structured Asset Mortgage Investments II Trust 2006-AR6 IA3 | 86360JUAC0 | 5/15/2009 | $100.0000 | $33.3013 |
| 100. | Structured Asset Mortgage Investments II Trust 2006-AR6 IA4 | 86360JUAD8 | 5/15/2009 | $100.0000 | $20.4294 |
| 101. | Structured Asset Mortgage Investments II Trust 2006-AR6 IA5 | 86360JUAE6 | 5/15/2009 | $100.0000 | $17.2436 |
| 102. | Structured Asset Mortgage Investments II Trust 2006-AR6 IIA1 | 86360JUAF3 | 5/15/2009 | $100.0000 | $40.5890 |
| 103. | Structured Asset Mortgage Investments II Trust 2006-AR6 IIA2 | 86360JUAG1 | 5/15/2009 | $100.0000 | $20.9042 |
| 104. | Structured Asset Mortgage Investments II Trust 2006-AR6 IIA3 | 86360JUAH9 | 5/15/2009 | $100.0000 | $16.7035 |
| 105. | Structured Asset Mortgage Investments II Trust 2006-AR6 B1 | 86360JUAK2 | 5/15/2009 | $100.0000 | $3.6427 |
| 106. | Structured Asset Mortgage Investments II Trust 2006-AR6 B2 | 86360JUAL0 | 5/15/2009 | $100.0000 | $1.3729 |
| 107. | Structured Asset Mortgage Investments II Trust 2006-AR6 B3 | 86360JUAM8 | 5/15/2009 | $100.0000 | $1.2377 |
| 108. | Structured Asset Mortgage Investments II Trust 2006-AR6 B4 | 86360JUAN6 | 5/15/2009 | $100.0000 | $1.0406 |
| 109. | Structured Asset Mortgage Investments II Trust 2006-AR6 B5 | 86360JUAP1 | 5/15/2009 | $100.0000 | $0.7434 |
| 110. | Structured Asset Mortgage Investments II Trust 2006-AR6 B6 | 86360JUAQ9 | 5/15/2009 | $100.0000 | $0.8641 |
| 111. | Structured Asset Mortgage Investments II Trust 2006-AR6 B7 | 86360JUAR7 | 5/15/2009 | $100.0000 | $0.5711 |
| 112. | Structured Asset Mortgage Investments II Trust 2006-AR6 B8 | 86360JUAS5 | 5/15/2009 | $100.0000 | $0.3762 |
| 113. | Structured Asset Mortgage Investments II Trust 2006-AR7 A1A | 86361HAA2 | 5/15/2009 | $100.0000 | $37.3060 |
| 114. | Structured Asset Mortgage Investments II Trust 2006-AR7 A1B_GT | 86361HAB0 | 5/15/2009 | $100.0000 | $37.8849 |
| 115. | Structured Asset Mortgage Investments II Trust 2006-AR7 A2A | 86361HAC8 | 5/15/2009 | $100.0000 | $20.6411 |
| 116. | Structured Asset Mortgage Investments II Trust 2006-AR7 A2B_GT | 86361HAD6 | 5/15/2009 | $100.0000 | $21.3399 |
| 117. | Structured Asset Mortgage Investments II Trust 2006-AR7 A3 | 86361HAF1 | 5/15/2009 | $100.0000 | $95.7735 |
| 118. | Structured Asset Mortgage Investments II Trust 2006-AR7 A4 | 86361HAG9 | 5/15/2009 | $100.0000 | $76.7932 |
| 119. | Structured Asset Mortgage Investments II Trust 2006-AR7 A5 | 86361HAH7 | 5/15/2009 | $100.0000 | $15.4975 |
| 120. | Structured Asset Mortgage Investments II Trust 2006-AR7 A6 | 86361HAJ3 | 5/15/2009 | $100.0000 | $11.9234 |
| 121. | Structured Asset Mortgage Investments II Trust 2006-AR7 A8 | 86361HAL8 | 5/15/2009 | $100.0000 | $95.8668 |
| 122. | Structured Asset Mortgage Investments II Trust 2006-AR7 A9 | 86361HAM6 | 5/15/2009 | $100.0000 | $76.5742 |
| 123. | Structured Asset Mortgage Investments II Trust 2006-AR7 A10 | 86361HAN4 | 5/15/2009 | $100.0000 | $20.0335 |
| 124. | Structured Asset Mortgage Investments II Trust 2006-AR7 A11 | 86361HAP9 | 5/15/2009 | $100.0000 | $11.8499 |
| 125. | Structured Asset Mortgage Investments II Trust 2006-AR7 A12 | 86361HAQ7 | 5/15/2009 | $100.0000 | $20.6624 |
| 126. | Structured Asset Mortgage Investments II Trust 2006-AR7 A13A | 86361HAR5 | 5/15/2009 | $100.0000 | $15.5668 |
| 127. | Structured Asset Mortgage Investments II Trust 2006-AR7 A13B | 86361HAS3 | 5/15/2009 | $100.0000 | $28.3658 |
| 128. | Structured Asset Mortgage Investments II Trust 2006-AR7 X | 86361HAT1 | 5/15/2009 | $2.5336 | $1.8496 |
| 129. | Structured Asset Mortgage Investments II Trust 2006-AR7 B1 | 86361HAU8 | 5/15/2009 | $100.0000 | $3.7120 |
| 130. | Structured Asset Mortgage Investments II Trust 2006-AR7 B2 | 86361HAV6 | 5/15/2009 | $100.0000 | $1.6684 |
| 131. | Structured Asset Mortgage Investments II Trust 2006-AR7 B3 | 86361HAW4 | 5/15/2009 | $100.0000 | $1.6845 |
| 132. | Structured Asset Mortgage Investments II Trust 2006-AR7 B4 | 86361HAX2 | 5/15/2009 | $100.0000 | $1.7712 |
| 133. | Structured Asset Mortgage Investments II Trust 2006-AR7 B5 | 86361HAY0 | 5/15/2009 | $100.0000 | $1.4086 |
| 134. | Structured Asset Mortgage Investments II Trust 2006-AR7 B6 | 86361HAZ7 | 5/15/2009 | $100.0000 | $1.5834 |
| 135. | Structured Asset Mortgage Investments II Trust 2006-AR7 B7 | 86361HBA1 | 5/15/2009 | $100.0000 | $1.5200 |

**TABLE A-2**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 1. | Bear Stearns ALT-A Trust 2006-5 IA1 | 073873AA9 | 7/9/2009 | $100.0000 | $36.1857 |
| 2. | Bear Stearns ALT-A Trust 2006-5 IA2 | 073873AB7 | 7/9/2009 | $100.0000 | $12.1424 |
| 3. | Bear Stearns ALT-A Trust 2006-5 IM1 | 073873AC5 | 7/9/2009 | $100.0000 | $0.0612 |
| 4. | Bear Stearns ALT-A Trust 2006-5 IM2 | 073873AD3 | 7/9/2009 | $100.0000 | $0.0000 |
| 5. | Bear Stearns ALT-A Trust 2006-5 IB1 | 073873AE1 | 7/9/2009 | $100.0000 | $0.0000 |
