EXHIBIT A-2

**Must be Postmarked No Later Than XXXXXX xx, 2015**

In re Bear Stearns Mortgage Pass-Through Certificates Litigation
c/o GCG
P.O. Box 10148
Dublin, OH 43017-3148
Toll-Free: (855) 382-6452
www.BearStearnsCertificateSettlement.com

RMB



# PROOF OF CLAIM AND RELEASE FORM

**YOU MUST MAIL YOUR COMPLETED AND SIGNED FORM POSTMARKED ON OR BEFORE xxxxxx xx 2015, TO BE POTENTIALLY ELIGIBLE TO SHARE IN THE SETTLEMENT.**

**TABLE OF CONTENTS**                                                                 **PAGE #**

PART I - CLAIMANT INFORMATION.............................................................................................. 2

PART II - TRANSACTIONS IN BEAR STEARNS MORTGAGE PASS-THROUGH CERTIFICATES ............ 3

PART III - RELEASE OF CLAIMS AND SIGNATURE......................................................................... 5

REMINDER CHECKLIST........................................................................................................... 8

**IMPORTANT:** Before Completing This Proof of Claim, Please Carefully Read the Enclosed Instruction Sheet.

QUESTIONS? CALL TOLL-FREE 1 (855) 382-6452 OR VISIT WWW.BEARSTEARNSCERTIFICATESETTLEMENT.COM

To view GCG's Privacy Notice, please visit http://www.gcginc.com/privacy



## PART I - CLAIMANT IDENTIFICATION

**Beneficial Owner's Name** (First, Middle, Last)

**Joint Owner's Name** (First, Middle, Last)

**Street Address:**

**City:**

**State:**

**Zip or Postal Code:**

**Foreign Province:**

**Foreign Country:**

**Daytime Telephone Number:**

( )    -

**Evening Telephone Number:**

( )    -

**Email Address:**

**Last 4 digits of Claimant's Social Security Number/Taxpayer ID Number:**

**Record Owner's Name** (if known and different from Beneficial Owner listed above):

**Check appropriate box (check only one box):**

☐ Individual/Sole Proprietor    ☐ Joint Owners    ☐ Pension Plan

☐ Corporation    ☐ Partnership    ☐ Trust

☐ IRA    ☐ Other (describe:_____)

**NOTE:** Separate Proofs of Claim should be submitted for each separate legal entity (e.g., a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions in the Certificates) on one Proof of Claim, no matter how many accounts the transactions were made in.

**NOTICE REGARDING ELECTRONIC FILES:** Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim, whether or not they also submit electronic copies, either listing all their transactions or including a notation to see corresponding electronic file for all transactions. If you wish to file your claim electronically, you must contact the Claims Administrator at (855) 382-6452, or visit their website at www.BearStearnsCertificateSettlement.com, to obtain the required file layout. Electronic files may be submitted to eClaim@gcginc. com. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.



## PART II - TRANSACTIONS IN BEAR STEARNS MORTGAGE PASS-THROUGH CERTIFICATES

**A.   PURCHASES AND ACQUISITIONS:**  List all purchases and acquisitions of the Certificates.  Be sure to attach the required documentation. (List chronologically)

**Trade Date** (Month/Day/Year)          **CUSIP**                          **Were these Certificates Exchanged?\*\***
          /          /                                                          YES            NO

**Original Face Amount**                    **Price\***                  **Total Cost\***
$         ,         ,                $              .              $         ,         ,         .

**Trade Date** (Month/Day/Year)          **CUSIP**                          **Were these Certificates Exchanged?\*\***
          /          /                                                          YES            NO

**Original Face Amount**                    **Price\***                  **Total Cost\***
$         ,         ,                $              .              $         ,         ,         .

**Trade Date** (Month/Day/Year)          **CUSIP**                          **Were these Certificates Exchanged?\*\***
          /          /                                                          YES            NO

**Original Face Amount**                    **Price\***                  **Total Cost\***
$         ,         ,                $              .              $         ,         ,         .

