# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BEAR STEARNS MORTGAGE PASS-THROUGH CERTIFICATES LITIGATION | Case No. 1:08-cv-08093-LTS |

**DECLARATION OF THE MEDIATOR**
**HON. DANIEL H. WEINSTEIN (RET.) IN SUPPORT**
**OF APPROVAL OF CLASS ACTION SETTLEMENT**

I, Judge Daniel H. Weinstein (Ret.), hereby declare as follows:

1.     I submit this Declaration in my capacity as the mediator of the proposed Settlement of the claims in the matter *In re Bear Stearns Mortgage Pass-Through Certificates Litigation,* No. 08-cv-08093-LTS (S.D.N.Y.). I make this declaration based on personal knowledge and I am competent to testify to the matters set forth herein.

2.     All of the parties who were represented at the mediation session or who participated in the negotiations executed a Confidentiality Stipulation and Order indicating that the mediation process was to be considered settlement negotiations for the purpose of all state and federal rules protecting disclosures made during such process from later discovery and/or use in evidence. The parties further agreed that the Confidentiality Stipulation and Order extends to all present and future civil, judicial, quasi-judicial, arbitral, administrative or other proceedings. Nothing in my declaration divulges any privileged information except as has been approved to be disclosed by the parties. Further, the filing of this declaration does not constitute the waiver of any such confidentiality.

3.     As discussed below, I am strongly of the view that the Settlement in this action for a total of $500,000,000 in cash (the "Settlement Fund") plus up to $5,000,000, for payment of litigation expenses and claims administration expenses (the "Cost Fund"), represents a well-reasoned and sound resolution of this complex and highly uncertain litigation. The Court, of course, will make determinations as to the "fairness" of the Settlement under applicable legal standards. From a mediator's perspective, however, I can say that I recommend the Settlement without reservation. The Settlement is the reasonable result of a hard-fought, arm's-length process that was reflective of the parties' respective assessments of the risks and potential rewards of the claims being settled.

4.     From 1982 through 1988, I served as a Judge of the Superior Court of the State of California, County of San Francisco. I also served as an Associate Justice Pro Tem of the California Supreme Court and of the First District Court of Appeal.

5.     Since retiring from the bench, I have been a full-time mediator. Over the past twenty years, I have presided over the mediation of countless disputes, including many of the most complex multi-party disputes throughout the United States. For example, I have mediated dozens of federal securities class actions involving public companies such as Lehman Brothers, Enron, Homestore, Qwest, Adelphia, New Century, Broadcom, Marsh & McLennan, and other major New York Stock Exchange and NASDAQ corporations. I have mediated and helped resolve securities class action and other litigation concerning residential mortgage-backed securities brought to market by Lehman Brothers, JP Morgan, Goldman Sachs, and others. I have also mediated a host of other types of class actions, including the IPO Allocation case, anti-trust actions, ERISA matters, intellectual property disputes, environmental litigation, litigation with bankruptcy aspects and litigation brought by borrowers, credit card customers, insurance purchasers, and air crash victims. Many of the cases involve complex fact patterns and legal issues and hundreds of millions or billions of dollars in claimed damages. They often include numerous plaintiffs and plaintiffs' counsel, numerous defendants (issuers, directors, officers, professional firms, etc.) and defense counsel, and numerous insurance carriers and their counsel. For over the last ten years, I have mediated cases with an aggregate value of many billions of dollars.

6.     I set forth my background as mediator to provide context for the comments that follow, and to demonstrate that my perspective on the Settlement is rooted in significant experience in the resolution of complex litigation.

7.     I have worked with the principal attorneys on this case for both sides. I am very familiar with the evidence, legal claims, and the range of potential damages and defenses thereto. I received voluminous written submissions and oral presentations by the parties, conducted a thorough mediation process, and communicated frequently with the parties in connection with the parties' approximately four-month period of negotiations. Based on my familiarity with this case and the parties, I can say that the Settlement was achieved only after aggressive and

extensive arm's-length negotiations based on the significant, sophisticated work and diligence of the parties' counsel.

8.  As detailed below, I oversaw much of the settlement negotiations in this case. In the summer of 2014, the parties agreed to a mediation process before me. As part of the mediation process, the parties agreed to the informal production of documents and information and entered into the Confidentiality Stipulation and Order.

9.  By late August 2014, I was overseeing settlement discussions with the parties, and the exchange of documents was underway. The parties scheduled an in-person mediation session before me, which was held on October 30, 2014.

10. Prior to the in-person mediation session, the parties submitted detailed and informative mediation briefs and materials, including documentary evidence produced as part of the mediation process, and response briefs, which I reviewed.

11. Although the in-person mediation session ended in an impasse, the parties agreed to continue negotiation discussions. After two additional weeks of negotiations, the parties accepted my Mediator's Recommendation to settle the Action for $500 million in cash and payment of litigation expenses and claims administration expenses up to $5 million, subject to satisfaction of certain conditions and negotiation of a Stipulation. The parties executed a confidential Term Sheet to Settle Class Action on November 17, 2014.

12. As part of the mediation process, the parties had agreed at the outset to the production of documents and information outside of formal discovery. To facilitate that exchange, I monitored the progress and was available to resolve any disputes over the scope of production. I, together with Jed Melnick of JAMS, held regular and periodic telephonic status calls concerning the ongoing production. When disputes arose, we considered the parties' arguments and assisted the parties in resolving them.

13. In light of the sophisticated factual, legal, and damage issues involved and the significant time to litigate and negotiate this resolution, I view the total settlement as a reflection of the parties' evaluation of the litigation risks and the benefits of avoiding years of potential

uncertainty from litigation proceedings and/or appeals that would likely ensue absent a settlement, with uncertain results, and extraordinary fiscal costs to the parties.

14. Throughout this process, I have been impressed by the deep involvement and commitment of the Lead Plaintiffs' representatives and counsel in overseeing the prosecution of the case, as well as the significant involvement of Defendants' principals and counsel.

15. From my involvement as the mediator for the case, I observed first-hand that this was a hard-fought negotiation resulting in a significant recovery for the Class and an equitable settlement for all concerned. The advocacy on both sides of the case was outstanding.

16. Although clearly an issue for the Court to decide, in my view, based on my knowledge of this matter, all of the materials provided to me, the extensive efforts of skillful advocacy and arm's-length bargaining of counsel, the litigation risks, and the benefits reached in the proposed Settlement, I believe that the Settlement is fair, reasonable, and adequate, and I respectfully recommend that it be approved by this Court.

Executed this 9th day of February, 2015, in California.

_____
Hon. Daniel H. Weinstein (Ret.)