```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/15
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE BEAR STEARNS MORTGAGE
PASS-THROUGH CERTIFICATES
LITIGATION

Case No. 1:08-cv-08093-LTS

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS:

A.    Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the New Jersey Carpenters Health Fund ("Lead Plaintiffs"), and Plaintiffs Boilermaker Blacksmith National Pension Trust, Police and Fire Retirement System of the City of Detroit, the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employee Retirement Fund, Iowa Public Employees' Retirement System, and San Antonio Fire and Police Pension Fund (collectively, with Lead Plaintiffs, "Plaintiffs"), on behalf of the proposed Class, and Defendants Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC), Structured Asset Mortgage Investments II, Inc., Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, and Thomas F. Marano (collectively "Defendants"; with Plaintiffs, the "Settling Parties") have entered into a settlement of the Action, the terms of which are set forth in the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action; and

1

B.  Plaintiffs have moved the Court, and Defendants have not opposed, for an Order: (1) certifying a class in this Action for settlement purposes; (2) approving the form, content and method of notice to be sent to the Class; and (3) scheduling a hearing for final approval of the Settlement; and

C.  The Court having read and considered the Stipulation and Exhibits thereto, including the proposed (i) Notice; (ii) Proof of Claim Form; (iii) Summary Notice; and (iv) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2.  The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Class, pending a final hearing on the Settlement.

3.  Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, or in the form of Order and Final Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

**CLASS CERTIFICATION**

4.  The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

All Persons who: (i) prior to July 9, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates

2

backed by groups 1, 3 and 5 only), or BSARM 2007-3, and were damaged thereby; (ii) prior to August 20, 2008, purchased or otherwise acquired offered RMBS pursuant or traceable to offering BSMF 2006-AR1, and were damaged thereby; or (iii) prior to May 15, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), or SAMI 2007-AR2 (certificates backed by group 1 only), and were damaged thereby. Excluded from the Class are (1) Defendants and the other Released Parties and any entity in which any Defendant has or had a controlling interest, except that affiliates and entities in which a Defendant has or had a controlling interest, other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles), are excluded from the Class only to the extent that such entities themselves had a proprietary (*i.e.*, for their own account) interest in the Certificates and not to the extent that they have held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Class; and (2) Persons that have separately asserted or pursued their claims against Defendants asserting claims arising from securities covered by the Class, including by filing individual actions or privately entering into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 to the Stipulation, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under seal in any public filing. The Notice shall provide that anyone with questions as to whether or not

they are excluded may call the Claims Administrator. Also excluded from the Class are any Persons who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs the Public Employees' Retirement System of Mississippi and the New Jersey Carpenters Health Fund, and Plaintiffs Boilermaker Blacksmith National Pension Trust, Police and Fire Retirement System of the City of Detroit, the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employee Retirement Fund, Iowa Public Employees' Retirement System, and San Antonio Fire and Police Pension Fund are appointed as the Class Representatives, and Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC are appointed as Class Counsel for the Class.

6. The Court approves the appointment of The Garden City Group, Inc. ("GCG") as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

a. No later than ten (10) business days after entry of this Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form (the "Claim Form"), annexed as Exhibits A-1 and A-2, respectively, to the Stipulation, to be mailed by first-class mail, postage prepaid, to those Members of the Class who may be identified through reasonable effort, including through the cooperation of Defendants and/or their agents (the "Notice Date");

b. A summary notice (the "Summary Notice" or "Publication Notice"), annexed as Exhibit A-3 to the Stipulation, shall be published once in the national edition of

4

*Investor's Business Daily*, *The Wall Street Journal*, and over the PR Newswire no later than five (5) business days after the Notice Date; and

c. The Notice, the Summary Notice and the Claim Form shall also be placed on a website maintained by GCG, www.BearStearnsCertificateSettlement.com, on or before the Notice Date.

7. The Court approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in Paragraph 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

8. No later than thirty-five (35) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of the Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

9. Nominees who purchased Certificates for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within

5

seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

10. Defendants shall be responsible for timely service of any notice as described in the Class Action Fairness Act, 28 U.S.C. § 1715.

