USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-27-2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE BEAR STEARNS MORTGAGE
PASS-THROUGH CERTIFICATES
LITIGATION

Case No. 1:08-cv-08093-LTS

**[AMENDED PROPOSED] ORDER AND FINAL JUDGMENT**

This matter came for hearing on May 27, 2015 (the "Final Approval Hearing"), on the application of the parties to determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the New Jersey Carpenters Health Fund ("Lead Plaintiffs"), and Plaintiffs Boilermaker Blacksmith National Pension Trust, Police and Fire Retirement System of the City of Detroit, the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employees Retirement System, Iowa Public Employees' Retirement System, and San Antonio Fire and Police Pension Fund (collectively, with Lead Plaintiffs, "Plaintiffs"), on behalf of the Class, and Defendants Bear, Stearns & Co. Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), EMC Mortgage Corporation (n/k/a EMC Mortgage LLC), Structured Asset Mortgage Investments II, Inc., Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, and Thomas F. Marano (collectively "Defendants"; with Plaintiffs, the "Settling Parties") in the above-captioned Action, and should be approved.

The Court having considered all matters submitted to it prior to and at the Final Approval Hearing and otherwise;

1

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby confirms certification of a Class of all Persons who: (i) prior to July 9, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BALTA 2006-5, BALTA 2006-6, BALTA 2006-7, BALTA 2006-8, BALTA 2007-1, BSARM 2006-4, BSARM 2007-1 (certificates backed by groups 1, 3 and 5 only), or BSARM 2007-3, and were damaged thereby; (ii) prior to August 20, 2008, purchased or otherwise acquired offered RMBS pursuant or traceable to offering BSMF 2006-AR1, and were damaged thereby; or (iii) prior to May 15, 2009, purchased or otherwise acquired offered RMBS pursuant or traceable to offerings BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2006-AR4, BSMF 2006-AR5, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, SAMI 2006-AR5, SAMI 2006-AR6, SAMI 2006-AR7, SAMI 2006-AR8, SAMI 2007-AR1 (certificates backed by group 1 only), or SAMI 2007-AR2 (certificates backed by group 1 only), and were damaged thereby. Excluded from the Class are: (1) Defendants and the other Released Parties and any entity in which any Defendant has or had a controlling interest, except that affiliates and entities in which a Defendant has or had a controlling interest, other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles), are excluded from the Class only to the

extent that such entities themselves had a proprietary (*i.e.,* for their own account) interest in the Certificates and not to the extent that they have held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Class; and (2) Persons that have separately asserted or pursued their claims against Defendants asserting claims arising from securities covered by the Class, including by filing individual actions or privately entering into confidential tolling agreements with Defendants, as such Persons are identified on Appendix 1 to the Stipulation, which shall be kept confidential by the Settling Parties and the Claims Administrator and redacted or filed under seal in any public filing. Also excluded from the Class are any Persons who excluded themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice, a list of which is contained in Exhibit 1 hereto.

    4.    With respect to the Class, this Court finds, solely for the purposes of this Settlement, that:

    (a) the Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable;

    (b) there are questions of law and fact common to the Class;

    (c) the claims by the Class Representatives are typical of the claims of the Class;

    (d) the Class Representatives and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members;

    (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5. Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7) as amended by the PSLRA, due process, and any other applicable law, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment (excluding those persons who are identified on Exhibit 1 hereto, who are no longer Members of the Class).

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class. This Court finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. The Court further finds that the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

9. The Complaint is hereby dismissed on the merits with prejudice as against the Released Parties and without costs except for the payments expressly provided for in the Stipulation.

10. Upon the Effective Date of the Settlement, Plaintiffs and all other Class Members, whether or not such Person submits a Proof of Claim Form, shall be deemed to have released, dismissed and forever discharged the respective Class Member's Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.

11. Upon the Effective Date of the Settlement, Defendants and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all the Released Parties' Claims against Plaintiffs, Plaintiffs' Counsel, and any other Class Member.

12. The facts and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, the Plan of Allocation methodology, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    (a) shall not be offered or received against Defendants, other Released Parties, Plaintiffs or the other Members of the Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Defendants or other Released Parties or by Plaintiffs or the other Members of the Class with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or other Released Parties;

    (b) shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Plaintiffs or any of the other Members of the Class as evidence of any infirmity in the claims of Plaintiffs and the other Members of the Class;

    (c) shall not be offered or received against the Released Parties, Plaintiffs or the other Members of the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other

6

reason as against any of the Settling Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if this Settlement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d) shall not be construed against the Released Parties, Plaintiffs' Counsel or Plaintiffs or the other Members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other Members of the Class or any of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

13. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, (a) over implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees and expenses; (e) enforcing and administering this Order and Final Judgment; (f) enforcing and administering the Stipulation, including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

14. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

15. A separate order shall be entered regarding the proposed Plan of Allocation. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of the Action and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before November 17, 2014; and (c) the balance of the Settlement Fund and Cost Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in the Stipulation.

17. Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: New York, New York
May 27, 2015

_____
LAURA TAYLOR SWAIN
United States District Judge

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____**

8

# Exhibit 1

| 1 | -Texas County and District Retirement System |
|---|---|
| 2 | -Ambac Assurance Corporation |
| 3 | -One William Street Capital Master Fund, Ltd.<br><br>-OWS ABS Fund I, LP<br><br>-OWS Credit Opportunity I, LLC<br><br>-OWS ABS Master Fund II, LP<br><br>-Innocap Fund SICAV p.l.c. in respect of Sherwood Sub Fund<br><br>-OWS COF I Master, LP |
| 4 | -San Diego County Employee Retirement Association |
| 5 | -The Baupost Group, L.L.C. |
| 6 | -Massachusetts Mutual Life Insurance Company |

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

DAVID R. STICKNEY
davids@blbglaw.com
(858) 720-3182

5/26    LF
updated
Amended
Proposed
Order &
Final Judgm[ent]

May 22, 2015

taking into
account
the
exclusion
request

**VIA ECF AND HAND DELIVERY**

Hon. Laura Taylor Swain
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re:   *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*
      Master File No. 08-cv-08093-LTS-KNF

Dear Judge Swain:

We write on behalf of the Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and New Jersey Carpenters Health Fund. We received an additional exclusion request since submitting Plaintiffs' Notice of Non-Opposition and Reply in Further Support of (1) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation of Settlement Proceeds; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 275).

Accordingly, earlier today we filed a Notice of Filing of Additional Request for Exclusion Under Seal, and emailed to the Orders and Judgment Clerk pursuant to ECF Rule 18.3 the Parties' agreed-upon form of [Amended Proposed] Order and Final Judgment.

Copies of the documents are enclosed for the Court's convenience.

Thank you for your attention.

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER            COHEN MILSTEIN SELLERS
& GROSSMANN LLP                      & TOLL PLLC

By: /s/ David R. Stickney            By: /s/ Daniel S. Sommers by DRS
    DAVID R. STICKNEY                    DANIEL S. SOMMERS

cc:   All Counsel of Record (via ECF)