| 6. | Bear Stearns ALT-A Trust 2006-5 IB2 | 073873AF8 | 7/9/2009 | $100.0000 | $0.0000 |
| 7. | Bear Stearns ALT-A Trust 2006-5 IIA1 | 073873AJ0 | 7/9/2009 | $100.0000 | $46.9267 |
| 8. | Bear Stearns ALT-A Trust 2006-5 IIA2 | 073873AK7 | 7/9/2009 | $100.0000 | $46.3342 |
| 9. | Bear Stearns ALT-A Trust 2006-5 IIA3 | 073873AL5 | 7/9/2009 | $100.0000 | $19.7665 |
| 10. | Bear Stearns ALT-A Trust 2006-5 IIB1 | 073873AN1 | 7/9/2009 | $100.0000 | $2.1060 |
| 11. | Bear Stearns ALT-A Trust 2006-5 IIB2 | 073873AP6 | 7/9/2009 | $100.0000 | $1.3534 |
| 12. | Bear Stearns ALT-A Trust 2006-5 IIB3 | 073873AQ4 | 7/9/2009 | $100.0000 | $0.0000 |
| 13. | Bear Stearns ALT-A Trust 2006-5 IIX1 | 073873AM3 | 7/9/2009 | $0.6110 | $0.7029 |
| 14. | Bear Stearns ALT-A Trust 2006-5 IIX3 | 073873AV3 | 7/9/2009 | $0.6110 | $0.7029 |
| 15. | Bear Stearns ALT-A Trust 2006-5 IIX2 | 073873AU5 | 7/9/2009 | $0.6125 | $0.5313 |
| 16. | Bear Stearns ALT-A Trust 2006-6 IA1 | 073868AA9 | 7/9/2009 | $100.0000 | $37.4572 |
| 17. | Bear Stearns ALT-A Trust 2006-6 IA2 | 073868AB7 | 7/9/2009 | $100.0000 | $9.6357 |
| 18. | Bear Stearns ALT-A Trust 2006-6 IM1 | 073868AC5 | 7/9/2009 | $100.0000 | $0.0000 |
| 19. | Bear Stearns ALT-A Trust 2006-6 IM2 | 073868AD3 | 7/9/2009 | $100.0000 | $0.0000 |
| 20. | Bear Stearns ALT-A Trust 2006-6 IB1 | 073868AE1 | 7/9/2009 | $100.0000 | $0.0000 |
| 21. | Bear Stearns ALT-A Trust 2006-6 IB2 | 073868AF8 | 7/9/2009 | $100.0000 | $0.0000 |
| 22. | Bear Stearns ALT-A Trust 2006-6 IIX1 | 073868AP6 | 7/9/2009 | $2.0000 | $2.1844 |
| 23. | Bear Stearns ALT-A Trust 2006-6 IIA1 | 073868AM3 | 7/9/2009 | $100.0000 | $47.8852 |
| 24. | Bear Stearns ALT-A Trust 2006-6 IIA2 | 073868AN1 | 7/9/2009 | $100.0000 | $22.4599 |
| 25. | Bear Stearns ALT-A Trust 2006-6 IIB1 | 073868AS0 | 7/9/2009 | $100.0000 | $2.8933 |
| 26. | Bear Stearns ALT-A Trust 2006-6 IIBX1 | 073868AQ4 | 7/9/2009 | $4.4000 | $0.8007 |
| 27. | Bear Stearns ALT-A Trust 2006-6 IIB2 | 073868AT8 | 7/9/2009 | $100.0000 | $1.2572 |
| 28. | Bear Stearns ALT-A Trust 2006-6 IIBX2 | 073868AR2 | 7/9/2009 | $3.4000 | $0.1960 |
| 29. | Bear Stearns ALT-A Trust 2006-6 IIB3 | 073868AU5 | 7/9/2009 | $100.0000 | $0.5936 |
| 30. | Bear Stearns ALT-A Trust 2006-6 III1X1 | 073868AY7 | 7/9/2009 | $1.5000 | $1.4242 |
| 31. | Bear Stearns ALT-A Trust 2006-6 III1X2 | 073868AZ4 | 7/9/2009 | $0.1100 | $0.1064 |
| 32. | Bear Stearns ALT-A Trust 2006-6 III1A1 | 073868AV3 | 7/9/2009 | $100.0000 | $50.1609 |
| 33. | Bear Stearns ALT-A Trust 2006-6 III1A2 | 073868AW1 | 7/9/2009 | $100.0000 | $30.3636 |
| 34. | Bear Stearns ALT-A Trust 2006-6 III1A3 | 073868AX9 | 7/9/2009 | $100.0000 | $18.4469 |
| 35. | Bear Stearns ALT-A Trust 2006-6 IIIB1 | 073868CB5 | 7/9/2009 | $100.0000 | $7.9161 |
| 36. | Bear Stearns ALT-A Trust 2006-6 IIIBX1 | 073868BR1 | 7/9/2009 | $3.3000 | $0.1257 |
| 37. | Bear Stearns ALT-A Trust 2006-6 IIIB2 | 073868BP5 | 7/9/2009 | $100.0000 | $0.0000 |
| 38. | Bear Stearns ALT-A Trust 2006-6 IIIBX2 | 073868BS9 | 7/9/2009 | $3.3000 | $0.0000 |
| 39. | Bear Stearns ALT-A Trust 2006-6 IIIB3 | 073868BQ3 | 7/9/2009 | $100.0000 | $0.0000 |
| 40. | Bear Stearns ALT-A Trust 2006-6 IIIBX3 | 073868BT7 | 7/9/2009 | $2.3000 | $0.0000 |
| 41. | Bear Stearns ALT-A Trust 2006-6 III2X1 | 073868BH3 | 7/9/2009 | $1.9000 | $1.7084 |
| 42. | Bear Stearns ALT-A Trust 2006-6 III2A1 | 073868BE0 | 7/9/2009 | $100.0000 | $50.3478 |
| 43. | Bear Stearns ALT-A Trust 2006-6 III2A2 | 073868BF7 | 7/9/2009 | $100.0000 | $30.3766 |
| 44. | Bear Stearns ALT-A Trust 2006-6 III2A3 | 073868BG5 | 7/9/2009 | $100.0000 | $17.8570 |
| 45. | Bear Stearns ALT-A Trust 2006-6 III1X3 | 073868BA8 | 7/9/2009 | $0.1900 | $0.2129 |
| 46. | Bear Stearns ALT-A Trust 2006-6 III1X4 | 073868BB6 | 7/9/2009 | $0.4500 | $0.4258 |
| 47. | Bear Stearns ALT-A Trust 2006-6 III1X5 | 073868BC4 | 7/9/2009 | $0.6500 | $0.8515 |
| 48. | Bear Stearns ALT-A Trust 2006-6 III1X6 | 073868BD2 | 7/9/2009 | $1.5000 | $1.5966 |
| 49. | Bear Stearns ALT-A Trust 2006-6 III2X2 | 073868BJ9 | 7/9/2009 | $0.1100 | $0.1041 |
| 50. | Bear Stearns ALT-A Trust 2006-6 III2X3 | 073868BK6 | 7/9/2009 | $0.1900 | $0.2081 |
| 51. | Bear Stearns ALT-A Trust 2006-6 III2X4 | 073868BL4 | 7/9/2009 | $0.4500 | $0.4162 |
| 52. | Bear Stearns ALT-A Trust 2006-6 III2X5 | 073868BM2 | 7/9/2009 | $0.6500 | $0.8324 |
| 53. | Bear Stearns ALT-A Trust 2006-6 III2X6 | 073868BN0 | 7/9/2009 | $1.5000 | $1.5607 |
| 54. | Bear Stearns ALT-A Trust 2006-6 IAE1 | BSA2ECZ50 | 7/9/2009 | | $30.4700 |
| 55. | Bear Stearns ALT-A Trust 2006-6 IAE2 | BSAGTHAD0 | 7/9/2009 | | $30.5765 |
| 56. | Bear Stearns ALT-A Trust 2006-6 IAE3 | BSA50BUY0 | 7/9/2009 | | $30.6829 |
| 57. | Bear Stearns ALT-A Trust 2006-6 IAE4 | BSACES4H0 | 7/9/2009 | | $30.7894 |
| 58. | Bear Stearns ALT-A Trust 2006-6 IAE5 | BSAU9Q2M0 | 7/9/2009 | | $30.8958 |