**B.   SALES:** List all sales of the Certificates. Be sure to attach the required documentation. (List chronologically)

**Trade Date** (Month/Day/Year)          **CUSIP**                          **Were these Certificates Exchanged?\*\***
          /          /                                                          YES            NO

**Original Face Amount**                    **Price\***                  **Total Proceeds\***
$         ,         ,                $              .              $         ,         ,         .

**Trade Date** (Month/Day/Year)          **CUSIP**                          **Were these Certificates Exchanged?\*\***
          /          /                                                          YES            NO

**Original Face Amount**                    **Price\***                  **Total Proceeds\***
$         ,         ,                $              .              $         ,         ,         .

**Trade Date** (Month/Day/Year)          **CUSIP**                          **Were these Certificates Exchanged?\*\***
          /          /                                                          YES            NO

**Original Face Amount**                    **Price\***                  **Total Proceeds\***
$         ,         ,                $              .              $         ,         ,         .

\* excluding commissions, transfer taxes or other fees
\*\* If your Certificates were exchanged, please complete and return the form entitled "Part II Continued: Schedule of Exchanged Certificates," which can be found on the website (www.BearStearnsCertificateSettlement.com). You will need to provide the following for each such exchange:  CUSIP exchanged, date of exchange, original face amount exchanged, CUSIP(s) of securities received in the exchange, and original face amount(s) of each class of certificate received.
You should not include in the schedule of "sales" transactions payments of principal received ("paydowns") as distributions in connection with ownership of any Certificates.

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX:** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY <u>NOT</u> BE REVIEWED**

**YOU MUST READ THE RELEASE AND SIGN ON PAGE 7.**



| PART II - TRANSACTIONS IN BEAR STEARNS MORTGAGE PASS-THROUGH CERTIFICATES |
|---|

**C.** **UNSOLD MORTGAGE PASS-THROUGH CERTIFICATES AT THE DATE SUIT WAS BROUGHT AND THROUGH DATE OF SUBMISSION OF CLAIM FORM (see Tables A-1 and A-2 to the Plan of Allocation for information about the applicable Date of Suit):** Claimants must indicate their ownership of any Certificates as of the applicable Date of Suit and, if still held, as of the date of submission of this Claim Form. Accordingly, please state the CUSIP and Face Amount of any Certificates that the Claimant still owned as of the (i) applicable Date of Suit (as set forth for each Certificate in Table A to the Plan of Allocation), and (ii) Date of Submission of this Claim Form:

| Date of Suit | CUSIP | Original Face Amount |
|---|---|---|
| **For each Certificate where Table A indicates Date of Suit was August 20, 2008 list holdings by CUSIP** | | $ |
| | | $ |
| | | $ |

| Date of Suit | CUSIP | Original Face Amount |
|---|---|---|
| **For each Certificate where Table A indicates Date of Suit was May 15, 2009 list holdings by CUSIP** | | $ |
| | | $ |
| | | $ |

| Date of Suit | CUSIP | Original Face Amount |
|---|---|---|
| **For each Certificate where Table A indicates Date of Suit was July 9, 2009 list holdings by CUSIP** | | $ |
| | | $ |
| | | $ |

| Date of Submission of Claim Form | CUSIP | Original Face Amount |
|---|---|---|
| **For Certificates held on ___ / ___ / ___ list holdings by CUSIP** | | $ |
| | | $ |
| | | $ |

Be sure to attach the required documentation for each transaction or holding identified in this Proof of Claim. **As set forth in the Plan of Allocation, if you purchased certain exchangeable certificates, such exchange transactions must be identified in this Claim, where the Certificate(s) surrendered is (are) identified as a Sale, on the date of exchange, at a price of $0.00, and the Certificate(s) received is (are) identified as a Purchase, on the date of exchange at a price of $0.00.**

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX: ☐  IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY <u>NOT</u> BE REVIEWED |
|---|

**YOU MUST READ THE RELEASE AND SIGN ON PAGE 7.**



## PART III:  RELEASE OF CLAIMS AND SIGNATURE

### Definitions

"Effective Date," as defined in the Stipulation and Agreement of Settlement (the "Stipulation"), means the day following the latest date when all of the following shall have occurred:

(a)  entry of the Preliminary Approval Order;

(b)  approval by the Court of the Settlement following notice to the Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and

(c)  entry by the Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired, or, in the event that the Court enters an Alternative Judgment and none of the Settling Parties elects to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review, by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

"Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to ¶33 of the Stipulation substantially in the form of Exhibit B attached thereto.