**HEARING: RIGHT TO BE HEARD**

11. The Court will hold a settlement hearing (the "Final Approval Hearing") on May 27, 2015, at 10:00 AM, in the courtroom of the Honorable Laura Taylor Swain at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, Courtroom 12D, for the following purposes:

(a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b) to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered;

6

   (c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

   (d) to determine whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved;

   (e) to confirm certification of the proposed Class for settlement purposes; and

   (f) to rule upon such other matters as the Court may deem appropriate.

  12. The Court expressly reserves the right to adjourn the Final Approval Hearing, or any adjournment thereof; however, notice of any adjournment will be provided to Class Members via the Settlement website. The Court further reserves the right to approve the Stipulation and/or the Plan of Allocation with modification approved by the parties to the Stipulation without further notice to Class Members at or after the Final Approval Hearing. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice at or after the Final Approval Hearing, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and litigation expenses.

  13. Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses shall be filed with the Court no later than thirty-five (35) calendar days prior to the Final Approval Hearing. Reply papers shall be filed no later than fourteen (14) calendar days prior to the Final Approval Hearing. Lead Counsel must file a compilation of all opt-out notices and objections received or filed, providing a courtesy copy to the Court's Chambers, no later than fourteen (14) calendar days before the Final Approval Hearing.

14. Any Member of the Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to certification of the Class, the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and expenses. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or certification of the Class or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and expenses, unless that Class Member or person (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later twenty-one (21) calendar days prior to the Final Approval Hearing:

<u>Lead Counsel for the Class</u>

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
David R. Stickney
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, CA 92130-3582
-and-
COHEN MILSTEIN SELLERS & TOLL PLLC
Daniel S. Sommers
S. Douglas Bunch
1100 New York Avenue, NW, Suite 500 West
Washington, D.C. 20005

<u>Representative Counsel for Defendants</u>

GREENBERG TRAURIG, LLP
Richard A. Edlin
Anastasia A. Angelova
MetLife Building
200 Park Avenue
New York, NY 10166

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York. Any objection must include: (a) the case caption and the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions involving the Certificates included in the Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received, and documentation of any exchange transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; and (g) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and expenses. By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and

9

expenses, or otherwise requesting to be heard at the Final Approval Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement.

15.  If the Settlement is approved, all Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the proposed settlement of the class action captioned *In re Bear Stearns Mortgage Pass-Through Certificates Litigation,* Civil Action No. 08-cv-08093-LTS (S.D.N.Y.), and must be signed by such person. Such persons requesting exclusion are also directed to provide the following information: (i) identity and original face value of Certificates purchased or otherwise acquired pursuant or traceable to the Offerings; (ii) prices or other consideration paid or received for such Certificates; and (iii) whether the Certificates were exchanged or sold, and if so, when, and, if applicable, the sale amount. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.  Any Person or entity that requests to be and is excluded from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

**CLAIMS PROCESS**

17.     In order to be potentially eligible to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member must take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form attached as Exhibit A-2 to the Stipulation, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than 120 calendar days from the Notice Date. Such deadline may be further extended by Court order. A Claim Form shall be deemed to be submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions in the Notice.

(b)     The Claim Form submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim Form, the Claims Administrator shall determine, based upon the Class definition and the Plan of Allocation of the Net Settlement Fund, whether such claim is valid, deficient or rejected, subject to the supervision of Lead Counsel and the approval of the Court. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d) As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

18. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any Person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of the Court.

19. None of the Defendants, nor any other Released Party, shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

20. Only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21. All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

22. As set forth in the Stipulation, notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Cost Fund (or, if depleted, the Settlement Fund), without further approval from Defendants or order of the Court, all reasonable Notice and Administration Costs actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing and paying the submitted claims, and the reasonable fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or to any other Person who paid any portion of the Settlement Fund.

23. Unless otherwise provided in the Stipulation or ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

24. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any Person or entity, the parties to the Stipulation shall be restored to their respective positions in the Action immediately before November 17, 2014, and, except as otherwise expressly provided, the parties

shall proceed in all respects as if the Stipulation and any related orders had not been entered, and the balance of the Settlement Fund and the Cost Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded as set forth in the Stipulation.

25. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement. *This order resolves DE #262.*

Dated:   New York, New York
         *February* 19, 2015

_____
LAURA TAYLOR SWAIN
United States District Judge