| 59. | Bear Stearns ALT-A Trust 2006-6 IAE6 | BSAAGM1Y0 | 7/9/2009 | | $31.0023 |
| 60. | Bear Stearns ALT-A Trust 2006-6 IAE7 | BSALGE160 | 7/9/2009 | | $31.1087 |
| 61. | Bear Stearns ALT-A Trust 2006-6 IAE8 | BSADJEUS0 | 7/9/2009 | | $31.2152 |
| 62. | Bear Stearns ALT-A Trust 2006-6 IAE9 | BSAFL75W1 | 7/9/2009 | | $31.3216 |
| 63. | Bear Stearns ALT-A Trust 2006-6 IAE10 | BSAIVOTQ0 | 7/9/2009 | | $31.4281 |
| 64. | Bear Stearns ALT-A Trust 2006-6 IAE11 | BSA584YQ0 | 7/9/2009 | | $31.5345 |
| 65. | Bear Stearns ALT-A Trust 2006-6 IAE12 | BSAZ122N0 | 7/9/2009 | | $31.6409 |
| 66. | Bear Stearns ALT-A Trust 2006-6 IAE13 | 073868CC3 | 7/9/2009 | | $31.7473 |
| 67. | Bear Stearns ALT-A Trust 2006-6 IAE14 | BSA8TNJS0 | 7/9/2009 | | $31.8538 |
| 68. | Bear Stearns ALT-A Trust 2006-6 IAE15 | BSASLW420 | 7/9/2009 | | $31.9602 |
| 69. | Bear Stearns ALT-A Trust 2006-6 IAE16 | BSADC1LU0 | 7/9/2009 | | $32.0666 |
| 70. | Bear Stearns ALT-A Trust 2006-6 IAE17 | BSACF5MB0 | 7/9/2009 | | $32.1731 |

TABLE A-2

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 71. | Bear Stearns ALT-A Trust 2006-6 IAE18 | BSA508RH0 | 7/9/2009 | | $32.2795 |
| 72. | Bear Stearns ALT-A Trust 2006-6 IAE19 | BSAFN9U00 | 7/9/2009 | | $32.3860 |
| 73. | Bear Stearns ALT-A Trust 2006-6 IAE20 | BSAP5ABR0 | 7/9/2009 | | $32.4924 |
| 74. | Bear Stearns ALT-A Trust 2006-6 IAE21 | BSA8Q9ZJ0 | 7/9/2009 | | $32.5989 |
| 75. | Bear Stearns ALT-A Trust 2006-6 IAE22 | BSANC4TQ0 | 7/9/2009 | | $32.7053 |
| 76. | Bear Stearns ALT-A Trust 2006-6 IAE23 | BSAXOVL60 | 7/9/2009 | | $32.8118 |
| 77. | Bear Stearns ALT-A Trust 2006-6 IAE24 | BSAMNW970 | 7/9/2009 | | $32.9182 |
| 78. | Bear Stearns ALT-A Trust 2006-6 IAE25 | BSAQWKF70 | 7/9/2009 | | $33.0247 |
| 79. | Bear Stearns ALT-A Trust 2006-6 IAE26 | BSA48FJJ0 | 7/9/2009 | | $33.1311 |
| 80. | Bear Stearns ALT-A Trust 2006-6 IAE27 | BSAZ8GK90 | 7/9/2009 | | $33.2375 |
| 81. | Bear Stearns ALT-A Trust 2006-6 IAE28 | BSAC8KRK0 | 7/9/2009 | | $33.3439 |
| 82. | Bear Stearns ALT-A Trust 2006-6 IAE29 | BSATM94L1 | 7/9/2009 | | $33.4504 |
| 83. | Bear Stearns ALT-A Trust 2006-6 IAE30 | BSAD06O40 | 7/9/2009 | | $33.5568 |
| 84. | Bear Stearns ALT-A Trust 2006-6 IIAE1 | BSAH1W2B0 | 7/9/2009 | | $30.4807 |
| 85. | Bear Stearns ALT-A Trust 2006-6 IIAE2 | BSA0ZG6A0 | 7/9/2009 | | $30.5847 |
| 86. | Bear Stearns ALT-A Trust 2006-6 IIAE3 | BSAAZOT90 | 7/9/2009 | | $30.6888 |
| 87. | Bear Stearns ALT-A Trust 2006-6 IIAE4 | BSAQX1QN0 | 7/9/2009 | | $30.7928 |
| 88. | Bear Stearns ALT-A Trust 2006-6 IIAE5 | BSAXY1QB0 | 7/9/2009 | | $30.8969 |
| 89. | Bear Stearns ALT-A Trust 2006-6 IIAE6 | BSAK2SMM0 | 7/9/2009 | | $31.0009 |
| 90. | Bear Stearns ALT-A Trust 2006-6 IIAE7 | BSAOEAXS1 | 7/9/2009 | | $31.1050 |
| 91. | Bear Stearns ALT-A Trust 2006-6 IIAE8 | BSA914K50 | 7/9/2009 | | $31.2090 |
| 92. | Bear Stearns ALT-A Trust 2006-6 IIAE9 | BSAYGXUU0 | 7/9/2009 | | $31.3131 |
| 93. | Bear Stearns ALT-A Trust 2006-6 IIAE10 | 073868CD1 | 7/9/2009 | | $31.4171 |
| 94. | Bear Stearns ALT-A Trust 2006-6 IIAE11 | BSAEP6AO0 | 7/9/2009 | | $31.5212 |
| 95. | Bear Stearns ALT-A Trust 2006-6 IIAE12 | BSAHD8TP0 | 7/9/2009 | | $31.6252 |
| 96. | Bear Stearns ALT-A Trust 2006-6 IIAE13 | BSARLVI20 | 7/9/2009 | | $31.7293 |
| 97. | Bear Stearns ALT-A Trust 2006-6 IIAE14 | BSAP80CF0 | 7/9/2009 | | $31.8333 |
| 98. | Bear Stearns ALT-A Trust 2006-6 IIAE15 | BSAYAE6T0 | 7/9/2009 | | $31.9373 |
| 99. | Bear Stearns ALT-A Trust 2006-6 IIAE16 | BSAI97QU0 | 7/9/2009 | | $32.0414 |
| 100. | Bear Stearns ALT-A Trust 2006-6 IIAE17 | BSA0KJW10 | 7/9/2009 | | $32.1454 |
| 101. | Bear Stearns ALT-A Trust 2006-6 IIAE18 | BSAL7RJ10 | 7/9/2009 | | $32.2495 |
| 102. | Bear Stearns ALT-A Trust 2006-6 IIAE19 | BSAY23TW0 | 7/9/2009 | | $32.3535 |
| 103. | Bear Stearns ALT-A Trust 2006-6 IIAE20 | BSAB2IDM0 | 7/9/2009 | | $32.4576 |
| 104. | Bear Stearns ALT-A Trust 2006-6 IIAE21 | BSAC13N20 | 7/9/2009 | | $32.5616 |
| 105. | Bear Stearns ALT-A Trust 2006-6 IIAE22 | BSAGJMI60 | 7/9/2009 | | $32.6657 |
| 106. | Bear Stearns ALT-A Trust 2006-6 IIAE23 | BSAH5MNR0 | 7/9/2009 | | $32.7697 |
| 107. | Bear Stearns ALT-A Trust 2006-6 IIAE24 | BSA26HXW0 | 7/9/2009 | | $32.8738 |
| 108. | Bear Stearns ALT-A Trust 2006-6 IIAE25 | BSAMG7XY0 | 7/9/2009 | | $32.9778 |
| 109. | Bear Stearns ALT-A Trust 2006-6 IIAE26 | BSAF71MM0 | 7/9/2009 | | $33.0819 |
| 110. | Bear Stearns ALT-A Trust 2006-6 IIAE27 | BSAUB7SD0 | 7/9/2009 | | $33.1859 |
| 111. | Bear Stearns ALT-A Trust 2006-6 IIAE28 | BSA49I3S0 | 7/9/2009 | | $33.2900 |
| 112. | Bear Stearns ALT-A Trust 2006-6 IIAE29 | BSA78WG31 | 7/9/2009 | | $33.3940 |
| 113. | Bear Stearns ALT-A Trust 2006-6 IIAE30 | BSAZI3DV0 | 7/9/2009 | | $33.4981 |
| 114. | Bear Stearns ALT-A Trust 2006-7 IA1 | 073875AA4 | 7/9/2009 | $100.0000 | $38.2941 |
| 115. | Bear Stearns ALT-A Trust 2006-7 IA2 | 073875AB2 | 7/9/2009 | $100.0000 | $10.1749 |