"Defendants" means: Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC), Structured Asset Mortgage Investments II, Inc., Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, and Thomas F. Marano.

"Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that relate to the purchase, other acquisition, or sale of the Certificates sold in the Offerings and that Lead Plaintiffs or any other Member of the Class (a) asserted in the Action, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, or representations or omissions involved, set forth, or referred to in the Action.  "Released Claims" shall not include derivative claims, including contractual claims, belonging to the issuing trusts.  Nothing in the Stipulation shall be construed to suggest or imply that any derivative claims exist or have merit.

"Released Parties" means:  (a) the Defendants; (b) the Defendants' current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their respective capacities as such; and (c) the Former Defendants.

"Released Parties' Claims" means:  any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, except for claims relating to the enforcement of the Settlement, against Plaintiffs, Plaintiffs' Counsel, or any other Class Member.

"Unknown Claims" means:  any and all Released Claims that Plaintiffs and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.



## PART III:  RELEASE OF CLAIMS AND SIGNATURE (CONTINUED)

**The Release**

I (We) understand and acknowledge that without further action by anyone, on and after the Effective Date, each Class Member shall be deemed to have, and by operation of law and of the Order and Final Judgment shall have fully, finally, and forever released, relinquished, waived, discharged and dismissed each and every Released Claim (including Unknown Claims) against each and all of the Released Parties, regardless of whether or not such Class Member executes and delivers a Proof of Claim.

### SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim Form, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

I (We) submit this Proof of Claim Form under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any Judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or acquisitions of the Certificates as defined in the definition of the Class and alleging the Released Claims and know of no other person having done so on my (our) behalf.

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish, waive, discharge and dismiss each and every Released Claim (including Unknown Claims) against each and all the "Released Parties" as defined above.

I (We) hereby acknowledge that the Claimant(s) is a (are) Class Member(s), as defined herein and in the Notice, and

1.    that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Certificates at issue herein;

2.    that I (we) own(ed) the Certificates identified in the Proof of Claim, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

3.    that Claimant(s) may be eligible to receive a distribution from the Net Settlement Fund;

4.    that I (we) agree to furnish such additional information with respect to this Proof of Claim as the parties, the Claims Administrator or the Court may require;

5.    that I (we) have included information requested above about all of my (our) transactions in the Certificates at issue; and

6.    that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above.  The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.



## PART III:  RELEASE OF CLAIMS AND SIGNATURE (CONTINUED)

I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim are true and correct and that the documents submitted herewith are true and genuine.

_____
Signature of Claimant

_____          _____
Print Name of Claimant                                                                                  Date

_____
Signature of Joint Claimant, if any

_____          _____
Print Name of Joint Claimant, if any                                                          Date

***If Claimant is other than an individual, or is not the person
completing this form, the following also must be provided:***

_____
Signature of Person Completing Form

_____          _____
Print Name of Person Completing Form                                                    Date

_____
Capacity of Person Signing  (Executor, President, Trustee, etc.)



## REMINDER CHECKLIST

* Please sign the Certification Section of the Proof of Claim.

* If this Claim is being made on behalf of Joint Claimants, then both must sign.

* Please remember to attach supporting documents.

* **DO NOT SEND** ORIGINALS OF ANY SUPPORTING DOCUMENTS.

* Keep a copy of your Proof of Claim and all documentation submitted for your records.

* If you want to receive an acknowledgment of the Claims Administrator's receipt of your Proof of Claim, please send it by Certified Mail, or call the Claims Administrator to confirm receipt.  The contact information for the Claims Administrator is:

> In re Bear Stearns Mortgage Pass-Through Certificates Litigation
> c/o GCG
> P.O. Box 10148
> Dublin, OH 43017-3148
>
> Toll-free number: (855) 382-6452
>
> www.BearStearnsCertificateSettlement.com

* If you move, please send your new address to the above address.