| 116. | Bear Stearns ALT-A Trust 2006-7 IM1 | 073875AC0 | 7/9/2009 | $100.0000 | $0.1664 |
| 117. | Bear Stearns ALT-A Trust 2006-7 IM2 | 073875AD8 | 7/9/2009 | $100.0000 | $0.0000 |
| 118. | Bear Stearns ALT-A Trust 2006-7 IB1 | 073875AE6 | 7/9/2009 | $100.0000 | $0.0000 |
| 119. | Bear Stearns ALT-A Trust 2006-7 IB2 | 073875AF3 | 7/9/2009 | $100.0000 | $0.0000 |
| 120. | Bear Stearns ALT-A Trust 2006-7 II1A1 | 073875AG1 | 7/9/2009 | $100.0000 | $54.4555 |
| 121. | Bear Stearns ALT-A Trust 2006-7 II1A2 | 073875AH9 | 7/9/2009 | $100.0000 | $22.6717 |
| 122. | Bear Stearns ALT-A Trust 2006-7 II1X1 | 073875AJ5 | 7/9/2009 | $1.5000 | $1.8722 |
| 123. | Bear Stearns ALT-A Trust 2006-7 IIB1 | 073875AR7 | 7/9/2009 | $100.0000 | $4.4736 |
| 124. | Bear Stearns ALT-A Trust 2006-7 IIBX1 | 073875AZ9 | 7/9/2009 | $1.3000 | $0.2495 |
| 125. | Bear Stearns ALT-A Trust 2006-7 IIB2 | 073875AS5 | 7/9/2009 | $100.0000 | $0.2930 |
| 126. | Bear Stearns ALT-A Trust 2006-7 IIB3 | 073875AT3 | 7/9/2009 | $100.0000 | $0.0000 |
| 127. | Bear Stearns ALT-A Trust 2006-7 II2A1A | 073875AK2 | 7/9/2009 | $100.0000 | $46.1394 |
| 128. | Bear Stearns ALT-A Trust 2006-7 II2A1B | 073875AU0 | 7/9/2009 | $100.0000 | $45.7242 |
| 129. | Bear Stearns ALT-A Trust 2006-7 II2A2 | 073875AL0 | 7/9/2009 | $100.0000 | $21.4502 |
| 130. | Bear Stearns ALT-A Trust 2006-7 II2X1 | 073875AM8 | 7/9/2009 | $1.6000 | $1.7340 |
| 131. | Bear Stearns ALT-A Trust 2006-7 II2X2 | 073875AV8 | 7/9/2009 | $1.1500 | $1.2314 |
| 132. | Bear Stearns ALT-A Trust 2006-7 II2X3 | 073875AW6 | 7/9/2009 | $0.5000 | $0.5026 |
| 133. | Bear Stearns ALT-A Trust 2006-7 II2X4 | 073875AX4 | 7/9/2009 | $0.2500 | $0.2513 |
| 134. | Bear Stearns ALT-A Trust 2006-7 II2X5 | 073875AY2 | 7/9/2009 | $0.2500 | $0.2513 |
| 135. | Bear Stearns ALT-A Trust 2006-7 II3A1 | 073875AN6 | 7/9/2009 | $100.0000 | $49.0140 |
| 136. | Bear Stearns ALT-A Trust 2006-7 II3A2 | 073875AP1 | 7/9/2009 | $100.0000 | $23.6852 |
| 137. | Bear Stearns ALT-A Trust 2006-7 II3X1 | 073875AQ9 | 7/9/2009 | $1.4000 | $1.3571 |
| 138. | Bear Stearns ALT-A Trust 2006-7 IAE1 | BSAJXV5V0 | 7/9/2009 | | $45.9755 |
| 139. | Bear Stearns ALT-A Trust 2006-7 IAE2 | BSAMTRWM0 | 7/9/2009 | | $46.2268 |
| 140. | Bear Stearns ALT-A Trust 2006-7 IAE3 | BSAVJ64D0 | 7/9/2009 | | $46.4781 |

**TABLE A-2**

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 141. | Bear Stearns ALT-A 2006-7 IAE4 | 073875BJ4 | 7/9/2009 | | $46.7294 |
| 142. | Bear Stearns ALT-A 2006-7 IAE5 | BSAI0YH60 | 7/9/2009 | | $47.9608 |
| 143. | Bear Stearns ALT-A Trust 2006-8 IA1 | 07387QAA8 | 7/9/2009 | $100.0000 | $40.8678 |
| 144. | Bear Stearns ALT-A Trust 2006-8 IA2 | 07387QAB6 | 7/9/2009 | $100.0000 | $16.5521 |
| 145. | Bear Stearns ALT-A Trust 2006-8 IM1 | 07387QAC4 | 7/9/2009 | $100.0000 | $0.1180 |
| 146. | Bear Stearns ALT-A Trust 2006-8 IM2 | 07387QAD2 | 7/9/2009 | $100.0000 | $0.0000 |
| 147. | Bear Stearns ALT-A Trust 2006-8 IB1 | 07387QAE0 | 7/9/2009 | $100.0000 | $0.0000 |
| 148. | Bear Stearns ALT-A Trust 2006-8 IB2 | 07387QAF7 | 7/9/2009 | $100.0000 | $0.0000 |
| 149. | Bear Stearns ALT-A Trust 2006-8 IIA1 | 07387QAM2 | 7/9/2009 | $100.0000 | $43.4987 |
| 150. | Bear Stearns ALT-A Trust 2006-8 IIA2 | 07387QAN0 | 7/9/2009 | $100.0000 | $16.5377 |
| 151. | Bear Stearns ALT-A Trust 2006-8 IIX1 | 07387QAP5 | 7/9/2009 | $2.3000 | $1.4833 |
| 152. | Bear Stearns ALT-A Trust 2006-8 IIB1 | 07387QAQ3 | 7/9/2009 | $100.0000 | $1.9919 |
| 153. | Bear Stearns ALT-A Trust 2006-8 IIBX1 | 07387QAR1 | 7/9/2009 | $2.5000 | $0.0625 |
| 154. | Bear Stearns ALT-A Trust 2006-8 IIB2 | 07387QAS9 | 7/9/2009 | $100.0000 | $0.0000 |
| 155. | Bear Stearns ALT-A Trust 2006-8 IIBX2 | 07387QBH2 | 7/9/2009 | $1.2000 | $0.0000 |
| 156. | Bear Stearns ALT-A Trust 2006-8 IIB3 | 07387QAT7 | 7/9/2009 | $100.0000 | $0.0000 |
| 157. | Bear Stearns ALT-A Trust 2006-8 IIIA1 | 07387QAX8 | 7/9/2009 | $100.0000 | $56.8244 |
| 158. | Bear Stearns ALT-A Trust 2006-8 IIIA2 | 07387QAY6 | 7/9/2009 | $100.0000 | $28.0820 |
| 159. | Bear Stearns ALT-A Trust 2006-8 IIIX1 | 07387QAZ3 | 7/9/2009 | $2.5000 | $4.4785 |
| 160. | Bear Stearns ALT-A Trust 2006-8 IIIB1 | 07387QBA7 | 7/9/2009 | $100.0000 | $6.0802 |
| 161. | Bear Stearns ALT-A Trust 2006-8 IIIB2 | 07387QBB5 | 7/9/2009 | $100.0000 | $2.9475 |
| 162. | Bear Stearns ALT-A Trust 2006-8 IIIB3 | 07387QBC3 | 7/9/2009 | $100.0000 | $1.7225 |
| 163. | Bear Stearns ALT-A Trust 2007-1 IA1 | 07386XAA4 | 7/9/2009 | $100.0000 | $40.0069 |
| 164. | Bear Stearns ALT-A Trust 2007-1 IA2 | 07386XAB2 | 7/9/2009 | $100.0000 | $26.0777 |
| 165. | Bear Stearns ALT-A Trust 2007-1 IM1 | 07386XAC0 | 7/9/2009 | $100.0000 | $0.2658 |
| 166. | Bear Stearns ALT-A Trust 2007-1 IM2 | 07386XAD8 | 7/9/2009 | $100.0000 | $0.0000 |
| 167. | Bear Stearns ALT-A Trust 2007-1 IB1 | 07386XAE6 | 7/9/2009 | $100.0000 | $0.0000 |