**Do not use highlighter on the Proof of Claim or supporting documentation.**

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN xxxxxxxx xx, 2015, AND MUST BE MAILED TO:**

> In re Bear Stearns Mortgage Pass-Through Certificates Litigation
> c/o GCG
> P.O. Box 10148
> Dublin, OH 43017-3148
>
> Toll-free number: (855) 382-6452
>
> www.BearStearnsCertificateSettlement.com

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE BEAR STEARNS MORTGAGE PASS-THROUGH CERTIFICATES LITIGATION |

Case No. 1:08-cv-08093-LTS

**EXHIBIT A-3**

**SUMMARY NOTICE**

TO:   ALL Persons who (i) prior to July 9, 2009, purchased or otherwise acquired offered residential mortgage-backed securities ("RMBS") pursuant or traceable to offerings BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates backed by groups 1, 3 and 5 only), or BSARM 2007-3, and were damaged thereby; (ii) prior to August 20, 2008, purchased or otherwise acquired offered RMBS pursuant or traceable to offering BSMF 2006-AR1, and were damaged thereby; or (iii) prior to May 15, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), or SAMI 2007-AR2 (certificates backed by group 1 only), and were damaged thereby (the "Class"). CERTAIN PERSONS, SUCH AS PERSONS THAT HAVE SEPARATELY ASSERTED AND/OR PURSUED THEIR CLAIMS AGAINST DEFENDANTS, ARE EXCLUDED FROM THE DEFINITION OF THE CLASS.  The excluded Persons are specified in the available Stipulation.

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, (i) of the pendency of this action asserting claims against Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC), Structured Asset Mortgage Investments II, Inc., Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, and Thomas F. Marano, relating to the sale of mortgage-backed securities (the "Action") as a class action on behalf of the Persons described above (the "Class"); and (ii) that a settlement of the Action for a total of $500 million in cash and payment of up to $5 million in litigation and administrative expenses has been proposed.  A hearing will be held on _____, 2015, at _:__ _.m., before the Honorable Laura Taylor Swain, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, Courtroom 12D: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be

1

approved by the Court; (b) to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action, on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered; (c) to determine whether the proposed Plan of Allocation for distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (d) to determine whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (e) to rule upon such other matters as the Court may deem appropriate.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE PENDING ACTION AND THE SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.  If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Costs (the "Notice") and Proof of Claim Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator:

**In re Bear Stearns Mortgage Pass-Through Certificates Litigation**
c/o GCG
P.O. Box 10148
Dublin, OH 43017-3148
Toll-free number: (855) 382-6452

Copies of the Notice and Claim Form can also be downloaded from the Settlement website maintained by the Claims Administrator, www.BearStearnsCertificateSettlement.com, or from Lead Counsel's websites, www.blbglaw.com and www.cohenmilstein.com.

If you are a Member of the Class, in order to be potentially eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form postmarked no later than

2

_____, 2015.  If you are a Member of the Class and do not exclude yourself from the Class, you will be bound by any judgment entered in the Action whether or not you make a Claim.  To exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than _____, 2015, in accordance with the instructions set forth in the Notice.  Any objections to the proposed Settlement, Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and counsel for Defendants such that they are *received* no later than _____, 2015, in accordance with the instructions set forth in the Notice.  If you are a Member of the Class and do not submit a proper Claim Form, you will not share in the Settlement Fund but you will nevertheless be bound by the Judgment of the Court.

PLEASE  DO  NOT  CONTACT  THE  COURT  OR  THE  CLERK'S  OFFICE REGARDING THIS NOTICE.  Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

David R. Stickney, Esq.
Niki L. Mendoza, Esq.
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
(866) 648-2524
-or-
Daniel S. Sommers, Esq.
S. Douglas Bunch, Esq.
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW, Suite 500 East
Washington, D.C. 20005
(888) 240-0775

By Order of the Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BEAR STEARNS MORTGAGE PASS-THROUGH CERTIFICATES LITIGATION | Case No. 1:08-cv-08093-LTS |