| 168. | Bear Stearns ALT-A Trust 2007-1 IB2 | 07386XAF3 | 7/9/2009 | $100.0000 | $0.0000 |
| 169. | Bear Stearns ALT-A Trust 2007-1 IB3 | 07386XAG1 | 7/9/2009 | $100.0000 | $0.0000 |
| 170. | Bear Stearns ALT-A Trust 2007-1 II1A1 | 07386XAH9 | 7/9/2009 | $100.0000 | $44.5777 |
| 171. | Bear Stearns ALT-A Trust 2007-1 II1A2 | 07386XAJ5 | 7/9/2009 | $100.0000 | $14.2623 |
| 172. | Bear Stearns ALT-A Trust 2007-1 II1X1 | 07386XAK2 | 7/9/2009 | $0.9780 | $1.4070 |
| 173. | Bear Stearns ALT-A Trust 2007-1 II2A1 | 07386XAL0 | 7/9/2009 | $100.0000 | $41.8120 |
| 174. | Bear Stearns ALT-A Trust 2007-1 II2A2 | 07386XAM8 | 7/9/2009 | $100.0000 | $14.8510 |
| 175. | Bear Stearns ALT-A Trust 2007-1 II2X1 | 07386XAN6 | 7/9/2009 | $1.1200 | $1.3900 |
| 176. | Bear Stearns ALT-A Trust 2007-1 IIB1 | 07386XAZ9 | 7/9/2009 | $100.0000 | $2.3423 |
| 177. | Bear Stearns ALT-A Trust 2007-1 IIBX1 | 07386XBA3 | 7/9/2009 | $1.2100 | $0.1930 |
| 178. | Bear Stearns ALT-A Trust 2007-1 IIB2 | 07386XAP1 | 7/9/2009 | $100.0000 | $0.8946 |
| 179. | Bear Stearns ALT-A Trust 2007-1 IIB3 | 07386XAQ9 | 7/9/2009 | $100.0000 | $0.1986 |
| 180. | Bear Stearns ARM Trust 2006-4 IA1 | 073882AA0 | 7/9/2009 | $100.0000 | $55.6722 |
| 181. | Bear Stearns ARM Trust 2006-4 IA2 | 073882AB8 | 7/9/2009 | $100.0000 | $21.1677 |
| 182. | Bear Stearns ARM Trust 2006-4 B1 | 073882AQ5 | 7/9/2009 | $100.0000 | $3.9001 |
| 183. | Bear Stearns ARM Trust 2006-4 B2 | 073882AR3 | 7/9/2009 | $100.0000 | $1.6742 |
| 184. | Bear Stearns ARM Trust 2006-4 B3 | 073882AS1 | 7/9/2009 | $100.0000 | $0.0000 |
| 185. | Bear Stearns ARM Trust 2006-4 IIA1 | 073882AC6 | 7/9/2009 | $100.0000 | $59.9428 |
| 186. | Bear Stearns ARM Trust 2006-4 IIX1 | 073882AW2 | 7/9/2009 | $0.3500 | $0.2472 |
| 187. | Bear Stearns ARM Trust 2006-4 IIA2 | 073882AD4 | 7/9/2009 | $100.0000 | $60.1990 |
| 188. | Bear Stearns ARM Trust 2006-4 IIA3 | 073882AE2 | 7/9/2009 | $100.0000 | $23.3462 |
| 189. | Bear Stearns ARM Trust 2006-4 IIX3 | 073882AF9 | 7/9/2009 | $0.3500 | $0.2200 |
| 190. | Bear Stearns ARM Trust 2006-4 IIIA1 | 073882AG7 | 7/9/2009 | $100.0000 | $61.0820 |
| 191. | Bear Stearns ARM Trust 2006-4 IIIA2 | 073882AH5 | 7/9/2009 | $100.0000 | $23.7985 |
| 192. | Bear Stearns ARM Trust 2006-4 IIIX | 073882AJ1 | 7/9/2009 | $0.5500 | $0.5588 |
| 193. | Bear Stearns ARM Trust 2006-4 IVA1 | 073882AK8 | 7/9/2009 | $100.0000 | $62.0232 |
| 194. | Bear Stearns ARM Trust 2006-4 IVA2 | 073882AL6 | 7/9/2009 | $100.0000 | $24.9400 |
| 195. | Bear Stearns ARM Trust 2006-4 IVA3 | 073882AY8 | 7/9/2009 | $100.0000 | $62.1608 |
| 196. | Bear Stearns ARM Trust 2006-4 IVA4 | 073882AZ5 | 7/9/2009 | $100.0000 | $64.1320 |
| 197. | Bear Stearns ARM Trust 2006-4 IVX | 073882AM4 | 7/9/2009 | $0.7000 | $0.8954 |
| 198. | Bear Stearns Mortgage Funding Trust 2006-AR2 IX | 07401AAD9 | 5/15/2009 | $1.9000 | $2.3106 |
| 199. | Bear Stearns Mortgage Funding Trust 2006-AR2 IA1 | 07401AAA5 | 5/15/2009 | $100.0000 | $35.5920 |
| 200. | Bear Stearns Mortgage Funding Trust 2006-AR2 IA2_GT | 07401AAB3 | 5/15/2009 | $100.0000 | $22.7113 |
| 201. | Bear Stearns Mortgage Funding Trust 2006-AR2 IA3 | 07401AAC1 | 5/15/2009 | $100.0000 | $16.1585 |
| 202. | Bear Stearns Mortgage Funding Trust 2006-AR2 IB1 | 07401AAE7 | 5/15/2009 | $100.0000 | $1.6830 |
| 203. | Bear Stearns Mortgage Funding Trust 2006-AR2 IB2 | 07401AAF4 | 5/15/2009 | $100.0000 | $0.5978 |
| 204. | Bear Stearns Mortgage Funding Trust 2006-AR2 IB3 | 07401AAG2 | 5/15/2009 | $100.0000 | $0.2653 |
| 205. | Bear Stearns Mortgage Funding Trust 2006-AR2 IB4 | 07401AAH0 | 5/15/2009 | $100.0000 | $0.0447 |
| 206. | Bear Stearns Mortgage Funding Trust 2006-AR2 IB5 | 07401AAJ6 | 5/15/2009 | $100.0000 | $0.0000 |
| 207. | Bear Stearns Mortgage Funding Trust 2006-AR2 IB6 | 07401AAK3 | 5/15/2009 | $100.0000 | $0.0000 |
| 208. | Bear Stearns Mortgage Funding Trust 2006-AR2 IB7 | 07401AAL1 | 5/15/2009 | $100.0000 | $0.0000 |
| 209. | Bear Stearns Mortgage Funding Trust 2006-AR2 IB8 | 07401AAM9 | 5/15/2009 | $100.0000 | $0.0000 |
| 210. | Bear Stearns Mortgage Funding Trust 2006-AR2 IB9 | 07401AAN7 | 5/15/2009 | $100.0000 | $0.0000 |

TABLE A-2

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 211. | Bear Stearns Mortgage Funding Trust 2006-AR2 IIA1 | 07401AAX5 | 5/15/2009 | $100.0000 | $35.5265 |
| 212. | Bear Stearns Mortgage Funding Trust 2006-AR2 IIA2 | 07401AAY3 | 5/15/2009 | $100.0000 | $28.7763 |
| 213. | Bear Stearns Mortgage Funding Trust 2006-AR2 IIB1 | 07401AAZ0 | 5/15/2009 | $100.0000 | $1.1684 |
| 214. | Bear Stearns Mortgage Funding Trust 2006-AR2 IIB2 | 07401ABA4 | 5/15/2009 | $100.0000 | $0.0985 |
| 215. | Bear Stearns Mortgage Funding Trust 2006-AR2 IIB3 | 07401ABB2 | 5/15/2009 | $100.0000 | $0.0000 |
| 216. | Bear Stearns Mortgage Funding Trust 2006-AR2 IIB4 | 07401ABC0 | 5/15/2009 | $100.0000 | $0.0000 |
| 217. | Bear Stearns Mortgage Funding Trust 2006-AR3 IA1 | 07400HAA1 | 5/15/2009 | $100.0000 | $36.6274 |
| 218. | Bear Stearns Mortgage Funding Trust 2006-AR3 IA2A | 07400HAB9 | 5/15/2009 | $100.0000 | $23.7408 |
| 219. | Bear Stearns Mortgage Funding Trust 2006-AR3 IA2B_GT | 07400JAA7 | 5/15/2009 | $100.0000 | $23.6315 |
| 220. | Bear Stearns Mortgage Funding Trust 2006-AR3 IA3 | 07400HAD5 | 5/15/2009 | $100.0000 | $17.5814 |
| 221. | Bear Stearns Mortgage Funding Trust 2006-AR3 IX | 07400HAE3 | 5/15/2009 | $1.0000 | $1.2121 |
| 222. | Bear Stearns Mortgage Funding Trust 2006-AR3 IB1 | 07400HAF0 | 5/15/2009 | $100.0000 | $1.6947 |
| 223. | Bear Stearns Mortgage Funding Trust 2006-AR3 IB2 | 07400HAG8 | 5/15/2009 | $100.0000 | $1.6314 |
| 224. | Bear Stearns Mortgage Funding Trust 2006-AR3 IB3 | 07400HAH6 | 5/15/2009 | $100.0000 | $1.5260 |
| 225. | Bear Stearns Mortgage Funding Trust 2006-AR3 IB4 | 07400HAJ2 | 5/15/2009 | $100.0000 | $7.0316 |
| 226. | Bear Stearns Mortgage Funding Trust 2006-AR3 IB5 | 07400HAK9 | 5/15/2009 | $100.0000 | $0.0000 |
| 227. | Bear Stearns Mortgage Funding Trust 2006-AR3 IB6 | 07400HAL7 | 5/15/2009 | $100.0000 | $0.0000 |
| 228. | Bear Stearns Mortgage Funding Trust 2006-AR3 IB7 | 07400HAM5 | 5/15/2009 | $100.0000 | $0.0000 |
| 229. | Bear Stearns Mortgage Funding Trust 2006-AR3 IB8 | 07400HAN3 | 5/15/2009 | $100.0000 | $0.0000 |
| 230. | Bear Stearns Mortgage Funding Trust 2006-AR3 IB9 | 07400HAP8 | 5/15/2009 | $100.0000 | $0.0000 |
| 231. | Bear Stearns Mortgage Funding Trust 2006-AR3 IIA1 | 07400HAQ6 | 5/15/2009 | $100.0000 | $36.3368 |
| 232. | Bear Stearns Mortgage Funding Trust 2006-AR3 IIA2A | 07400HAR4 | 5/15/2009 | $100.0000 | $20.7064 |
| 233. | Bear Stearns Mortgage Funding Trust 2006-AR3 IIA2B_GT | 07400JAB5 | 5/15/2009 | $100.0000 | $20.6943 |
| 234. | Bear Stearns Mortgage Funding Trust 2006-AR3 IIA3 | 07400HAT0 | 5/15/2009 | $100.0000 | $15.0978 |
| 235. | Bear Stearns Mortgage Funding Trust 2006-AR3 IIB1 | 07400HAU7 | 5/15/2009 | $100.0000 | $3.8744 |
| 236. | Bear Stearns Mortgage Funding Trust 2006-AR3 IIB2 | 07400HAV5 | 5/15/2009 | $100.0000 | $0.1420 |
| 237. | Bear Stearns Mortgage Funding Trust 2006-AR3 IIB3 | 07400HAW3 | 5/15/2009 | $100.0000 | $0.0000 |
| 238. | Bear Stearns Mortgage Funding Trust 2006-AR3 IIB4 | 07400HAX1 | 5/15/2009 | $100.0000 | $0.0000 |
| 239. | Bear Stearns Mortgage Funding Trust 2007-AR1 IA1 | 07401MAA9 | 5/15/2009 | $100.0000 | $36.5069 |
| 240. | Bear Stearns Mortgage Funding Trust 2007-AR1 IA2 | 07401MAB7 | 5/15/2009 | $100.0000 | $22.1201 |
| 241. | Bear Stearns Mortgage Funding Trust 2007-AR1 IA3 | 07401MAC5 | 5/15/2009 | $100.0000 | $15.6466 |
| 242. | Bear Stearns Mortgage Funding Trust 2007-AR1 IX | 07401MAD3 | 5/15/2009 | $1.5000 | $1.4727 |
| 243. | Bear Stearns Mortgage Funding Trust 2007-AR1 IB1 | 07401MAJ0 | 5/15/2009 | $100.0000 | $0.8028 |
| 244. | Bear Stearns Mortgage Funding Trust 2007-AR1 IB2 | 07401MAK7 | 5/15/2009 | $100.0000 | $0.3911 |
| 245. | Bear Stearns Mortgage Funding Trust 2007-AR1 IB3 | 07401MAL5 | 5/15/2009 | $100.0000 | $0.2341 |
| 246. | Bear Stearns Mortgage Funding Trust 2007-AR1 IB4 | 07401MAM3 | 5/15/2009 | $100.0000 | $0.1281 |
| 247. | Bear Stearns Mortgage Funding Trust 2007-AR1 IB5 | 07401MAN1 | 5/15/2009 | $100.0000 | $0.0282 |
| 248. | Bear Stearns Mortgage Funding Trust 2007-AR1 IB6 | 07401MAP6 | 5/15/2009 | $100.0000 | $0.0000 |
| 249. | Bear Stearns Mortgage Funding Trust 2007-AR1 IB7 | 07401MAQ4 | 5/15/2009 | $100.0000 | $0.0000 |
| 250. | Bear Stearns Mortgage Funding Trust 2007-AR1 IB8 | 07401MAR2 | 5/15/2009 | $100.0000 | $0.0000 |
| 251. | Bear Stearns Mortgage Funding Trust 2007-AR1 IB9 | 07401MAS0 | 5/15/2009 | $100.0000 | $0.0000 |
| 252. | Bear Stearns Mortgage Funding Trust 2007-AR1 IIA1 | 07401MAE1 | 5/15/2009 | $100.0000 | $78.1273 |
| 253. | Bear Stearns Mortgage Funding Trust 2007-AR1 IIA2 | 07401MAF8 | 5/15/2009 | $100.0000 | $37.5172 |
| 254. | Bear Stearns Mortgage Funding Trust 2007-AR1 IIA3 | 07401MAG6 | 5/15/2009 | $100.0000 | $16.2380 |
| 255. | Bear Stearns Mortgage Funding Trust 2007-AR1 IIA4 | 07401MAH4 | 5/15/2009 | $100.0000 | $15.1291 |
| 256. | Bear Stearns Mortgage Funding Trust 2007-AR1 IIB1 | 07401MAT8 | 5/15/2009 | $100.0000 | $1.3138 |
| 257. | Bear Stearns Mortgage Funding Trust 2007-AR1 IIB2 | 07401MAU5 | 5/15/2009 | $100.0000 | $0.2303 |
| 258. | Bear Stearns Mortgage Funding Trust 2007-AR1 IIB3 | 07401MAV3 | 5/15/2009 | $100.0000 | $0.0435 |
| 259. | Bear Stearns Mortgage Funding Trust 2007-AR1 IIB4 | 07401MAW1 | 5/15/2009 | $100.0000 | $0.0000 |
| 260. | Bear Stearns Mortgage Funding Trust 2007-AR3 IA1 | 07401VAA9 | 5/15/2009 | $100.0000 | $39.8220 |
| 261. | Bear Stearns Mortgage Funding Trust 2007-AR3 IA2 | 07401VAB7 | 5/15/2009 | $100.0000 | $28.8932 |
| 262. | Bear Stearns Mortgage Funding Trust 2007-AR3 IA3 | 07401VAC5 | 5/15/2009 | $100.0000 | $23.1465 |
| 263. | Bear Stearns Mortgage Funding Trust 2007-AR3 IX | 07401VAD3 | 5/15/2009 | $1.5000 | $1.9027 |
| 264. | Bear Stearns Mortgage Funding Trust 2007-AR3 IB1 | 07401VAE1 | 5/15/2009 | $100.0000 | $6.1500 |
| 265. | Bear Stearns Mortgage Funding Trust 2007-AR3 IB2 | 07401VAF8 | 5/15/2009 | $100.0000 | $3.2107 |
| 266. | Bear Stearns Mortgage Funding Trust 2007-AR3 IB3 | 07401VAG6 | 5/15/2009 | $100.0000 | $1.8473 |
| 267. | Bear Stearns Mortgage Funding Trust 2007-AR3 IB4 | 07401VAH4 | 5/15/2009 | $100.0000 | $1.1742 |
| 268. | Bear Stearns Mortgage Funding Trust 2007-AR3 IB5 | 07401VAJ0 | 5/15/2009 | $100.0000 | $0.4613 |
| 269. | Bear Stearns Mortgage Funding Trust 2007-AR3 IB6 | 07401VAK7 | 5/15/2009 | $100.0000 | $0.2638 |
| 270. | Bear Stearns Mortgage Funding Trust 2007-AR3 IB7 | 07401VAL5 | 5/15/2009 | $100.0000 | $0.0904 |
| 271. | Bear Stearns Mortgage Funding Trust 2007-AR3 IB8 | 07401VAM3 | 5/15/2009 | $100.0000 | $0.0000 |
| 272. | Bear Stearns Mortgage Funding Trust 2007-AR3 IB9 | 07401VAN1 | 5/15/2009 | $100.0000 | $0.0000 |
| 273. | Bear Stearns Mortgage Funding Trust 2007-AR3 II1A1 | 07401VAP6 | 5/15/2009 | $100.0000 | $36.9718 |
| 274. | Bear Stearns Mortgage Funding Trust 2007-AR3 II1A2 | 07401VAQ4 | 5/15/2009 | $100.0000 | $26.8156 |
| 275. | Bear Stearns Mortgage Funding Trust 2007-AR3 II1A3 | 07401VAR2 | 5/15/2009 | $100.0000 | $22.4600 |
| 276. | Bear Stearns Mortgage Funding Trust 2007-AR3 II2A1 | 07401VAS0 | 5/15/2009 | $100.0000 | $26.8707 |
| 277. | Bear Stearns Mortgage Funding Trust 2007-AR3 IIB1 | 07401VAT8 | 5/15/2009 | $100.0000 | $2.4908 |
| 278. | Bear Stearns Mortgage Funding Trust 2007-AR3 IIB2 | 07401VAU5 | 5/15/2009 | $100.0000 | $1.6585 |
| 279. | Bear Stearns Mortgage Funding Trust 2007-AR3 IIB3 | 07401VAV3 | 5/15/2009 | $100.0000 | $1.1643 |
| 280. | Bear Stearns Mortgage Funding Trust 2007-AR3 IIB4 | 07401VAW1 | 5/15/2009 | $100.0000 | $1.0526 |

TABLE A-2

| | Certificate | CUSIP | Date of Suit | Offering Price | Date of Suit Price |
|---|---|---|---|---|---|
| 281. | Bear Stearns Mortgage Funding Trust 2007-AR3 IIB5 | 07401VAX9 | 5/15/2009 | $100.0000 | $0.3299 |
| 282. | Structured Asset Mortgage Investments II Trust 2006-AR4 IIIX | 86360QAH8 | 5/15/2009 | $1.6302 | $2.2679 |
| 283. | Structured Asset Mortgage Investments II Trust 2006-AR4 VX | 86360QAQ8 | 5/15/2009 | $1.3191 | $1.7476 |
| 284. | Structured Asset Mortgage Investments II Trust 2006-AR4 IA1 | 86360QAA3 | 5/15/2009 | $100.0000 | $39.8793 |
| 285. | Structured Asset Mortgage Investments II Trust 2006-AR4 IIA1 | 86360QAB1 | 5/15/2009 | $100.0000 | $36.6146 |
| 286. | Structured Asset Mortgage Investments II Trust 2006-AR4 IIA2 | 86360QAC9 | 5/15/2009 | $100.0000 | $24.6005 |
| 287. | Structured Asset Mortgage Investments II Trust 2006-AR4 IIA3 | 86360QAD7 | 5/15/2009 | $100.0000 | $17.6127 |
| 288. | Structured Asset Mortgage Investments II Trust 2006-AR4 IIIA1 | 86360QAE5 | 5/15/2009 | $100.0000 | $39.9490 |
| 289. | Structured Asset Mortgage Investments II Trust 2006-AR4 IIIA2 | 86360QAF2 | 5/15/2009 | $100.0000 | $22.8895 |
| 290. | Structured Asset Mortgage Investments II Trust 2006-AR4 IIIA3 | 86360QAG0 | 5/15/2009 | $100.0000 | $17.5903 |
| 291. | Structured Asset Mortgage Investments II Trust 2006-AR4 IVA1 | 86360QAJ4 | 5/15/2009 | $100.0000 | $43.1976 |
| 292. | Structured Asset Mortgage Investments II Trust 2006-AR4 IVA2 | 86360QAK1 | 5/15/2009 | $100.0000 | $23.9352 |
| 293. | Structured Asset Mortgage Investments II Trust 2006-AR4 IVA3 | 86360QAL9 | 5/15/2009 | $100.0000 | $19.1697 |
| 294. | Structured Asset Mortgage Investments II Trust 2006-AR4 VA1 | 86360QAM7 | 5/15/2009 | $100.0000 | $40.6239 |
| 295. | Structured Asset Mortgage Investments II Trust 2006-AR4 VA2 | 86360QAN5 | 5/15/2009 | $100.0000 | $21.7601 |
| 296. | Structured Asset Mortgage Investments II Trust 2006-AR4 VA3 | 86360QAP0 | 5/15/2009 | $100.0000 | $17.4719 |
| 297. | Structured Asset Mortgage Investments II Trust 2006-AR4 B1 | 86360QAR6 | 5/15/2009 | $100.0000 | $1.1350 |
| 298. | Structured Asset Mortgage Investments II Trust 2006-AR4 B2 | 86360QAS4 | 5/15/2009 | $100.0000 | $1.0620 |
| 299. | Structured Asset Mortgage Investments II Trust 2006-AR4 B3 | 86360QAT2 | 5/15/2009 | $100.0000 | $1.0334 |
| 300. | Structured Asset Mortgage Investments II Trust 2006-AR4 B4 | 86360QAU9 | 5/15/2009 | $100.0000 | $0.2253 |
| 301. | Structured Asset Mortgage Investments II Trust 2006-AR4 B5 | 86360QAV7 | 5/15/2009 | $100.0000 | $0.0475 |
| 302. | Structured Asset Mortgage Investments II Trust 2006-AR4 B6 | 86360QAW5 | 5/15/2009 | $100.0000 | $0.0000 |
| 303. | Structured Asset Mortgage Investments II Trust 2006-AR4 B7 | 86360QAX3 | 5/15/2009 | $100.0000 | $0.0000 |
| 304. | Structured Asset Mortgage Investments II Trust 2006-AR4 B8 | 86360QBC8 | 5/15/2009 | $100.0000 | $0.0000 |
| 305. | Structured Asset Mortgage Investments II Trust 2006-AR8 A1A | 86361WAA9 | 5/15/2009 | $100.0000 | $38.4448 |
| 306. | Structured Asset Mortgage Investments II Trust 2006-AR8 A1B_GT | 86361XAA7 | 5/15/2009 | $100.0000 | $42.1167 |
| 307. | Structured Asset Mortgage Investments II Trust 2006-AR8 A2 | 86361WAC5 | 5/15/2009 | $100.0000 | $35.7580 |
| 308. | Structured Asset Mortgage Investments II Trust 2006-AR8 A3 | 86361WAD3 | 5/15/2009 | $100.0000 | $23.2073 |
| 309. | Structured Asset Mortgage Investments II Trust 2006-AR8 A4A | 86361WAE1 | 5/15/2009 | $100.0000 | $22.9955 |
| 310. | Structured Asset Mortgage Investments II Trust 2006-AR8 A4B_GT | 86361XAB5 | 5/15/2009 | $100.0000 | $26.6105 |
| 311. | Structured Asset Mortgage Investments II Trust 2006-AR8 A4C_GT | 86361XAC3 | 5/15/2009 | $100.0000 | $26.9673 |
| 312. | Structured Asset Mortgage Investments II Trust 2006-AR8 A5 | 86361WAH4 | 5/15/2009 | $100.0000 | $23.0187 |
| 313. | Structured Asset Mortgage Investments II Trust 2006-AR8 A6A | 86361WAJ0 | 5/15/2009 | $100.0000 | $14.7134 |
| 314. | Structured Asset Mortgage Investments II Trust 2006-AR8 A6B | 86361WAK7 | 5/15/2009 | $100.0000 | $24.5994 |
| 315. | Structured Asset Mortgage Investments II Trust 2006-AR8 X | 86361WAL5 | 5/15/2009 | $1.3000 | $0.8945 |
| 316. | Structured Asset Mortgage Investments II Trust 2006-AR8 B1 | 86361WAM3 | 5/15/2009 | $100.0000 | $4.9149 |
| 317. | Structured Asset Mortgage Investments II Trust 2006-AR8 B2 | 86361WAN1 | 5/15/2009 | $100.0000 | $2.0783 |
| 318. | Structured Asset Mortgage Investments II Trust 2006-AR8 B3 | 86361WAP6 | 5/15/2009 | $100.0000 | $1.1022 |
| 319. | Structured Asset Mortgage Investments II Trust 2006-AR8 B4 | 86361WAQ4 | 5/15/2009 | $100.0000 | $0.5753 |
| 320. | Structured Asset Mortgage Investments II Trust 2006-AR8 B5 | 86361WAR2 | 5/15/2009 | $100.0000 | $0.2952 |
| 321. | Structured Asset Mortgage Investments II Trust 2006-AR8 B6 | 86361WAS0 | 5/15/2009 | $100.0000 | $0.2053 |
| 322. | Structured Asset Mortgage Investments II Trust 2006-AR8 B7 | 86361WAT8 | 5/15/2009 | $100.0000 | $0.1506 |
| 323. | Structured Asset Mortgage Investments II Trust 2006-AR8 B8 | 86361WAU5 | 5/15/2009 | $100.0000 | $0.0881 |
| 324. | Structured Asset Mortgage Investments II Trust 2006-AR8 B9 | 86361WAV3 | 5/15/2009 | $100.0000 | $0.0000 |
| 325. | Structured Asset Mortgage Investments II Trust 2007-AR1 IA1 | 86362XAA6 | 5/15/2009 | $100.0000 | $41.6073 |
| 326. | Structured Asset Mortgage Investments II Trust 2007-AR1 IA2 | 86362XAB4 | 5/15/2009 | $100.0000 | $20.0071 |
| 327. | Structured Asset Mortgage Investments II Trust 2007-AR1 IA3 | 86362XAC2 | 5/15/2009 | $100.0000 | $15.4009 |
| 328. | Structured Asset Mortgage Investments II Trust 2007-AR1 IX | 86362XAD0 | 5/15/2009 | $1.7000 | $1.8194 |
| 329. | Structured Asset Mortgage Investments II Trust 2007-AR1 IB1 | 86362XAE8 | 5/15/2009 | $100.0000 | $1.3763 |
| 330. | Structured Asset Mortgage Investments II Trust 2007-AR1 IB2 | 86362XAF5 | 5/15/2009 | $100.0000 | $1.1771 |
| 331. | Structured Asset Mortgage Investments II Trust 2007-AR1 IB3 | 86362XAG3 | 5/15/2009 | $100.0000 | $1.0393 |
| 332. | Structured Asset Mortgage Investments II Trust 2007-AR1 IB4 | 86362XAH1 | 5/15/2009 | $100.0000 | $1.0221 |
| 333. | Structured Asset Mortgage Investments II Trust 2007-AR1 IB5 | 86362XAJ7 | 5/15/2009 | $100.0000 | $0.4115 |
| 334. | Structured Asset Mortgage Investments II Trust 2007-AR1 IB6 | 86362XAK4 | 5/15/2009 | $100.0000 | $0.2011 |
| 335. | Structured Asset Mortgage Investments II Trust 2007-AR1 IB7 | 86362XAL2 | 5/15/2009 | $100.0000 | $0.0878 |
| 336. | Structured Asset Mortgage Investments II Trust 2007-AR1 IB8 | 86362XAM0 | 5/15/2009 | $100.0000 | $0.0858 |
| 337. | Structured Asset Mortgage Investments II Trust 2007-AR1 IB9 | 86362XAN8 | 5/15/2009 | $100.0000 | $0.0000 |
| 338. | Structured Asset Mortgage Investments II Trust 2007-AR2 IA1 | 86363DAA9 | 5/15/2009 | $100.0000 | $34.8108 |
| 339. | Structured Asset Mortgage Investments II Trust 2007-AR2 IA2 | 86363DAB7 | 5/15/2009 | $100.0000 | $19.7565 |
| 340. | Structured Asset Mortgage Investments II Trust 2007-AR2 IA3 | 86363DAC5 | 5/15/2009 | $100.0000 | $14.3135 |
| 341. | Structured Asset Mortgage Investments II Trust 2007-AR2 IB1 | 86363DAD3 | 5/15/2009 | $100.0000 | $1.2758 |
| 342. | Structured Asset Mortgage Investments II Trust 2007-AR2 IB2 | 86363DAE1 | 5/15/2009 | $100.0000 | $1.1899 |
| 343. | Structured Asset Mortgage Investments II Trust 2007-AR2 IB3 | 86363DAF8 | 5/15/2009 | $100.0000 | $1.0860 |
| 344. | Structured Asset Mortgage Investments II Trust 2007-AR2 IB4 | 86363DAG6 | 5/15/2009 | $100.0000 | $0.5954 |
| 345. | Structured Asset Mortgage Investments II Trust 2007-AR2 IB5 | 86363DAR2 | 5/15/2009 | $100.0000 | $0.1051 |

Note:  Certificates without an Offering Price are Exchangeable Certificates.