**EXHIBIT B**

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came for hearing on _____, 2015 (the "Final Approval Hearing"), on the application of the parties to determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the New Jersey Carpenters Health Fund ("Lead Plaintiffs"), and Plaintiffs Boilermaker Blacksmith National Pension Trust, Police and Fire Retirement System of the City of Detroit, the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employee Retirement Fund, Iowa Public Employees' Retirement System, and San Antonio Fire and Police Pension Fund (collectively, with Lead Plaintiffs, "Plaintiffs"), on behalf of the Class, and Defendants Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC), Structured Asset Mortgage Investments II, Inc., Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, and Thomas F. Marano (collectively "Defendants"; with Plaintiffs, the "Settling Parties") in the above-captioned Action, and should be approved.

The Court having considered all matters submitted to it prior to and at the Final Approval Hearing and otherwise;

1

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Order and Final Judgment.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby confirms certification of a Class of all Persons who:  (i) prior to July 9, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates backed by groups 1, 3 and 5 only), or BSARM 2007-3, and were damaged thereby; (ii) prior to August 20, 2008, purchased or otherwise acquired offered RMBS pursuant or traceable to offering BSMF 2006-AR1, and were damaged thereby; or (iii) prior to May 15, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), or SAMI 2007-AR2 (certificates backed by group 1 only), and were damaged thereby.  Excluded from the Class are: (1) Defendants and the other Released Parties and any entity in which any Defendant has or had a controlling interest, except that affiliates and entities in which a Defendant has or had a controlling interest, other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles), are excluded from the Class only to the

extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they have held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Class; and (2) Persons that have separately asserted or pursued their claims against Defendants asserting claims arising from securities covered by the Class, including by filing individual actions or privately entering into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 to the Stipulation, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under seal in any public filing.  Also excluded from the Class are any Persons who excluded themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice, a list of which is contained in Exhibit 1 hereto.

4. With respect to the Class, this Court finds, solely for the purposes of this Settlement, that:

(a) the Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable;

(b) there are questions of law and fact common to the Class;

(c) the claims by the Class Representatives are typical of the claims of the Class;

(d) the Class Representatives and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members;

(e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5.     Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7) as amended by the PSLRA, due process, and any other applicable law, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the Settlement.  Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment (excluding those persons who are identified on Exhibit 1 hereto, who are no longer Members of the Class).

4

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class.  This Court finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  The Court further finds that the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.     The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

9.     The Complaint is hereby dismissed on the merits with prejudice as against the Released Parties and without costs except for the payments expressly provided for in the Stipulation.

10.     Upon the Effective Date of the Settlement, Plaintiffs and all other Class Members, whether or not such Person submits a Proof of Claim Form, shall be deemed to have released, dismissed and forever discharged the respective Class Member's Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.

11.     Upon the Effective Date of the Settlement, Defendants and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all the Released Parties' Claims against Plaintiffs, Plaintiffs' Counsel, and any other Class Member.

12.     The facts and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, the Plan of Allocation methodology, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received against Defendants, other Released Parties, Plaintiffs or the other Members of the Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Defendants or other Released Parties or by Plaintiffs or the other Members of the Class with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or other Released Parties;

(b)     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Plaintiffs or any of the other Members of the Class as evidence of any infirmity in the claims of Plaintiffs and the other Members of the Class;

(c)     shall not be offered or received against the Released Parties, Plaintiffs or the other Members of the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other

reason as against any of the Settling Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if this Settlement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)      shall not be construed against the Released Parties, Plaintiffs' Counsel or Plaintiffs or the other Members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)      shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other Members of the Class or any of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

13.      The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, (a) over implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees and expenses; (e) enforcing and administering this Order and Final Judgment; (f) enforcing and administering the Stipulation, including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

14.    A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and expenses as allowed by the Court.  Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

15.    A separate order shall be entered regarding the proposed Plan of Allocation.  Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of the Action and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before November 17, 2014; and (c) the balance of the Settlement Fund and Cost Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in the Stipulation.

17.    Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated:       New York, New York
            _____, 2015


                              _____
                              LAURA TAYLOR SWAIN
                              United States District Judge

**Exhibit 1**

**Persons Who Submitted Accepted Requests for Exclusion**

| 1 | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |